Frances L. Kern
Colleen Robbins
Federal Trade Commission
600 Pennsylvania Ave, NW, CC-8543
Washington, DC 20580
(202) 326-2391; fkern@ftc.gov (Kern)
(202) 326-2548; crobbins@ftc.gov (Robbins)
(202) 326-3395 (Fax)

*Attorneys for Plaintiff Federal Trade Commission*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> THEFBAMACHINE INC., a corporation; <br><br> PASSIVE SCALING INC., a corporation; <br><br> SALES.SUPPORT NEW JERSEY INC., a corporation; <br><br> 1HR DELIVERIES INC., a corporation; <br><br> HOURLY RELIEF INC., a corporation; <br><br> 3PL LOGISTIC AUTOMATION INC., a corporation; <br><br> FBA SUPPORT NJ CORP., a corporation; <br><br> DAILY DISTRO LLC, a limited liability company; <br><br> CLOSTER GREEN CORP., doing business as WRAITH & CO., a corporation; <br><br> BRATISLAV ROZENFELD, also known as Steven Rozenfeld and Steven Rozen, individually and as an officer or owner of THEFBAMACHINE INC.; PASSIVE | CIVIL ACTION NO. <br><br> **PLAINTIFF FTC'S *EX PARTE* APPLICATION FOR AN ORDER TEMPORARILY SEALING THE DOCKET AND ENTIRE CASE FILE AND MEMORANDUM IN SUPPORT THEREOF** <br><br> **FILED UNDER SEAL** |

1

|  |  |
|---|---|
| SCALING INC.; SALES.SUPPORT NEW JERSEY INC.; 1HR DELIVERIES INC.; HOURLY RELIEF INC.; 3PL LOGISTIC AUTOMATION INC.; FBA SUPPORT NJ CORP.; DAILY DISTRO LLC; and CLOSTER GREEN CORP., doing business as WRAITH & CO., <br><br>  Defendants. |  |

Plaintiff, Federal Trade Commission ("FTC"), submits this *Ex Parte* Application for an Order Temporarily Sealing the Entire File and Docket in this civil action, including the Complaint, the FTC's Emergent *Ex Parte* Application for Temporary Restraining Order and Preliminary Injunction with Other Equitable Relief and memorandum in support ("TRO Motion"), and all other pleadings, motions, exhibits, and other papers and materials filed in support thereof, including this Application. The FTC requests that the seal remain in effect until it has served all Defendants, or until five (5) days following entry of a Temporary Restraining Order, whichever occurs earlier. The seal is necessary to prevent immediate and irreparable harm to the Court's ability to provide effective final relief in this matter. In support of this application, the FTC submits the following memorandum of points and authorities.

## MEMORANDUM

1. As alleged in the Complaint and described more fully in the TRO Motion and accompanying exhibits, Defendants have deceptively advertised, marketed, and sold business opportunities to the public since at least 2021. Defendants have lured consumers into investing in a "100% automated" Amazon or Walmart e-commerce store with false promises that it will generate significant passive income and become a "profit generating engine." Defendants also try to mitigate negative reviews by including non-disparagement clauses in form contracts with consumers. They then threaten to sue consumers when consumers file complaints online. Defendants have also predicated refunds on the removal of negative complaints.

2.  Consumers who agree to pay Defendants tens of thousands of dollars based on Defendants' deceptive marketing typically do not recoup their investment, let alone make the advertised income, and many are stranded with large credit card debt. Moreover, many consumers who paid Defendants to run online Amazon or Walmart stores for them discovered that those store accounts were blocked, suspended, or terminated by Amazon for repeatedly violating the platform's policies.

3.  Defendants' practices are unfair and deceptive, and violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" ("Business Opportunity Rule" or "Rule"), 16 C.F.R. Part 437, as amended; as well as the Consumer Review Fairness Act of 2016 ("CRFA"), 15 U.S.C. § 45b.

4.  As set forth in the certification of FTC counsel Frances L. Kern, made pursuant to Fed. R. Civ. P. 65(b)(1), there is good cause for an order temporarily sealing the entire file and docket in this case. The FTC requests this temporary seal for the same reason that it seeks a temporary restraining order pending a preliminary injunction hearing—to maintain the status quo and preserve the possibility of viable final relief. Defendants continue to persist in their deceptive scheme despite having at least seven lawsuits alleging fraud filed against them, being summoned to at least two arbitration proceedings, and facing a steady stream of consumer complaints directly from clients and through the Better Business Bureau.

5.  Moreover, throughout the course of their operation, Defendants have dissipated corporate assets on expensive cars, cryptocurrency, a $1.275 million luxury home, and travel, all while failing to deliver on their promises to consumers, including false promises of refunds.

6.  Defendants knowingly continued to make false or unsubstantiated earnings claims and market and sell their business opportunity services to consumers despite Amazon repeatedly suspending, blocking, and terminating the accounts of Defendants' customers for policy violations.

7. In connection with one lawsuit, the court issued a default judgment against Passive Scaling for failure to appear and ordered a monetary judgment that Passive Scaling has not paid. In the context of another lawsuit, Rozenfeld agreed to an order on behalf of Passive Scaling and then never paid the judgment. Defendants have also failed to appear for at least two arbitration proceedings. These actions evince Defendants' willingness to ignore their legal duties and run afoul of the law.

4. Temporarily sealing the entire file and docket, *ex parte*, will help ensure that Defendants do not receive premature notice of this action, either directly or through third parties. Entry of an *ex parte* order temporarily sealing the entire file and docket is consistent with the purpose of Fed. R. Civ. P. 65(b), which permits motions without notice to prevent "immediate and irreparable injury, loss or damage."

5. If Defendants become aware of the FTC's case before the FTC can serve the TRO on third parties that hold Defendants' assets or documents, such as financial institutions and payment processors, there is a substantial risk that Defendants might dissipate, conceal, or destroy assets or documents, frustrating the Court's ability to provide restitution to the victims of Defendants' unlawful scheme.

6. The public's interest in preserving the Court's ability to award monetary relief outweighs the public's interest in having access to the judicial records of this matter during the requested temporary seal period.

Accordingly, the FTC respectfully requests that the Court enter the accompanying proposed order to seal the entire case file and docket in this matter until the FTC has served all Defendants, or until five (5) days following entry of an order to seal the entire case file and docket, whichever occurs earlier.

Dated: 6/3/24

Respectfully submitted,

/s/ *signature*

Frances L. Kern
Colleen Robbins
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop CC-8528
Washington, DC 20580
(202)326-2391; fkern@ftc.gov
(202) 326-2548; crobbins@ftc.gov

*Attorneys for Plaintiff*
*Federal Trade Commission*

5