Frances L. Kern
Colleen Robbins
Federal Trade Commission
600 Pennsylvania Ave, NW, CC-8543
Washington, DC 20580
(202) 326-2391; fkern@ftc.gov (Kern)
(202) 326-2548; crobbins@ftc.gov (Robbins)
(202) 326-3395 (Fax)

*Attorneys for Plaintiff Federal Trade Commission*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THEFBAMACHINE INC. et al.,<br><br>Defendants. | CIVIL ACTION NO.<br><br>**PLAINTIFF FTC'S *EX PARTE* APPLICATION FOR LEAVE TO FILE MEMORANDUM OF LAW IN EXCESS OF THE 30-PAGE LIMITATION IMPOSED BY LOCAL RULE 7.2 AND MEMORANDUM IN SUPPORT THEREOF**<br><br>**FILED UNDER SEAL** |

Under Local Rule 7.2(d), Plaintiff, Federal Trade Commission ("FTC"), moves *ex parte* for an order permitting it to file a memorandum of law in excess of 30 pages in support of its Emergent *Ex Parte* Application for Temporary Restraining Order and Preliminary Injunction with Other Equitable Relief. The FTC's proposed memorandum is 47 pages, excluding indices and exhibits.

### MEMORANDUM OF POINTS AND AUTHORITIES

In support of this motion, the FTC states:

1. Local Rule 7.2(d) prohibits the filing of memoranda of points and authorities using 12-point proportional font that exceed 30 pages without leave of Court.

2. In connection with its eight-count Complaint, the FTC has moved for an *ex parte* temporary restraining order against Bratislav Rozenfeld aka Steven Rozenfeld and Steven Rozen and nine corporate defendants, who have operated a deceptive business opportunity scheme.

1

Defendants have bilked consumers across the country out of millions of dollars by using false or unsubstantiated earnings claims. Financial records show that Defendants have generated revenues of at least $11.1 million through their deceptive scheme.

3. Defendants are violating Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. They are also violating the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" ("Business Opportunity Rule" or "Rule"), 16 C.F.R. Part 437, as amended, and the Consumer Review Fairness Act of 2016 ("CRFA"), 15 U.S.C. § 45b.

4. The FTC has filed its Complaint and emergent *ex parte* application for a Temporary Restraining Order ("TRO") and other equitable relief to halt Defendants' illegal conduct and to provide relief to the consumers they have injured.

5. The FTC has made every effort to prepare a concise TRO memorandum. Nonetheless, more than 30 pages are necessary to present fully the material facts and governing law regarding Defendants' business opportunity scheme for the Court's consideration.

6. To explain Defendants' business practices, the FTC is submitting declarations from, *inter alia*, 18 injured consumers, as well as detailed declarations from two FTC investigators, one of whom made several undercover calls to Defendants in order to replicate consumers' experiences and another of whom analyzed Defendants' financial records. The proposed memorandum addresses these and other declarations and their accompanying exhibits, which include screenshots of Defendants' websites and advertisements, transcripts of undercover calls, and financial records, as well as contracts and correspondence between consumers and Defendants.

7. The FTC's Complaint alleges eight counts, two under Section 5 of the FTC Act, 15 U.S.C. § 45, five under the Business Opportunity Rule, 16 C.F.R. Part 437, as amended, and one under the Consumer Review Fairness Act, 15 U.S.C. § 45b. Each count is an independent basis of liability, and thus the FTC must explain in its memorandum the different elements and relevant facts and case law for each count.

8. Additionally, the proposed memorandum presents facts and arguments relevant not only to the legal merits of the Commission's case, but also to why the FTC is seeking *ex parte* preliminary injunctive relief, including a temporary receiver, an asset freeze, turnover of business records, and expedited discovery.

For the reasons stated above, the FTC respectfully requests that the Court issue the accompanying proposed order allowing it to file a memorandum in support of its motion for a temporary restraining order and preliminary injunction in excess of 30 pages.

Dated: 6/3/24

Respectfully submitted,

Frances L. Kern
Colleen Robbins
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop CC-8528
Washington, DC 20580
(202)326-2391; fkern@ftc.gov
(202) 326-2548; crobbins@ftc.gov

*Attorneys for Plaintiff*
*Federal Trade Commission*