Frances L. Kern
Colleen Robbins
Federal Trade Commission
600 Pennsylvania Ave, NW, CC-8543
Washington, DC 20580
(202) 326-2391; fkern@ftc.gov (Kern)
(202) 326-2548; crobbins@ftc.gov (Robbins)
(202) 326-3395 (Fax)

*Attorneys for Plaintiff Federal Trade Commission*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THEFBAMACHINE INC., a corporation;<br><br>PASSIVE SCALING INC., a corporation;<br><br>SALES.SUPPORT NEW JERSEY INC., a corporation;<br><br>1HR DELIVERIES INC., a corporation;<br><br>HOURLY RELIEF INC., a corporation;<br><br>3PL LOGISTIC AUTOMATION INC., a corporation;<br><br>FBA SUPPORT NJ CORP., a corporation;<br><br>DAILY DISTRO LLC, a limited liability company;<br><br>CLOSTER GREEN CORP., doing business as WRAITH & CO., a corporation; and<br><br>BRATISLAV ROZENFELD, also known as Steven Rozenfeld and Steven Rozen, individually and as an officer or owner of THEFBAMACHINE INC.; PASSIVE | CIVIL ACTION NO.<br><br>**EMERGENT *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION WITH OTHER EQUITABLE RELIEF**<br><br>**FILED UNDER SEAL** |

1

| |
|---|
| SCALING INC.; SALES.SUPPORT NEW JERSEY INC.; 1HR DELIVERIES INC.; HOURLY RELIEF INC.; 3PL LOGISTIC AUTOMATION INC.; FBA SUPPORT NJ CORP.; DAILY DISTRO LLC; and CLOSTER GREEN CORP., doing business as WRAITH & CO., |
| Defendants. |

Plaintiff, the Federal Trade Commission ("FTC"), having filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") in this matter pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57(b), respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65.1, for immediate entry of an *ex parte* temporary restraining order ("TRO") with other equitable relief, and thereafter, following notice and a hearing, a preliminary injunction against the defendants TheFBAMachine Inc. ("FBA Machine"), Passive Scaling Inc. ("Passive Scaling"), Sales.Support New Jersey Inc. ("Sales Support"), 1HR Deliveries Inc. ("1HR"), Hourly Relief Inc. ("Hourly Relief"), 3PL Logistic Automation Inc. ("3PL"), FBA Support NJ Corp. ("FBA Support NJ"), Daily Distro LLC ("Daily Distro"), Closter Green Corp., dba Wraith & Co. ("Wraith"), and Bratislav Rozenfeld aka Steven Rozenfeld and Steven Rozen ("Rozenfeld"). As described in greater detail in the FTC's Memorandum in Support of its Emergent *Ex Parte* Application for Temporary Restraining Order and Preliminary Injunction with Other Equitable Relief and its accompanying Exhibits, which are submitted in support of this motion and incorporated herein, the FTC brings this action to immediately stop the Corporate Defendants and Rozenfeld (collectively "Defendants") from engaging in deceptive and unfair practices that harm consumers across the nation in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" ("Business Opportunity Rule" or "Rule"), 16 C.F.R. Part 437, as amended; and the Consumer Review Fairness Act ("CRFA"), 15 U.S.C. § 45b. In further support of this motion, the FTC states as follows:

1. Through this motion, the FTC seeks to halt a business opportunity scheme that results in consumers across the country losing tens of thousands of dollars to set up Amazon or Walmart e-commerce stores that Defendants promise will generate substantial passive income. Consumer declarations, undercover calls, Amazon records, and Defendants' advertising show that Defendants have lured consumers into investing in a "100% automated" e-commerce store with promises that it will become a "profit generating engine." Consumers do not make the advertised income. Instead, they typically lose money and incur significant credit card debt. To make matters worse, Defendants try to mitigate negative reviews by including unlawful non-disparagement clauses in form contracts with consumers. They then threaten to sue consumers when consumers file complaints online. Defendants have also predicated refunds on the removal of negative complaints.

2. Entry of a TRO immediately halting Defendants' unlawful acts, appointing a temporary receiver for the Corporate Defendants, allowing the FTC access to Defendants' business premises, permitting expedited discovery, and freezing Defendants' assets is warranted. Such relief is necessary to stop Defendants' unlawful conduct and prevent the dissipation of assets and destruction of evidence.

3. *Ex parte* relief is warranted because it is likely that immediate and irreparable damage to this Court's ability to provide effective final relief for consumers in the form of monetary redress will result if notice of this Motion is provided to Defendants. Defendants have continued with their deceptive practices unabated despite at least seven lawsuits filed against them and notice of consumer complaints. Defendants have also defaulted on court-ordered monetary judgments and failed to appear for arbitration proceedings. The FTC respectfully requests that the Court grant an *ex parte* TRO and waive any requirement of notice to the Defendants until after Defendants' assets are frozen and they have been served with the requested TRO.

For the reasons stated above and in its Memorandum in support of this Application, the FTC respectfully requests that its application for emergency relief be granted and that the Court

issue an *ex parte* TRO, substantially in the form of the proposed TRO filed concurrently with this motion.

Dated: 6/3/24

Respectfully submitted,

/s/ Colleen Robbins

Frances L. Kern
Colleen Robbins
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop CC-8528
Washington, DC 20580
(202)326-2391; fkern@ftc.gov
(202) 326-2548; crobbins@ftc.gov

*Attorneys for Plaintiff*
*Federal Trade Commission*