Frances L. Kern
Colleen Robbins
Federal Trade Commission
600 Pennsylvania Ave, NW, CC-8543
Washington, DC 20580
(202) 326-2391; fkern@ftc.gov (Kern)
(202) 326-2548; crobbins@ftc.gov (Robbins)
(202) 326-3395 (Fax)

*Attorneys for Plaintiff Federal Trade Commission*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> THEFBAMACHINE INC. et al., <br><br> Defendants. | CIVIL ACTION NO. 24-6635 (JXN) (LDW) <br><br> **APPLICATION FOR PRELIMINARY INJUNCTION WITH OTHER EQUITABLE RELIEF AS TO AMANDA ROZENFELD** |

Plaintiff, the Federal Trade Commission ("FTC"), having filed its Amended Complaint for Permanent Injunction and Other Equitable Relief ("Amended Complaint") (Docket No. 27) in this matter pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57(b), which added Amanda Rozenfeld, also known as Amanda Peremen and Amanada Peremen ("Peremen"), as a defendant in the action, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 65, for entry of a preliminary injunction as to Peremen.

Submitted contemporaneously with this Application is Plaintiff's Unopposed Motion for Aligning Briefing Schedule and Hearing on Application for Preliminary Injunction with Other Equitable Relief as to Amanda Rozenfeld with Order Extending TRO and Adjourning Preliminary Injunction Hearing.

Plaintiff previously submitted its Emergent *Ex Parte* Application for Temporary Restraining Order, Preliminary Injunction, and Other Equitable Relief ("TRO Application")

(Docket No. 1-17) against defendants TheFBAMachine Inc. ("FBA Machine"), Passive Scaling Inc., Sales.Support New Jersey Inc., 1HR Deliveries Inc., Hourly Relief Inc., 3PL Logistic Automation Inc., FBA Support NJ Corp, Daily Distro LLC ("Daily Distro"), Closter Green Corp., dba Wraith & Co., and Bratislav Rozenfeld aka Steven Rozenfeld and Steven Rozen ("Rozenfeld") (collectively, "Initial Defendants"). On June 3, 2024, the Court issued a temporary restraining order ("TRO") (Docket No. 5) against Initial Defendants. The TRO ordered, among other things, an asset freeze, appointment of a temporary receiver ("Receiver"), and immediate access to Initial Defendants' business records and business premises by the Receiver and Plaintiff. (*Id.*) It also set the hearing on Plaintiff's request for a preliminary injunction ("PI Hearing") for June 17, 2024. (*Id.*)

On June 13, counsel for Plaintiff, Initial Defendants, and the Receiver jointly requested that the Court extend the TRO and adjourn the PI Hearing until July 30, or as soon thereafter as they may be heard. (Docket No. 19-1.) The Court issued an order the following day extending the TRO and setting the PI Hearing for July 30 at 11:30 a.m. (Docket No. 22.) The order also set a briefing schedule in advance of the PI Hearing, with Initial Defendants' response due by July 15 and Plaintiff's reply due by July 23. (*Id.*) Under the order, Initial Defendants must also notify the Court and counsel by July 15 if they intend to introduce live testimony at the PI Hearing. (*Id.*)

Plaintiff did not initially name Peremen as an individual defendant in the Complaint (Docket No. 1). Although Plaintiff's investigation uncovered evidence of her authority to control, participation in, and knowledge of Defendants' deceptive scheme up until the demise of Passive Scaling, Plaintiff did not have evidence of her involvement with the latest iteration, FBA Machine. After he was served with the TRO, Rozenfeld told the Receiver that Peremen is currently an employee of corporate defendant Daily Distro, one of the myriad companies facilitating the FBA Machine scheme. Plaintiff subsequently amended its complaint, pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), to add Peremen as a defendant. (Docket No. 27.)

2

Plaintiff now seeks to include Peremen in its request for a preliminary injunction against Initial Defendants (collectively with Peremen, "Defendants").

As described in greater detail in the FTC's Memorandum in Support of Its Application for Preliminary Injunction with Other Equitable Relief as to Amanda Rozenfeld and its accompanying Exhibits, which are submitted in support of this application and incorporated herein, along with Plaintiff's Memorandum in Support of Its TRO Application (Docket No. 1-17) and its accompanying Exhibits (Docket Nos. 1-22–1-45), the FTC brings this action to immediately stop Defendants, including Peremen, from engaging in deceptive and unfair practices that harm consumers across the nation in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" ("Business Opportunity Rule" or "Rule"), 16 C.F.R. Part 437, as amended; and the Consumer Review Fairness Act ("CRFA"), 15 U.S.C. § 45b. In further support of this motion, the FTC states as follows:

1. Through this motion, the FTC seeks to halt Peremen's involvement in a business opportunity scheme that results in consumers across the country losing tens of thousands of dollars to set up Amazon or Walmart e-commerce stores that Defendants promise will generate substantial passive income. Consumer declarations, undercover calls, Amazon records, and Defendants' advertising show that Defendants have lured consumers into investing in a "100% automated" e-commerce store with promises that it will become a "profit generating engine." Consumers do not make the advertised income. Instead, they typically lose money and incur significant credit card debt. To make matters worse, Defendants try to mitigate negative reviews by including unlawful non-disparagement clauses in form contracts with consumers. They then threaten to sue consumers when consumers file complaints online. Defendants have also predicated refunds on the removal of negative complaints.

2. Entry of a preliminary injunction halting Peremen's unlawful acts (in addition to halting Initial Defendants' unlawful acts), appointing a receiver for the Corporate Defendants, permitting expedited discovery, and freezing Defendants' assets is warranted. Such relief is

necessary to stop Defendants' unlawful conduct and prevent the dissipation of assets and destruction of evidence.

For the reasons stated above and in its Memorandum in support of this Application, the FTC respectfully requests that the Court issue a preliminary injunction against Peremen (in addition to the Initial Defendants).

Respectfully submitted,

Dated: June 28, 2024

/s/ Frances L. Kern
Frances L. Kern
Colleen Robbins
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop CC-8528
Washington, DC 20580
(202)326-2391; fkern@ftc.gov
(202) 326-2548; crobbins@ftc.gov

*Attorneys for Plaintiff*
*Federal Trade Commission*