## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> THEFBAMACHINE INC. et al., <br><br> Defendants. | CIVIL ACTION NO. 24-06635 (JXN) (LDW) <br><br> **[Proposed] PRELIMINARY INJUNCTION AS TO AMANDA ROZENFELD** |

On June 3, 2024, Plaintiff, the Federal Trade Commission ("FTC"), filed its Complaint for Permanent Injunction, Monetary Judgment, and Other Equitable Relief (Docket No. 1) pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b; the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" ("Business Opportunity Rule"), 16 C.F.R. Part 437, as amended; and the Consumer Review Fairness Act of 2016 ("CRFA"), 15 U.S.C. § 45b, and moved, pursuant to Fed. R. Civ. P. 65(b), for a temporary restraining order, asset freeze, other equitable relief, and an order to show cause why a preliminary injunction should not issue against TheFBAMachine Inc.; Passive Scaling Inc.; Sales.Support New Jersey Inc.; 1HR Deliveries Inc.; Hourly Relief Inc.; 3PL Logistic Automation Inc.; FBA Support NJ Corp.; Daily Distro LLC; Closter Green Corp., doing business as Wraith & Co. (collectively, "Corporate Defendants"); and Bratislav Rozenfeld, also known as Steven Rozenfeld and Steven Rozen ("Individual Defendant Rozenfeld") (Docket No. 1-16–1-17).

On June 3, 2024, after an *ex parte* hearing, the Court issued an *ex parte* Temporary Restraining Order against Corporate Defendants and Individual Defendant Rozenfeld that includes an asset freeze, appointment of a temporary receiver over the Receivership Entities (as

defined below), and other equitable relief. (Docket No. 5.) Corporate Defendants and Individual Defendant Rozenfeld have been properly served with a summons, the Complaint, and the Temporary Restraining Order. Subsequently, the FTC, Corporate Defendants, and Individual Defendant Rozenfeld stipulated to a preliminary injunction, and the Court entered the parties' stipulation on August 7, 2024 (Docket No. 53).

On June 14, 2024, the FTC filed an Amended Complaint (Docket No. 27) adding Amanda Rozenfeld ("Individual Defendant Peremen"; collectively with Corporate Defendants and Individual Defendant Rozenfeld, "Defendants") to the Complaint described above. Individual Defendant Peremen waived service of the Amended Complaint (Docket No. 50).

On June 28, the FTC filed its Application for Preliminary Injunction and Other Equitable Relief as to Amanda Rozenfeld (Docket No. 34). Individual Defendant Peremen filed her response on August 12, 2024 (Docket No. 55), and the FTC filed its reply on August 19, 2024 (Docket No. 57).

## FINDINGS OF FACT

A.    This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

B.    The FTC has sufficiently demonstrated that Defendants, including Individual Defendant Peremen, have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); the Business Opportunity Rule; and the CRFA, and that the FTC is therefore likely to prevail on the merits of this action. As demonstrated by declarations from former clients, investigator declarations, and the additional evidence contained in the FTC's voluminous exhibits, the FTC has established a likelihood of success in showing

that Defendants, in numerous instances, have made material false or unsubstantiated statements, and engaged in other deceptive acts or practices to entice consumers to purchase Defendants' products and services.

C.    The FTC has sufficiently demonstrated that immediate and irreparable harm will result from Corporate Defendants' and Individual Defendants' ongoing violations of the FTC Act, the Business Opportunity Rule, and the CRFA unless Defendants continue to be restrained and enjoined by order of this Court.

D.    The FTC has sufficiently demonstrated that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers–including monetary restitution, rescission, or refunds–will occur from the sale, transfer, destruction, or other disposition or concealment by Corporate Defendants or Individual Defendants of their assets or records, unless Defendants continue to be restrained and enjoined by order of this Court.

E.    Good cause exists for the Court to order an asset freeze over the assets of Individual Defendant Peremen up to $15.9 million and the ancillary relief described below.

F.    Weighing the equities and considering the FTC's likelihood of ultimate success on the merits, a preliminary injunction with an asset freeze and other equitable relief is in the public interest.

G.    This Court has authority to issue this Order pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b; Fed. R. Civ. P. 65; and the All Writs Act, 28 U.S.C. § 1651.

H.    No security is required of any agency of the United States for issuance of a preliminary injunction order. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.      "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B.      "**Corporate Defendants**" means TheFBAMachine Inc.; Passive Scaling Inc.; Sales.Support New Jersey Inc.; 1HR Deliveries Inc.; Hourly Relief Inc.; 3PL Logistic Automation Inc.; FBA Support NJ Corp.; Daily Distro LLC; and Closter Green Corp., doing business as Wraith & Co.; and each of their subsidiaries, affiliates, successors, and assigns.

