

**Mark M. Makhail**
Partner

T. 973-639-2092
F. 973-206-3794

mmakhail@mccarter.com

McCarter & English, LLP

Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056

www.mccarter.com

August 20, 2024

**VIA ECF**

The Honorable Julien Xavier Neals, U.S.D.J.
United States District Court
Frank R. Lautenberg U.S. P.O. & Courthouse
2 Federal Square
Newark, NJ 07102

  Re: <u>Federal Trade Commission v. TheFBAMachine Inc., et al.</u>
     <u>Docket No. 24-cv-6635</u>

Dear Judge Neals:

This firm represents Amanda Rozenfeld ("A. Rozenfeld") in the above referenced action. Preliminarily, we write to advise that A. Rozenfeld does not object to Federal Trade Commission ("FTC")'s adjournment request for a preliminary injunction hearing as to A. Rozenfeld. (*See* ECF No. 57).

In light of FTC's reply brief to A. Rozenfeld's brief in opposition to FTC's application for a preliminary injunction against her, A. Rozenfeld respectfully requests leave of this Court to file a short sur-reply of no more than seven pages responding to that reply brief. A sur-reply is necessary because FTC expanded the record from the initial preliminary injunction application and relied on evidence that A. Rozenfeld was not aware of at the time she submitted her opposition brief. (*See* ECF No. 58).

Indeed, FTC itself admits that its reply contains "additional evidence that corroborates its position." (*Id.* at 1). For example, this additional evidence includes assertions that A. Rozenfeld became aware of the asset freeze as early of June 6, 2024. (*Id.* at 2). Similarly, FTC points to the fact that A. Rozenfeld followed and liked certain social media accounts maintained by her husband. (*Id.*).

The above are just two of many leaps of faith FTC asks the Court to take that warrant response from A. Rozenfeld. And the context in which FTC asks for such bold conclusions to be reached is relevant. To be clear, this is a preliminary injunction application where FTC seeks to freeze assets—**<u>an extraordinary remedy</u>**—of an innocent bystander who has already stated in a sworn affidavit that she has absolutely zero knowledge or involvement in any fraudulent activity.

For the foregoing reasons, A. Rozenfeld respectfully requests the opportunity to submit a short (7 pages, double spaced) sur-reply to address the various errors contained in FTC's reply. If the request is acceptable to the Court, we respectfully request that Your Honor endorse this letter "So Ordered" and have it entered on the Court's docket.

Respectfully,

/s/ *Mark M. Makhail*
Mark M. Makhail

cc: All counsel (via ECF)

**SO ORDERED**

                                                Hon. Julien Xavier Neals, U.S.D.J.