**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800
Anthony Sodono, III (asodono@msbnj.com)
Michele M. Dudas (mdudas@msbnj.com)
Sari B. Placona, (splacona@msbnj.com)
*Attorneys for Anthony Sodono, III, Temporary Receiver*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THEFBAMACHINE, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 24-6635 (JXN)(LDW)<br><br>**Return Date:  October 7, 2024** |

**TEMPORARY RECEIVER'S APPLICATION IN SUPPORT OF MOTION TO APPROVE AND AUTHORIZE PAYMENT OF FEES AND EXPENSES THROUGH JULY 31, 2024, TO: (I) McMANIMON, SCOTLAND & BAUMANN, LLC, COUNSEL TO TEMPORARY RECEIVER; AND (II) EISNER ADVISORY GROUP LLC, ACCOUNTANTS TO TEMPORARY RECEIVER**

TO:   HONORABLE JULIEN XAVIER NEALS
　　　UNITED STATES DISTRICT COURT JUDGE

Anthony Sodono, III, Court-Appointed Temporary Receiver ("Temporary Receiver") for TheFBAMachine, Inc. ("FBA"); Passive Scaling Inc. ("Passive"); Sales.Support New Jersey Inc. ("Sales.Support"); 1HR Deliveries Inc. ("1HR"); Hourly Relief Inc.("Hourly"); 3PL Logistic Automation Inc. ("3PL"); FBA Support NJ Corp. ("FBA Support"), Daily Distro, LLC ("Daily Distro"), Closter Green Corp. d/b/a Wraith & Co. ("Wraith") (where appropriate, FBA, Passive, Sales.Support, 1HR, Hourly, 3PL, FBA Support, Daily Distro, and Wraith will be collectively referred to as the "Receivership Entities"), and Bratislav Rozenfeld a/k/a Steven Rozenfeld a/k/a Steven Rozen, individually and as an officer or owner of the Receivership Entities,

or any of them ("Rozenfeld") (where appropriate, the Receivership Entities and Rozenfeld will be collectively referred to as the "Defendants"), respectfully submits this application to approve and authorize payment of fees and expenses through July 31, 2024, to: (i) McManimon, Scotland & Baumann, LLC,  Counsel to Temporary Receiver ("MS&B"); and (ii) Eisner Advisory Group LLC ("Eisner"), as accountants to Temporary Receiver. In support thereof, the Temporary Receiver states:

## INTRODUCTION

1. The Temporary Receiver was responsible for a wide variety of tasks in furtherance of his responsibilities under the Order Granting Plaintiff's Motion for an *Ex Parte* Temporary Restraining Order with Asset Freeze (the "TRO"), Appointment of a Temporary Receiver, and Other Equitable Relief and Order to Show Cause Why a Preliminary Injunction Should Not Issue entered on June 3, 2024, as Document 5, by the Honorable Julien Xavier Neals, U.S. District Court Judge. These tasks are fully set forth in the Report of Anthony Sodono, III, Temporary Receiver, Pursuant to Civ. Rule 66.1, *et seq.*, dated July 28, 2024, (the "Report"), and filed as Document 44.

2. In the course of attending to his tasks, the Temporary Receiver retained: (1) MS&B as primary counsel, and (2) Eisner as accountants. The retention of professionals was necessary to address and make certain the assets under the Temporary Receiver's control were secured and not subject to a diminution in value.

3. This case is in its earliest stages and presents legal and practical issues that are complex and complicated. The Temporary Receiver and his counsel and accountants have had to address a plethora of difficult issues. The Temporary Receiver has established an infrastructure with his IT team and his counsel.

4. As Temporary Receiver's counsel, MS&B performed a wide variety of legal services in connection with this matter including, but not limited to, the following:

      a. Advised the Temporary Receiver with respect to his powers and duties;

      b. assisted the Temporary Receiver to conserve, hold, and manage receivership assets and perform acts necessary or advisable to preserve the value of those assets in order to prevent any irreparable loss, damage, or injury to consumers including, but not limited to, obtaining an accounting of the assets and preventing the transfer, withdrawal, or misapplication of assets;

      c. traveled to and visited multiple locations around New Jersey with Receiver and Plaintiff to meet with Defendants' employees and inspect/explore premises;

      d. reviewed Plaintiff's initial moving papers including complaint and supporting exhibits (47);

      e. attended and participated in court hearings;

      f. multiple daily communications with Plaintiff and counsel to Defendants (the "Parties");

      g. conferred with Plaintiff and Temporary Receiver in connection with pending proceedings and litigations in various states and jurisdictions;

      h. conferred with Temporary Receiver in connection with access and control of accounts and websites maintained by the Defendants;

      i. attended and participated in multiple calls with the former and current employees, customers, and their counsel regarding the TRO, discovery, and information;

      j. communicated with Plaintiff regarding insurance, accessing accounts, financials, websites, general operations, and continuation of business;

