Frances L. Kern
Colleen Robbins
Federal Trade Commission
600 Pennsylvania Ave, NW, CC-8543
Washington, DC 20580
(202) 326-2391; fkern@ftc.gov (Kern)
(202) 326-2548; crobbins@ftc.gov (Robbins)
(202) 326-3395 (Fax)

*Attorneys for Plaintiff Federal Trade Commission*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br>    Plaintiff, <br><br> v. <br><br> THEFBAMACHINE INC. et al., <br><br>    Defendants. | CIVIL ACTION NO. 24-6635 (JXN) (LDW) <br><br> **WITHDRAWAL OF APPLICATION FOR PRELIMINARY INJUNCTION WITH OTHER EQUITABLE RELIEF AS TO AMANDA ROZENFELD** |

Plaintiff, the Federal Trade Commission ("FTC"), having filed its Application for Preliminary Injunction with Other Equitable Relief as to Amanda Rozenfeld ("Peremen") (Docket No. 34) ("PI Application"), hereby respectfully withdraws that application.

On June 14, 2024, Plaintiff amended its complaint to name Peremen as a defendant in this action. (Docket No. 27.) During Plaintiff's pre-filing investigation of defendants TheFBAMachine Inc. ("FBA Machine"), Passive Scaling Inc. ("Passive Scaling"), Sales.Support New Jersey Inc., 1HR Deliveries Inc., Hourly Relief Inc., 3PL Logistic Automation Inc., FBA Support NJ Corp, Daily Distro LLC ("Daily Distro"), Closter Green Corp., dba Wraith & Co. (collectively, "Corporate Defendants"), and Bratislav Rozenfeld aka Steven Rozenfeld and Steven Rozen ("Rozenfeld"), it uncovered evidence of Peremen's participation in and knowledge of the deceptive scheme of Corporate Defendants and Rozenfeld up until the demise of Passive Scaling, but Plaintiff did not have evidence of her involvement with the latest iteration, FBA Machine. During the immediate access that followed the Court's June 3, 2024 issuance of the

temporary restraining order against Corporate Defendants and Rozenfeld (Docket No. 5), Rozenfeld told the Receiver that Peremen received an annual salary as an employee of Daily Distro (R. of Anthony Sodono, III at 13 (Docket No. 44)). In light of this information, Plaintiff amended its complaint (Docket No. 27) and filed its PI Application with respect to Peremen (Docket No. 34).

In her response to the PI Application, Peremen averred that she did not participate in or have knowledge of Corporate Defendants' and Rozenfeld's business practices. (Aff. of Amanda Rozenfeld in Supp. of Opp'n to Pl.'s Appl. for Prelim. Inj. ¶¶ 3–13 (Docket 56-2).) She swore that, although she received compensation from Daily Distro, she did not perform services in connection with that compensation; instead, she understood that the funds were proceeds from the business to use for family purchases. (*Id.* ¶¶ 10–11.) In sum, her defense was that someone had used her name and signature to perpetrate the fraud without her knowledge or involvement.

After reviewing Peremen's response, Plaintiff identified additional documents that, on their face, suggested Permen's participation in and knowledge of the illegal scheme, and Plaintiff filed that evidence with its reply on August 19. (Reply Mem. of Law (Docket No. 58).) On September 9, Plaintiff interviewed Peremen for several hours with her counsel present about the allegations in the Amended Complaint. Based on the information Peremen provided during that interview and evidence already in the record, Plaintiff does not believe that a preliminary injunction against Peremen is appropriate.

Plaintiff recognizes that its withdrawal of the PI Application impacts the continued litigation of this matter with respect to Peremen. Given the uncontroverted evidence on the record that Peremen received payments from Daily Distro that she did not earn, Plaintiff believes the evidence shows Peremen should be named as a relief defendant rather than an individual defendant. Counsel for Plaintiff is in the process of obtaining permission to file an amended complaint and will seek leave to amend the complaint as soon as practicable.

In addition, Plaintiff's withdrawal of the PI Application renders moot the hearing scheduled for Wednesday, September 18 *only* with respect to the PI Application. Plaintiff

respectfully requests that the Court maintain the hearing scheduled for September 18 at 11:00 a.m. with respect to the Order to Show Cause Why Defendant Bratislav Rozenfeld and All Corporate Defendants Should Not Be Held in Contempt of Court (Docket No. 66).

For the above-stated reasons, the FTC respectfully withdraws its PI Application as to Peremen.

Respectfully submitted,

Dated: September 11, 2024

/s/ Frances L. Kern
Frances L. Kern
Colleen Robbins
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop CC-8528
Washington, DC 20580
(202)326-2391; fkern@ftc.gov
(202) 326-2548; crobbins@ftc.gov

*Attorneys for Plaintiff
Federal Trade Commission*