UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____X   Docket No: 24-6635 (JXN) (LDW)
FEDERAL TRADE COMMISSION

                Plaintiffs,

                                        **AFFIRMATION IN OPPOSITION**

      vs.

THE FBA MACHINE INC., a corporation;
PASSIVE SCALING INC., a corporation;
SALES.SUPPORT NEW JERSEY INC., a corporation;
1 HR DELIVERIES INC., a corporation;
HOURLY RELIEF INC., a corporation;
3PL LOGISTIC AUTOMATION INC, a corporation;
FBA SUPPORT NJ CORP. a corporation;
DAILY DISTRO LLC, a limited liability company;
CLOSTER GREEN CORP., doing business as
WRAITH & CO., a corporation; and
BRATISLAV ROZENFELD, also known
As Steven Rozenfeld and Steven Rozen,
Individually and as an officer or owner of
THE FBA MACHINE INC., PASSIVE SCALING INC.,
SALES.SUPPORT NEW JERSEY INC.;
1 HR DELIVERIES INC.,
HOURLY RELIEF INC.,
3PL LOGISTIC AUTOMATION INC,
FBA SUPPORT NJ CORP.
DAILY DISTRO LLC,
CLOSTER GREEN CORP., doing business as
WRAITH & CO., a corporation

                Defendants
_____X

      Mikhail Usher, Esq., an attorney duly admitted to practice law before the Courts of the

State of New Jersey, hereby affirms the truth of the following under the penalties of perjury:

1. I am the attorney for the Defendant Steven Rozenfeld and the Corporate Defendants in the above-entitled action and as such, I have personal knowledge of the facts of this action and the proceedings herein.

2. I submit this affirmation in opposition to Plaintiff's Order to Show Cause.

3. Mr. Rozenfeld has complied with the receiver and made an effort to turn over control over his companies.

4. Mr. Rozenfeld and the Corporate Defendants did business via cloud based systems including Google, Whatsapp and QuickBooks.

5. Mr. Rozenfeld would use these computer services for communications. While he disputes using his phone for business purposes, he has provided it to avoid litigating the issue.

6. After providing access, Mr. Rozenfeld has since been locked out of the system.

7. These applications were used for communications and to keep track of finances.

8. Mr. Rozenfeld would prefer to resolve this case as quickly as possible and as such has made efforts to provide the requested information including tax records and financial statements.

9. Furthermore, he stipulated to the preliminary injunction in the hopes of facilitating the process.

10. There are several issues herein.

11. First Mr. Rozenfeld does not have access to all of the necessary information.

12. Second, the bookkeeper who worked for Mr. Rozenfeld has since moved on as a result of the TRO.

13. The Receiver provided the QuickBooks information on August 16, 2024.

14. As such Mr. Rozenfeld recently retained the services of a new bookkeeper to help him put together the needed information.

15. Attached as composite Exhibit 1 to this application are Mr. Rozenfeld's communications with his accountant (Kevin), new bookkeeper (Nadeem) and prior bookkeeper (Eric).

16. Mr. Rozenfeld retained Nadeem to reconcile the accounts from all the Corporate Defendants.

17. According to Mr. Rozenfeld, the production by the receiver does not include QuickBooks data from all of the Corporate Defendants.

18. He needs the information to be able to provide accurate financial documents to Plaintiff.

19. As the FTC has access to the Corporate Defendants' cloud based records, they have all of the records that were kept by the Defendants in the course of their business.

20. Mr. Rozenfeld has not filed taxes since 2020 nor has he filed taxes for the Corporate Defendants.

21. Defendants should not be punished for not producing documents that do not exist. *Ross-Tiggett v. Reed Smith, LLP*, No. 15-8083 (JBS/AMD), 2018 U.S. Dist. LEXIS 248412, at *13 (D.N.J. Mar. 29, 2018) Citing *Barbine v. Keystone Quality Transp*, No. 03-3246, 2004 U.S. Dist. LEXIS 11840, 2004 WL 1472791, at *2 (E.D. Pa. June 7, 2004) (noting the court "cannot compel" a party "to turn over what does not exist"); *Amfosakyi v. Frito Lay*, No. 11-651, 2011 U.S. Dist. LEXIS 140926, 2011 WL 6099567, at *4 (M.D. Pa. Dec. 7, 2011) ("[i]t is clear that the court cannot compel the production of things that do not exist").

22. Pursuant to his Affidavit, Defendants do not have foreign assets. He has signed two declarations stating to that effect and has provided it to the FTC.

23. Defendant would like to put together the records for the Plaintiff so that the matter may move forward, however he needs access to the relevant information to be able to do so.

24. This Court should allow Defendants more time to put together the records once they have properly received the necessary information from the Receiver.

25. It is respectfully requested that Plaintiff's motion be denied in its entirety and that Defendants be given more time to put together financial records.

Dated: September 17, 2024  
       Brooklyn, NY

Respectfully submitted,

_/s/Mikhail Usher_  
Mikhail Usher, Esq.  
**Usher Law Group, P.C.**  
1022 Avenue P 2nd Floor  
Brooklyn, New York 11223  
Ph: (718) 484-7510  
Fx: (718) 865-8566  
musheresq@gmail.com