

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, DC 20580

Bureau of Consumer Protection
Division of Marketing Practices

Frances L. Kern
(202) 326-2395
(202) 326-3395 (fax)
fkern@ftc.gov

October 22, 2024

**VIA CM/ECF**

The Honorable Leda Dunn Wettre
United States Magistrate Judge
District of New Jersey
MLK Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re:   *Federal Trade Commission v. TheFBAMachine Inc. et al.*,
      No. 2:24-cv-6635 (JXN) (LDW) (D.N.J.)

Dear Judge Wettre:

      Plaintiff, Federal Trade Commission ("FTC'), respectfully requests that the Court relieve it of the requirement in the Court's September 23 Order (Docket No. 80) that counsel attending the initial scheduling conference set for November 7, 2024, have settlement authority.

      The Order directs that the parties "must be represented by counsel who shall have full authority to bind their clients in all pretrial matters" and "shall have settlement authority" at the initial scheduling conference. (Docket No. 80 at 2.) The Order further directs that "[c]lients or persons with authority over the matter shall be available by telephone." (*Id.*)

      The FTC is an independent agency of the United States created by statute, 15 U.S.C. §§ 41–58, and headed by up to five presidentially appointed, bipartisan Commissioners, *id.* § 41. Significant FTC actions, including agreeing to settle litigated matters, may only be taken by the affirmative concurrence of a majority of participating Commissioners. 16 C.F.R. § 4.14(c). Although the President has given the Commission "authority to delegate, by published order or rule, any of its functions" to individual Commissioners, staff, or groups of staff, 26 Fed. Reg. 6091, 6091 (July 10, 1961), the Commission has *not* delegated full and binding authority to settle litigation.

      Further, as a federal agency headed by a multi-member body, the FTC is subject to federal open meetings laws. *See* 5 U.S.C. § 552b. The Commissioners may not meet or otherwise conduct business without observing the requirements of these laws. *See id.* Because the FTC operates in this unique area of federal law, it cannot produce representatives with settlement authority.

      FTC counsel on this matter, Colleen Robbins and I, are authorized to negotiate settlements, reduce such settlements to writing, and accept signed settlements from defendants wishing to settle. Counsel will attend the initial scheduling conference and, should the conference involve settlement discussions, form negotiation positions and accept settlement proposals with an informed understanding of what the Commission is likely to approve. In addition, the Assistant and/or

Page 2

Associate Director of the Division of Marketing Practices of the FTC's Bureau of Consumer Protection will be available for phone consultation, if counsel need additional input on whether the Commission is likely to approve specific settlement terms. (These officials supervise FTC counsel on this matter but do not have any greater authority to bind the Commission to a settlement agreement.)

If a settlement is reached, FTC counsel will forward it to the Director of the Bureau of Consumer Protection for review and approval. If approved by the Bureau Director, the Commissioners will vote on the settlement. This process may take several weeks. If a settlement is reached, the settling parties will jointly move the Court to stay the case as to any settling defendants or relief defendant pending FTC review and approval.

The Director of the Bureau of Consumer Protection and the Commission usually give great weight to settlement recommendations made by their staff, and counsel will only accept and advance settlements that they expect to win approval. Moreover, counsel commit to advocating in favor of any settlements reached in the scheduling conference, though we cannot make a guarantee of ultimate approval.

Plaintiff's counsel has conferred with counsel for defendants and relief defendant, and they do not object to this request.

Accordingly, to the extent the Court's order setting forth the attendance requirements for the initial scheduling conference conflicts with the foregoing, Plaintiff respectfully requests an order permitting a modest exception. If the request is acceptable to the Court, Plaintiff respectfully requests that Your Honor endorse this letter "So Ordered" and have it entered on the Court's docket.

Sincerely,

Frances L. Kern
Attorney

cc: counsel of record (via CM/ECF)

SO ORDERED

_____
Hon. Leda D. Wettre, U.S. Magistrate Judge