October 25, 2024

**VIA CM/ECF**

The Honorable Julien Xavier Neals
United States District Judge
District of New Jersey
MLK Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re:   *Federal Trade Commission v. TheFBAMachine Inc. et al.*,
      Civ. No. 24-06635 (JXN) (LDW)

Dear Judge Neals,

      In accordance with the Court's September 18, 2024 order (Docket No. 79), the parties hereby submit this joint status letter to advise the Court regarding Defendants' compliance with the Temporary Restraining Order ("TRO") (ECF No. 5) and Stipulated Preliminary Injunction ("PI") (ECF No. 54) issued by this Court.

### Plaintiff's Position

### Pre-Hearing Events

      The Court issued the TRO on June 3 and the PI on August 8, with no gaps in between. Rozenfeld was personally served with the TRO on June 5 and signed the stipulated PI while represented by counsel on August 5. Both orders include an asset freeze, a requirement to fill out forms attached to the orders (Attachments A (personal financial disclosure form), B (corporate financial disclosure form), C (IRS form) and D (Consent to Release Financial Records)), various receivership provisions, including the requirement to turn over business records and mobile devices used for business purposes to the Receiver, and a requirement to distribute the order.[1] The Receiver met Rozenfeld in Miami, Florida, on June 6 and asked him whether he used his cell phone for business purposes. Rozenfeld claimed it was only used for personal use and therefore did not turn it over to the Receiver.

      The first deadline to turn over the Attachments described above was June 10. Nothing was turned over. On June 17 and 18, Defendants submitted seven of the nine required financial disclosure forms (TRO Attachments A and B), but they were substantively deficient. Defendants did not provide financial disclosure forms for Wraith or Passive Scaling. The Receiver's accountant asked for various financial documents and the FTC sent a deficiency letter outlining

---

[1] To date, the Defendants have not submitted the sworn acknowledgment under Section XXII of the TRO that requires them to provide the names and contact information for each person or entity required to receive a copy of the order. To our knowledge, Defendants may not have served anyone with the Order.

the many ways Defendants were violating the TRO, but Defendants did not supplement any of the previously submitted Attachments. It wasn't until July 29, 54 days after Rozenfeld was served with the TRO, that he requested access to Quickbooks for assistance in completing the financial disclosure forms. To be clear, some of the missing information is not in Quickbooks and could be filled out without access. For example, Rozenfeld's disclosure form is missing his employment, businesses he owns, mortgage information, and lawsuits against Rozenfeld and his wife.

As of early August, Attachments C and D had not been turned over. In addition, the Receiver stated in his report on July 28 that Rozenfeld's cell phone was being used for business purposes and yet Rozenfeld refused to turn it over.

The Court issued the PI on August 8, making August 13 the new deadline for any unfinished financial disclosure forms and other attachments. Also on August 8, the Receiver notified Defendants that Rozenfeld had used a credit card in the name of Daily Distro in violation of the TRO and PI. On August 13, 69 days after Rozenfeld was served with the TRO and 5 days after the Court signed the PI, no attachments were turned over or supplemented. Although the Receiver did not turn over the requested Quickbooks files until August 16, those files do not include records for Rozenfeld personally, FBA Machine, 1 HR Delivery, Daily Distro, Hourly Relief, or Wraith. All these relevant financial disclosure forms are still substantively deficient, except the financial disclosure for Wraith which Defendants never provided at all. In addition, Defendants did not provide Attachments C and D, and Rozenfeld continued to refuse to turn over his cell phone despite repeated demands.

Although the Receiver provided the Quickbooks files to defense counsel on August 16, it wasn't until September 10, nearly one month later, that Mr. Usher downloaded the files. It then wasn't until September 17, the night before the first contempt hearing, that Mr. Usher realized the Receiver had not sent all the Quickbooks files, but only the ones for FBA Support. Immediately upon discovering the error, the Receiver provided the remaining Quickbooks files for 3PL Automation, Passive Scaling, and Sales Support (as well as two other companies not named in the FTC's Second Amended Complaint).

On September 17, 104 days after he was served with the TRO, Rozenfeld sent over Attachment C filled out for most of the corporate defendants, but he failed to fill out the form for two corporate defendants, Sales Support and Wraith. Attachment D has still not been signed. On September 18, the FTC received Rozenfeld's cell phone, 105 days after he was served with the TRO. This was copied and promptly returned to Rozenfeld.

In addition, on August 27 the Receiver spoke with a previous client of Passive Scaling who reported he had reached out to Rozenfeld under the guise of wanting to open an Amazon store as a new customer. The consumer's father, also a Passive Scaling client, lost over $100,000 to this business opportunity scheme. Rozenfeld texted with this consumer about opening an Amazon store, and Rozenfeld referred him to his FBA Machine YouTube channel for more information and represented that he had warehouses all over the country. FBA Machine is a corporate defendant under the control of the Receiver. *See* attached PX 39.

**Post-Hearing Events**

On September 18, the Court granted Defendants additional time to come into compliance. In the several weeks after the hearing, Mr. Susi asked for access to the Quickbooks platform (in addition to the raw data that he already received), access to "cloud accounts," and access to bank accounts.