C.      "**Defendants**" means the Corporate Defendants; Individual Defendant Bratislav Rozenfeld, also known as Steven Rozenfeld and Steven Rozen; and Individual Defendant Amanda Rozenfeld, also known as Amanda Peremen and Amanada Peremen, individually, collectively, or in any combination.

D.      "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Fed. R. Civ. P. 34(a) and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after

translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

E.    "**Earnings Claim(s)**" means any oral, written, or visual representation to a prospective purchaser that conveys, expressly or by implication, a specific level or range of actual or potential sales, or gross or net income or profits. Earnings Claims include, but are not limited to: (1) any chart, table, or mathematical calculation that demonstrates possible results based upon a combination of variables; and (2) any statements from which a prospective purchaser can reasonably infer that he or she will earn a minimum level of income.

F.    "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

G.    "**General Media**" means any instrumentality through which a person may communicate with the public, including, but not limited to, television, radio, print, Internet, billboard, website, commercial bulk email, and mobile communications.

H.    "**Individual Defendant**" means Amanda Rozenfeld, also known as Amanda Peremen and Amananda Peremen.

I.    "**Receiver**" means Anthony Sodono, III.

J.    "**Receivership Entities**" means Corporate Defendants as well as any other entity that has conducted any business related to the marketing and sale of Defendants' products and services, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

**ORDER**

## I.  PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Individual Defendant; Individual Defendant's officers, agents, employees, and attorneys; and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are preliminarily restrained and enjoined from:

A.      Making any Earnings Claims to a prospective purchaser, unless the Earnings Claim is non-misleading and, at the time the Earnings Claims is made, Individual Defendant (1) has a reasonable basis for the claim; (2) has in her possession written materials that substantiate the claimed earnings; and (3) makes the written substantiation for Earnings Claims available upon request to the consumer, potential purchaser or investor, the Receiver, and the FTC;

B.      Making any Earnings Claims in the General Media, unless the Earnings Claim is non-misleading and, at the time the Earnings Claim is made, Individual Defendant (1) has a reasonable basis for the claim; (2) has in her possession written materials that substantiate the claimed earnings; and (3) states in immediate conjunction with the claim (a) the beginning and ending dates when the represented earnings were achieved and (b) the number and percentage of all persons who purchased Defendants' products or services prior to the ending date in Section I.B.3.a who achieved at least the stated level of earnings;

C.      Disseminating any industry financial, earnings, or performance information, unless Defendants have written substantiation demonstrating that the information reflects, or does not exceed, the typical or ordinary financial, earnings, or performance experience of purchasers of Defendants' products or services;

6

D.      Failing to provide any consumer, potential purchaser, or investor with disclosure documents in the form and manner required by 16 C.F.R. §§ 437.2 - 437.4;

E.      Misrepresenting or assisting others in misrepresenting, expressly or by implication, that Defendants' products or services:

> 1.  Will allow purchasers to earn a specific level or range of actual or potential sales, or gross or net income or profits, revenues, financial gains, percentage gains, or return on investment with little to no effort on their part; and
>
> 2.  Will use artificial intelligence to maximize revenues;

F.      Misrepresenting or assisting others in misrepresenting, expressly or by implication, any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics; and

G.      Prohibiting or restricting any consumer, potential purchaser, or investor from communicating reviews, performance assessments, and similar analyses about Defendants' products or services, or the conduct of Defendants; or that impose a penalty or fee against any consumer, potential purchaser, or investor who engages in such communications.

## II.      PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Individual Defendant; Individual Defendants' officers, agents, employees, and attorneys; and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A.      Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social

Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B.      Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

Provided, however, that Individual Defendant may disclose such identifying information to a law enforcement agency; to their attorneys as required for their defense; as required by any law, regulation, or court order; or in any filings, pleadings, or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

### III.      ASSET FREEZE

**IT IS FURTHER ORDERED** that Individual Defendant and her officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets, up to a total of $15.9 million, that are:

1.      owned or controlled, directly or indirectly, by Individual Defendant, including but not limited to certain real property owned or controlled, directly or indirectly by Individual Defendant or Bratislav Rozenfeld in Pompano Beach, Florida;

2.      held, in part or in whole, for the benefit of Individual Defendant;

3.      in the actual or constructive possession of Individual Defendant; or

4.      owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by Individual Defendant.

B.      Opening or causing to be opened any safe deposit boxes, commercial mailboxes, or storage facilities titled in the name of Individual Defendant, or subject to access by Individual Defendant, except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order;

C.      Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager. This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor; or

D.      Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

The Assets affected by this Section shall include: (1) all Assets of Individual Defendant as of the time this Order is entered; and (2) Assets obtained by Individual Defendant after this Order is entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order. This Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this Order.