      k. communicated with the Temporary Receiver in connection with regulatory and other proceedings pending in Florida and New Jersey;

      l. communicated with GoDaddy in connection with Defendants' websites;

      m. coordinated with IT personnel regarding Defendants' websites and establishing website for Temporary Receiver;

      n. communicated with Temporary Receiver and Amazon in connection with shutting down website, TRO support, and account information;

  o. reviewed multiple court filings including, but not limited to, extensions of the TRO, certification and entry of Receiver's bond, Plaintiff's amended complaint, and motion to lift temporary seal;

  p. reviewed and monitored former and current employee and customer complaints;

  q. regularly communicated with Defendants' customers regarding complaints, claims, and order fulfillment;

  r. communicated with Defendants' employees and coordinated services for continued operation at the North Bergen warehouse to fulfill orders and empty warehouse;

  s. communicated with Defendants' landlords;

  t. communicated with banks and financial institutions regarding levies, release, and Temporary Receiver EIN number and access;

  u. addressed Defendants' violations of the TRO and drafted and subpoenas;

  v. prepared and filed Temporary Receiver's Report;

  w. drafted application for fees of counsel and accountants; and

  x. performed such other legal services for the Temporary Receiver as necessary and appropriate.

5. As Temporary Receiver's accountants, Eisner performed a wide variety of financial and accounting services in connection with this matter during the Fee Period including, but not limited to, the following:

  a. Reviewed available financial records; if necessary, located and retrieved most important documents and relocate to a storage facility;

  b. assisted the Temporary Receiver with preservation of accounting systems, IT records, and related data;

  c. updated internal financial records;

  d. assisted Temporary Receiver in forensic review of Receivership Defendants' records including a review for potential preferences and/or fraudulent conveyances;

  e. created list with Temporary Receiver regarding additional information and documents needed to conduct analysis;

      f.      assisted Temporary Receiver in other tax matters as requested; and

      g.      performed other services as requested by the Temporary Receiver.

## **RELEVANT BACKGROUND**

6. On June 3, 2024 (the "Commencement Date"), the Federal Trade Commission ("FTC") filed its Complaint for Permanent Injunction, Monetary Judgment, and Other Equitable Relief against the Defendants. Defendants are alleged to have made false or unsubstantiated earnings claims, violated multiple trade regulation rule provisions in the selling of Defendant' Products, and used threats and non-disparagement clauses to discourage purchasers from publishing truthful reviews about Defendants and their products or services in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" ("Business Opportunity Rule" or "Rule"), 16 C.F.R. Part 437, as amended; and the Consumer Review Fairness Act ("CRFA"), 15 U.S.C. § 45b.

7. On June 3, 2024, the Court entered the TRO to preserve the status quo, protect the customers of THEFBAMACHINE and all other defendants, and enable the FTC to fulfill duties under the Act and the Regulations. Among other things, the TRO "restrained and enjoined" Defendants from making any earnings claims to prospective purchasers, and in the general media and failing to provide any consumer, potential purchaser, or investor with disclosure documents [Document 5].

8. By order dated June 18, 2024, the Temporary Receiver was authorized to employ MS&B as his counsel and Eisner as his accountants. [Document 26]

**RELIEF REQUESTED**

9. By this application, the Temporary Receiver respectfully seeks an order of this Court, pursuant to L. Civ. R. 54.2, allowing interim fees and expense for the Fee Period as follows:

    a. MS&B the sum of $148,624.00[1] for compensation for services rendered during the Fee Period and the sum of $2,915.26 for reimbursement of expenses incurred during the Fee Period, for a total award of $151,539.26; and

    b. Eisner the sum of $26,374.80[2] for compensation for services rendered during the Fee Period.

10. All services performed and expenses incurred by MS&B and Eisner for which compensation and reimbursement are requested were performed or incurred for and on behalf of the within estate, were necessary, and were beneficial to the within estate. See Certifications of Sari B. Placona, Esq., and Anthony Calascibetta, CPA, filed in support of the Motion.

**WHEREFORE**, the Temporary Receiver respectfully requests this Court enter an order allowing and authorizing:

    a. The payment to MS&B the sum of $148,624.00 for compensation for services rendered during the Fee Period and the sum of $2,915.26 for reimbursement of expenses incurred during the Fee Period, for a total award of $151,539.26 during the Fee Period; and

    b. the payment to Eisner the sum of $26,374.80 for compensation for services rendered during the Fee.

Respectfully submitted,

Dated: August 27, 2024                          */s/ Anthony Sodono, III*
                                                       Anthony Sodono, III
                                                       Temporary Receiver for
                                                       THEFBAMACHINE et al.

---

[1] MS&B has voluntarily reduced its hourly rates by twenty percent (20%), for a total reduction in fees of at least $35,000 (exclusive of other "write-offs").

[2] Eisner has voluntarily reduced its hourly rates by twenty percent (20%), for a total reduction of at least $6,593.70 (exclusive of other "write-offs").

4858-3746-9908, v. 1