- September 23: Receiver's counsel offered to schedule a call between the Receiver's accountant and Rozenfeld's accountant. Receiver's counsel provided a date and time, and Defendants did not respond. No call occurred.
- September 24: the FTC turned over all the corporate bank statements that it received during its investigation.
- September 27:
    - the Receiver granted access to the Quickbooks platform (so that Rozenfeld could access the platform and not just the raw data he already received). *However*, the Receiver did not receive a 2-factor authentication request for login to the Quickbooks platform from Rozenfeld until October 23, nearly a month later—and only after Plaintiff's counsel stated during a meet-and-confer that no 2-factor authentication request had been received.
    - the FTC sent profit and loss statements it found among the information copied during the immediate access for Wraith, 3PL, FBA Support NJ, Passive Scaling, and Sales Support.
- October 14: after some back and forth negotiating access to the entire Google Suite platform the FTC imaged during the immediate access, Rozenfeld received a copy of this platform on a hard drive provided by the FTC.
- October 21: the FTC emailed one specific account as requested by Rozenfeld (even though this account was also on the hard drive received on October 14). Rozenfeld downloaded this file on October 23.
- October 22: Mr. Susi told the FTC that Rozenfeld did not start uploading the hard drive he received on October 14 until October 20 or 21 and it will take 170 hours to upload.
- October 24: Rozenfeld's accountant finally met with the Receiver's accountant and said that he could not access the Google Drive, he needed to modify the tax returns to reclassify accounts, and he was missing some company information in Quickbooks.
    - The Quickbooks accounts he referenced were not part of the Quickbooks files when the FTC imaged the accounts on June 6. All accounts imaged on that date were turned over.
    - The FTC provided the passcode to access the hard drive on October 15 and resent it on October 24.
- October 25: Rozenfeld submitted Attachment D for all Defendants and submitted a new Attachment A. This individual financial disclosure form is inconsistent with the first one submitted and still deficient:
    - Missing and incomplete employment and income history (Item 6)

3

- Left blank or incomplete – Items 11, 17, 21, 23, 25, 26
- Missing most required attachments (Item 24)
  - E.g., missing required bank statements
- Dated September 25, 2024, but not provided to us until October 25, 2024

Between September 18 and today, the FTC has provided Rozenfeld with everything he has requested, and yet Defendants have not turned over the missing or deficient items. Now Defendants request more time to complete the missing items. This conduct is similar to how Rozenfeld treated his consumer clients. He strung them along, responded only when he had to, and ultimately failed to fulfill his promises. *See, e.g.*, PX 18.

This is also not the first time Defendant Rozenfeld, represented by Mr. Usher, has not complied with court orders or turned over required documents. *See* attached PX 20 excerpts. Rozenfeld's continued dilatory conduct in this matter, combined with his use of the same tactics in other lawsuits brought against him or his companies, show he does not take this matter seriously.

In sum, in addition to violating the TRO and PI by incurring charges on a corporate defendant's credit card and soliciting business for a corporate defendant, to date, Defendants have still:

a. failed to fill out Attachment C for Sales Support and Wraith
b. failed to fill out financial disclosure forms (Attachment B) for Passive Scaling and Wraith
c. supplemented financial disclosure form (Attachment A) for Rozenfeld, but the form is still missing required information
d. failed to supplement financial disclosure forms (Attachment B) with required information for 3PL Automation, 1HR, Hourly Relief, Daily Distro, FBA Support, FBA Machine, and Sales Support

The FTC requests the Court hold the hearing on October 30 and find Defendants in contempt.

### **Defendants' Position**

When served with the TRO and PI, it has been Defendants' every intention to comply with the order. Defendant Steven Rozenfeld allowed the Receivership to assume control of the Corporate Defendant and took efforts to allow them to do their job. Defendants stipulated to the preliminary injunction in this matter, in the hopes that a resolution could be reached more swiftly.

Defendants understand that financial information is needed so that this issue can be resolved. Defendants have not filed taxes since 2020 (with some Defendants having never filed since they were created after 2020). If Defendants had all of the information that they needed, it would be a simple process to provide the financial information that is needed. On October 24,

4

2024, bookkeeper for Defendants, Eric was able to speak with the accountant for the Receiver and explain that specific accounts within quickbooks and certain bank statements are needed.

The Receiver provided the QuickBooks information on August 16, 2024. Defendants needed someone to help put financial records together. Defendants' original bookkeeper Eric was not available at the time. Since the Corporate Defendants were shut down, he had moved on and now works as a busdriver. Defendants reached out to a new bookkeeper, but ultimately, Eric was the one person who best knows where information might be stored and what is needed. Defendants have again retained his services since he became available last week. Defendants did not receive the full google drive account until October 14, 2024, nearly a month after the hearing. Without Eric, Defendants had difficulty in explaining what was needed to the Receiver. The original QuickBooks production was missing several companies. The Receiver provided additional information upon request. Now that their accountants and Defendants' bookkeeper have spoken, Defendants are hopeful that any confusion has been resolved.

As there is still outstanding information needed, Defendants request a brief adjournment to give the Defendants the opportunity to put together what the FTC is seeking pursuant to the Order of this Court. The FTC in particular lists the following:

a. failed to fill out Attachment D for all Defendants
b. failed to fill out Attachment C for Sales Support and Wraith
c. failed to fill out financial disclosure forms (Attachment B) for Passive Scaling and Wraith
d. failed to supplement financial disclosure form (Attachment A) for Rozenfeld
e. failed to supplement financial disclosure forms (Attachment B) for 3PL Automation, 1HR, Hourly Relief, Daily Distro, FBA Support, FBA Machine, and Sales Support

Defendants have now provided Attachment D. Defendants have provided an amended Attachment A. Defendants intend to provide Attachment B for Passive Scaling and Wraith in addition to Attachment C for Sales Support and Wraith as soon as possible and had hoped to have it prior to the submission of this letter. Defendants have not supplemented Attachment B. Once Defendants' Bookkeeper has the necessary records, they will provide supplemental information or amended forms that should resolve any outstanding issues. Defendants seek the additional time so that the required financial disclosures can be complete prior to the hearing.

Sincerely,

/s/ Colleen Robbins                    /s/ Mikhail Usher

Frances Kern                           Mikhail Usher
Colleen Robbins                        Alexander Susi
Counsel for Plaintiff                  Counsel for Defendants