## IV.    DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or otherwise) that:

(a) has held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of Individual Defendant or any Asset that has been owned or controlled, directly or indirectly, by Individual Defendant; held, in part or in whole, for the benefit of Individual Defendant; in the actual or constructive possession of Individual Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by Individual Defendant;

(b) has held, controlled, or maintained custody, through an account or otherwise, of any Document or Asset associated with credits, debits, or charges made on behalf of Individual Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities; or

(c) has extended credit to Individual Defendant, including through a credit card account, shall:

A.    Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets, except by further order of this Court; provided, however,

that this provision does not prohibit Individual Defendant from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit;

B.      Deny any person, except the Receiver, access to any safe deposit box, commercial mailbox, or storage facility that is titled in the name of Individual Defendant, either individually or jointly, or otherwise subject to access by Individual Defendant;

C.      Provide Plaintiff's counsel and the Receiver, within three (3) days of receiving a copy of this Order, a sworn statement setting forth, for each Asset or account covered by this Section:

      1.      The identification number of each such account or Asset;

      2.      The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

      3.      The identification of any safe deposit box, commercial mailbox, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any; and

D.      Upon the request of Plaintiff's counsel or the Receiver, promptly provide Plaintiff's counsel and the Receiver with copies of all records or other Documents pertaining to any account or Asset covered by this Section, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and

credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mailboxes, and storage facilities.

Provided, however, that this Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this order.

## V.    FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that Individual Defendant, within five (5) days of service of this Order upon her, shall prepare and deliver to Plaintiff's counsel:

A.    completed financial statement on the form attached to this Order as **Attachment A** (Financial Statement of Individual Defendant), and

B.    completed **Attachment B** (IRS Form 4506, Request for Copy of a Tax Return).

## VI.    FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that, within five (5) days following the service of this Order, Individual Defendant shall:

A.    Provide Plaintiff's counsel with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of the United States which are: (1) titled in the name, individually or jointly, of Individual Defendant; (2) held by any person or entity for the benefit of Individual Defendant, or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by Individual Defendant; or (3) under the direct or indirect control, whether jointly or singly, of Individual Defendant;

B.    Take all steps necessary to provide Plaintiff's counsel access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to Release of Financial Records appended to this Order as **Attachment C**;

C.      Transfer to the territory of the United States all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of Individual Defendant; (2) held by any person or entity for the benefit of Individual Defendant, or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by Individual Defendant; or (3) under the direct or indirect control, whether jointly or singly, of Individual Defendant; and

D.      The same business day as any repatriation, (1) notify the Receiver and counsel for Plaintiff of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## VII.    NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Individual Defendant; Individual Defendant's officers, agents, employees, and attorneys; and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A.      Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that Individual Defendant's Assets have been fully repatriated pursuant to this Order; or

B.      Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to

a court order, until such time that Individual Defendant's Assets have been fully repatriated pursuant to this Order.

## VIII.    CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning Individual Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## IX.    PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Individual Defendant; Individual Defendant's officers, agents, employees, and attorneys; and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A.    Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

B.    Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Individual Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

## X.    REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Individual Defendant; Individual Defendant's officers, agents, employees, and attorneys; and all other persons in active concert or participation

with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XI.    TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Individual Defendant and any other person with possession, custody, or control of property of, or records relating to, the Receivership Entities shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A.    All Assets held by or for the benefit of the Receivership Entities;

B.    All Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

C.    All Documents of or pertaining to the Receivership Entities;

D.    All computers, electronic devices, mobile devices, and machines used to conduct the business of the Receivership Entities;

E.      All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities; and

F.      All keys, codes, user names, and passwords necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

## XII.    PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Individual Defendant shall immediately provide to the Receiver:

A.      A list of all Documents pertaining to the Receivership Entities' Earnings Claims and other representations related to the marketing, advertising, promotion, offer for sale, or sale of Defendants' products and services, including any such Documents belonging to other persons or entities whose interests are under the direction, custody, or control, or in the possession, of the Receivership Entities;

B.      A list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any person or entity other than a Receivership Entity;

C.      A list of all agents, employees, officers, attorneys, servants, and those persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

16

D.    A description of any Documents covered by attorney-client privilege or attorney work product, including files where such Documents are likely to be located, authors or recipients of such Documents, and search terms likely to identify such electronic Documents.

## XIII.   COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Individual Defendant and her officers, agents, employees, and attorneys; all other persons in active concert or participation with any of them; and any other person with possession, custody, or control of property of or records relating to the Receivership Entities who receive actual notice of this Order shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names, and passwords required to access any computers, electronic devices, mobile devices, and machines (onsite or remotely) and any cloud account (including specific method to access account) or electronic file in any medium; advising all persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

## XIV.   NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Individual Defendant and her officers, agents, employees, and attorneys; and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and any other person served with a copy of this Order, are hereby restrained and enjoined from directly or indirectly:

A.    Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B.      Transacting any of the business of the Receivership Entities;

C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

D.      Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XV.    DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Individual Defendant shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of Individual Defendant, and shall, within ten (10) days from the date of entry of this Order, provide Plaintiff and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Individual Defendant shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XVI.   EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of the Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 33, 34, and 45, Plaintiff and the Receiver are granted leave, at any time after service of this Order, to conduct limited expedited discovery for the purpose of discovering: (1) the nature, location, status, and

extent of Individual Defendant's Assets; and (2) compliance with this Order. The limited

expedited discovery set forth in this Section shall proceed as follows:

A. Plaintiff and the Receiver may take the deposition of parties and non-parties. Forty-eight (48) hours' notice shall be sufficient notice for such depositions. The limitations and conditions set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) of the Federal Rules of Civil Procedure regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A), and depositions may be taken by telephone or other remote electronic means;

B. Plaintiff and the Receiver may serve upon parties requests for production of Documents or inspection that require production or inspection within five (5) days of service, provided, however, that three (3) days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format;

C. Plaintiff and the Receiver may serve upon parties interrogatories that require response within five (5) days after Plaintiff serves such interrogatories;

D. Plaintiff and the Receiver may serve subpoenas upon non-parties that direct production or inspection within five (5) days of service;

E. Service of discovery upon a party to this action, taken pursuant to this Section, shall be sufficient if made by facsimile, email, or by overnight delivery;

F. Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court. The expedited discovery permitted by this Section does not require a

meeting or conference of the parties, pursuant to Rules 26(d) and (f) of the Federal Rules of Civil Procedure.

## XVII.  SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, email, or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server, upon Individual Defendant, or any person (including any financial institution) that may have possession, custody, or control of any Asset or Document of Individual Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure. For purposes of this Section, service upon any branch, subsidiary, affiliate, or office of any entity shall effect service upon the entire entity.

## XVIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED, this _____ day of _____, 2024, at _____.m.


_____
The Honorable Julian X. Neals
UNITED STATES DISTRICT JUDGE

**FEDERAL TRADE COMMISSION**

**FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT**

**Definitions and Instructions:**

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") in the first field only of any item that does not apply to you. If you cannot fully answer a question, explain why.

2. "Dependents" include your spouse, live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3. "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

4. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5. Type or print legibly.

6. Initial each page in the space provided in the lower right corner.

7. Sign and date the completed financial statement on the last page.

**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or devise a material fact; makes any materially false, fictitious or fraudulent statement or representation; or makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any ( . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

**Attachment A**

## BACKGROUND INFORMATION

### Item 1.  Information About You

| Full Name | Social Security No. | |
|---|---|---|

| Current Address of Primary Residence | Driver's License No. | State Issued |
|---|---|---|

| | Phone Numbers Home: (    ) Fax: (    ) | Date of Birth:        /    / (mm/dd/yyyy) |
|---|---|---|
| | | Place of Birth |

| ☐Rent ☐Own        From (Date):      /    / (mm/dd/yyyy) | E-Mail Address |
|---|---|

Internet Home Page

**Previous Addresses for past five years** (if required, use additional pages at end of form)

| Address | From:      /    /        Until:      /    / (mm/dd/yyyy)        (mm/dd/yyyy) ☐Rent  ☐Own |
|---|---|
| Address | From:      /    /        Until:      /    / ☐Rent  ☐Own |
| Address | From:      /    /        Until:      /    / ☐Rent  ☐Own |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

### Item 2.  Information About Your Spouse or Live-In Companion

| Spouse/Companion's Name | Social Security No. | Date of Birth      /    / (mm/dd/yyyy) |
|---|---|---|
| Address (if different from yours) | Phone Number (    ) | Place of Birth |
| | ☐Rent  ☐Own        From (Date):      /    / (mm/dd/yyyy) | |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

| Employer's Name and Address | Job Title | |
|---|---|---|
| | Years in Present Job | Annual Gross Salary/Wages $ |

### Item 3.  Information About Your Previous Spouse

| Name and Address | Social Security No. |
|---|---|
| | Date of Birth      /    / (mm/dd/yyyy) |

### Item 4.  Contact Information (name and address of closest living relative other than your spouse)

| Name and Address | Phone Number (    ) |
|---|---|

Initials: _____

**Attachment A**

**Item 5. Information About Dependents** (whether or not they reside with you)

| Name and Address | Social Security No.<br>/    / | Date of Birth<br>/    /<br>(mm/dd/yyyy) |
|---|---|---|
| | Relationship | |
| Name and Address | Social Security No.<br>/    / | Date of Birth<br>/    /<br>(mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No.<br>/    / | Date of Birth<br>/    /<br>(mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No.<br>/    / | Date of Birth<br>/    /<br>(mm/dd/yyyy) |
| | Relationship | |

**Item 6. Employment Information/Employment Income**

Provide the following information for this year-to-date and for each of the previous five full years, for each business entity of which you were a director, officer, member, partner, employee (including self-employment), agent, owner, shareholder, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, distributions, draws, consulting fees, loans, loan payments, dividends, royalties, and benefits for which you did not pay (*e.g.*, health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
|---|---|---|---|---|
| | From (Month/Year)<br>/ | To (Month/Year)<br>/ | Year<br><br>20 | Income<br><br>$<br>$ |
| Ownership Interest? ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
| | From (Month/Year)<br>/ | To (Month/Year)<br>/ | Year<br><br>20 | Income<br><br>$<br>$ |
| Ownership Interest? ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
| | From (Month/Year)<br>/ | To (Month/Year)<br>/ | Year<br><br>20 | Income<br><br>$<br>$ |
| Ownership Interest? ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |

Initials: _____

**Attachment A**

## Item 7.  Pending Lawsuits Filed By or Against You or Your Spouse

List all pending lawsuits that have been filed by or against you or your spouse in any court or before an administrative agency in the United States or in any foreign country or territory.  *Note:  At Item 12, list lawsuits that resulted in final judgments or settlements in your favor.  At Item 21, list lawsuits that resulted in final judgments or settlements against you.*

| Caption of Proceeding | Court or Agency and Location | Case No. | Nature of Proceeding | Relief Requested | Status or Disposition |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

## Item 8.  Safe Deposit Boxes

List all safe deposit boxes, located within the United States or in any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents.

| Name of Owner(s) | Name & Address of Depository Institution | Box No. | Contents |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Initials: _____

**Attachment A**

## FINANCIAL INFORMATION

**REMINDER:** When an item asks for information regarding your "assets" and "liabilities" include <u>ALL</u> assets and liabilities, located within the United States or in any foreign country or territory, or institution, whether held individually or jointly, and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. In addition, provide all documents requested in Item 24 with your completed Financial Statement.

## ASSETS

### Item 9.  Cash, Bank, and Money Market Accounts

List cash on hand (as opposed to cash in bank accounts or other financial accounts) and all bank accounts, money market accounts, or other financial accounts, including but not limited to checking accounts, savings accounts, and certificates of deposit.  The term "cash on hand" includes but is not limited to cash in the form of currency, uncashed checks, and money orders.

| a.  Amount of Cash on Hand  $ | | Form of Cash on Hand | |
|---|---|---|---|
| b.  Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

### Item 10.  Publicly Traded Securities

List all publicly traded securities, including but not limited to, stocks, stock options, corporate bonds, mutual funds, U.S. government securities (including but not limited to treasury bills and treasury notes), and state and municipal bonds.  Also list any U.S. savings bonds.

| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
|---|---|---|---|---|
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |

Initials: _____

## Attachment A

## Item 11.  Non-Public Business and Financial Interests

List all non-public business and financial interests, including but not limited to any interest in a non-public corporation, subchapter-S corporation, limited liability corporation ("LLC"), general or limited partnership, joint venture, sole proprietorship, international business corporation or personal investment corporation, and oil or mineral lease.

| Entity's Name & Address | Type of Business or Financial Interest (e.g., LLC, partnership) | Owner (e.g., self, spouse) | Ownership % | If Officer, Director, Member or Partner, Exact Title |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## Item 12.  Amounts Owed to You, Your Spouse, or Your Dependents

| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|---|---|---|---|
| | Current Amount Owed $ | Payment Schedule $ | |
| Debtor's Telephone | Debtor's Relationship to You | | |
| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
| | Current Amount Owed $ | Payment Schedule $ | |
| Debtor's Telephone | Debtor's Relationship to You | | |

## Item 13.  Life Insurance Policies

List all life insurance policies (including endowment policies) with any cash surrender value.

| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|---|---|---|---|
| | Insured | Loans Against Policy $ | Surrender Value $ |
| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
| | Insured | Loans Against Policy $ | Surrender Value $ |

## Item 14.  Deferred Income Arrangements

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, other retirement accounts, and college savings plans (e.g., 529 Plans).

| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. |
|---|---|---|---|
| | Date Established / / (mm/dd/yyyy) | Type of Plan | Surrender Value before Taxes and Penalties $ |
| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. |
| | Date Established / / | Type of Plan | Surrender Value before Taxes and Penalties $ |

Initials: _____

**Attachment A**

## Item 15.  Pending Insurance Payments or Inheritances
List any pending insurance payments or inheritances owed to you.

| Type | Amount Expected | Date Expected  (mm/dd/yyyy) |
|------|-----------------|------------------------------|
|  | $ | /   / |
|  | $ | /   / |
|  | $ | /   / |

## Item 16.  Vehicles
List all cars, trucks, motorcycles, boats, airplanes, and other vehicles.

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

## Item 17.  Other Personal Property
List all other personal property not listed in Items 9-16 by category, whether held for personal use, investment or any other reason, including but not limited to coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property.

| Property  Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

Initials: _____

**Attachment A**

## Item 18.  Real Property
List all real property interests (including any land contract)

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages |
|---|---|---|
| | | |

| Acquisition Date (mm/dd/yyyy) / / | Purchase Price $ | Current Value $ | Basis of Valuation |
|---|---|---|---|

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract $ |
|---|---|---|
| | | Monthly Payment $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit |
|---|---|---|
| | Current Balance $ | Monthly Rent Received $ |

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages |
|---|---|---|
| | | |

| Acquisition Date (mm/dd/yyyy) / / | Purchase Price $ | Current Value $ | Basis of Valuation |
|---|---|---|---|

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract $ |
|---|---|---|
| | | Monthly Payment $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit |
|---|---|---|
| | Current Balance $ | Monthly Rent Received $ |

## LIABILITIES

## Item 19.  Credit Cards
List each credit card account held by you, your spouse, or your dependents, and any other credit cards that you, your spouse, or your dependents use, whether issued by a United States or foreign financial institution.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

## Item 20.  Taxes Payable
List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependents.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

Initials: _____

**Item 21.  Other Amounts Owed by You, Your Spouse, or Your Dependents**
List all other amounts, not listed elsewhere in this financial statement, owed by you, your spouse, or your dependents.

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
|---|---|---|---|
| | Lender/Creditor's Relationship to You | | |

| Date Liability Was Incurred<br>    /    /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | Payment Schedule |
|---|---|---|---|

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
|---|---|---|---|
| | Lender/Creditor's Relationship to You | | |

| Date Liability Was Incurred<br>    /    /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | Payment Schedule |
|---|---|---|---|

## OTHER FINANCIAL INFORMATION

**Item 22.  Trusts and Escrows**
List all funds and other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents.  Include any legal retainers being held on your behalf by legal counsel.  Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.

| Trustee or Escrow Agent's Name & Address | Date Established (mm/dd/yyyy) | Grantor | Beneficiaries | Present Market Value of Assets* |
|---|---|---|---|---|
| |    /    / | | | $ |
| |    /    / | | | $ |
| |    /    / | | | $ |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

**Item 23.  Transfers of Assets**
List each person or entity to whom you have transferred, in the aggregate, more than $5,000 in funds or other assets during the previous five years by loan, gift, sale, or other transfer (exclude ordinary and necessary living and business expenses paid to unrelated third parties).  For each such person or entity, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value* | Transfer Date (mm/dd/yyyy) | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ |    /    / | |
| | | $ |    /    / | |
| | | $ |    /    / | |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

Initials: _____

**Attachment A**

## Item 24.  Document Requests
Provide copies of the following documents with your completed Financial Statement.

| | |
|---|---|
| | Federal tax returns filed during the last three years by or on behalf of you, your spouse, or your dependents. |
| | All applications for bank loans or other extensions of credit (other than credit cards) that you, your spouse, or your dependents have submitted within the last two years, including by obtaining copies from lenders if necessary. |
| Item 9 | For each bank account listed in Item 9, all account statements for the past 3 years. |
| Item 11 | For each business entity listed in Item 11, provide (including by causing to be generated from accounting records) the most recent balance sheet, tax return, annual income statement, the most recent year-to-date income statement, and all general ledger files from account records. |
| Item 17 | All appraisals that have been prepared for any property listed in Item 17, including appraisals done for insurance purposes.  You may exclude any category of property where the total appraised value of all property in that category is less than $2,000. |
| Item 18 | All appraisals that have been prepared for real property listed in Item 18. |
| Item 21 | Documentation for all debts listed in Item 21. |
| Item 22 | All executed documents for any trust or escrow listed in Item 22.  Also provide any appraisals, including insurance appraisals that have been done for any assets held by any such trust or in any such escrow. |

## SUMMARY FINANCIAL SCHEDULES

## Item 25.  Combined Balance Sheet for You, Your Spouse, and Your Dependents

| Assets | | Liabilities | |
|---|---|---|---|
| Cash on Hand (Item 9) | $ | Loans Against Publicly Traded Securities (Item 10) | $ |
| Funds Held in Financial Institutions (Item 9) | $ | Vehicles - Liens (Item 16) | $ |
| U.S. Government Securities (Item 10) | $ | Real Property – Encumbrances (Item 18) | $ |
| Publicly Traded Securities (Item 10) | $ | Credit Cards (Item 19) | $ |
| Non-Public Business and Financial Interests (Item 11) | $ | Taxes Payable (Item 20) | $ |
| Amounts Owed to You (Item 12) | $ | Amounts Owed by You (Item 21) | $ |
| Life Insurance Policies (Item 13) | $ | **Other Liabilities (Itemize)** | |
| Deferred Income Arrangements (Item 14) | $ | | $ |
| Vehicles (Item 16) | $ | | $ |
| Other Personal Property (Item 17) | $ | | $ |
| Real Property (Item 18) | $ | | $ |
| **Other Assets (Itemize)** | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **Total Assets** | $ | **Total Liabilities** | $ |

## Item 26.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents
Provide the current monthly income and expenses for you, your spouse, and your dependents.  Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| Income (State source of each item) | | Expenses | |
|---|---|---|---|
| Salary - After Taxes<br>Source: | $ | Mortgage or Rental Payments for Residence(s) | $ |
| Fees, Commissions, and Royalties<br>Source: | $ | Property Taxes for Residence(s) | $ |
| Interest<br>Source: | $ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $ |
| Dividends and Capital Gains<br>Source: | $ | Car or Other Vehicle Lease or Loan Payments | $ |
| Gross Rental Income<br>Source: | $ | Food Expenses | $ |
| Profits from Sole Proprietorships<br>Source: | $ | Clothing Expenses | $ |
| Distributions from Partnerships, S-Corporations, and LLCs<br>Source: | $ | Utilities | $ |

Initials: _____

**Attachment A**

**Item 26.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents (cont.)**

| | | | |
|---|---|---|---|
| Distributions from Trusts and Estates<br>Source: | $ | Medical Expenses, Including Insurance | $ |
| Distributions from Deferred Income Arrangements<br>Source: | $ | Other Insurance Premiums | $ |
| Social Security Payments | $ | Other Transportation Expenses | $ |
| Alimony/Child Support Received | $ | **Other Expenses (Itemize)** | |
| Gambling Income | $ | | $ |
| **Other Income (Itemize)** | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **Total Income** | $ | Total Expenses | $ |

## ATTACHMENTS

**Item 27.  Documents Attached to this Financial Statement**
List all documents that are being submitted with this financial statement.  For any Item 24 documents that are not attached, explain why.

| Item No. Document Relates To | Description of Document |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Executed on:

_____
(Date)

_____
Signature

## Attachment A

Form **4506**
(January 2024)

Department of the Treasury
Internal Revenue Service

# Request for Copy of Tax Return

▶ Do not sign this form unless all applicable lines have been completed.

▶ Request may be rejected if the form is incomplete or illegible.

▶ For more information about Form 4506, visit *www.irs.gov/form4506*.

OMB No. 1545-0429

**Tip: Get faster service:** Online at www.irs.gov, **Get Your Tax Record** (Get Transcript) or by calling **1-800-908-9946** for specialized assistance. We have teams available to assist. **Note:** Taxpayers may register to use Get Transcript to view, print, or download the following transcript types: **Tax Return Transcript** (shows most line items including Adjusted Gross Income (AGI) from your original Form 1040-series tax return as filed, along with any forms and schedules), **Tax Account Transcript** (shows basic data such as return type, marital status, AGI, taxable income and all payment types), **Record of Account Transcript** (combines the tax return and tax account transcripts into one complete transcript), **Wage and Income Transcript** (shows data from information returns we receive such as Forms W-2, 1099, 1098 and Form 5498), and **Verification of Non-filing Letter** (provides proof that the IRS has no record of a filed Form 1040-series tax return for the year you request).

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3**  Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions).

**4**  Previous address shown on the last return filed if different from line 3 (see instructions).

**5**  If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

**Caution:** If the tax return is being sent to the third party, ensure that lines 5 through 7 are completed before signing. (see instructions).

**6**  **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506.  ▶ _____

**Note:** If the copies must be certified for court or administrative proceedings, check here  .  .  .  .  .  .  .  .  .  .  .  .  ☐

**7**  **Year or period requested.** Enter the ending date of the tax year or period using the mm/dd/yyyy format (see instructions).

_____ / _____ / _____          _____ / _____ / _____          _____ / _____ / _____          _____ / _____ / _____

_____ / _____ / _____          _____ / _____ / _____          _____ / _____ / _____          _____ / _____ / _____

**8**  **Fee.** There is a $30 fee for each return requested. **Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN, ITIN, or EIN and "Form 4506 request" on your check or money order**

| | | |
|---|---|---|
| **a**  Cost for each return  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  . | **$** | **30.00** |
| **b**  Number of returns requested on line 7  .  .  .  .  .  .  .  .  .  .  . | | |
| **c**  Total cost. Multiply line 8a by line 8b  .  .  .  .  .  .  .  .  .  .  . | **$** | |

**9**  If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here  .  .  .  .  .  ☐

**Caution:** Do not sign this form unless all applicable lines have been complete

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☐  **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506. See instructions**

Phone number of taxpayer on line 1a or 2a

**Sign Here**

▶ **Signature** (see instructions)                          Date

Print/Type name                                             Title (if line 1a above is a corporation, partnership, estate, or trust)

▶ **Spouse's signature**                                    Date

Print/Type name

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**          Cat. No. 41721E          Form **4506** (Rev. 1-2024)

Form 4506 (Rev. 1-2024)                                                                                                                Page **2**

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506 and its instructions, go to *www.irs.gov/form4506*.

## General Instructions

**Caution:** Do not sign this form unless all applicable lines, *including lines 5 through 7*, have been completed.

**Designated Recipient Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information received pursuant to the taxpayer's consent and holds the recipient subject to penalties for any unauthorized access, other use, or redisclosure without the taxpayer's express permission or request.

**Taxpayer Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information provided pursuant to your consent and holds the recipient subject to penalties, brought by private right of action, for any unauthorized access, other use, or redisclosure without your express permission or request.

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate (on line 5) a third party to receive the tax return.

**How long will it take?** It may take up to 75 calendar days for us to process your request.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year or period and the chart below shows two different addresses, send your request based on the address of your most recent return.

## Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to: |
| --- | --- |
| Alabama, Arkansas, Florida, Georgia, Louisiana, Mississippi, North Carolina, Oklahoma, South Carolina, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Delaware, Illinois, Indiana, Iowa, Kentucky, Maine, Massachusetts, Minnesota, Missouri, New Hampshire, New Jersey, New York, Vermont, Virginia, Wisconsin | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |
| Alaska, Arizona, California, Colorado, Connecticut, District of Columbia, Hawaii, Idaho, Kansas, Maryland, Michigan, Montana, Nebraska, Nevada, New Mexico, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, South Dakota, Utah, Washington, West Virginia, Wyoming | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

## Chart for all other returns

| For returns not in Form 1040 series, if the address on the return was in: | Mail to: |
| --- | --- |
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

## Specific Instructions

**Line 1b.** Enter the social security number (SSN) or individual taxpayer identification number (ITIN) for the individual listed on line 1a, or enter the employer identification number (EIN) for the business listed on line 1a. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, please include it on this line 3.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note.** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address, or Form 8822-B,Change of Address or Responsible Party — Business, with Form 4506.

**Line 7.** Enter the end date of the tax year or period requested in mm/dd/yyyy format. This may be a calendar year, fiscal year or quarter. Enter each quarter requested for quarterly returns. Example: Enter 12/31/2018 for a calendar year 2018 Form 1040 return, or 03/31/2017 for a first quarter Form 941 return.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. The IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines, *including lines 5 through 7*, are completed before signing.



*You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

**Individuals.** Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506 but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5a. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. If you request a copy of a tax return, sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224.

Do not send the form to this address. Instead, see *Where to file* on this page.

**Attachment B**

## CONSENT TO RELEASE FINANCIAL RECORDS

I, _____ of _____, (City, State), do hereby direct any bank, saving and loan association, credit union, depository institution, finance company, commercial lending company, credit card processor, credit card processing entity, automated clearing house, network transaction processor, bank debit processing entity, brokerage house, escrow agent, money market or mutual fund, title company, commodity trading company, trustee, or person that holds, controls, or maintains custody of assets, wherever located, that are owned or controlled by me or at which there is an account of any kind upon which I am authorized to draw, and its officers, employees, and agents, to disclose all information and deliver copies of all documents of every nature in its possession or control which relate to the said accounts to any attorney of the Federal Trade Commission, and to give evidence relevant thereto, in the matter of [            ], now pending in the United States District Court of [            ], and this shall be irrevocable authority for so doing.

This direction is intended to apply to the laws of countries other than the United States of America which restrict or prohibit disclosure of bank or other financial information without the consent of the holder of the account, and shall be construed as consent with respect hereto, and the same shall apply to any of the accounts for which I may be a relevant principal.

Dated:_____    Signature:_____

Printed Name:_____

**Attachment C**