**IN THE COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2023-137620-CC-23
SECTION: CL02
JUDGE: Gordon Murray

**BA ENTERPRISE LLC**

Plaintiff(s) / Petitioner(s)

vs.

**Steven Rozenfeld et al**

Defendant(s) / Respondent(s)

_____/

<u>**ORDER ON PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PENDING DISCOVERY & FOR SANCTIONS DOCKET INDEX NUMBER: 30**</u>

     THIS CAUSE, having come before the Court on May 9, 2024 on Plaintiff's Motion to to Compel Responses to Pending Discovery and the Court being fully advised in the premises, having heard argument of counsel, it is ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion is GRANTED.

2. Defendant Passive Scaling, Inc. shall file its responses to the First Request for Production within 15 days; to wit, Friday, May 24, 2024.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>9th day of May, 2024</u>.

<u>2023-137620-CC-23 05-09-2024 10:13 AM</u>
  Hon. Gordon Murray

  **COUNTY COURT JUDGE**
  Electronically Signed

**SALDUTTI LAW GROUP**
Robert L. Saldutti, Esquire – 006871992
Thomas B. O'Connell, Esquire - 031102008
1040 N. Kings Highway, Suite 100
Cherry Hill, NJ  08034
(856) 779-0300
Attorneys for Plaintiff/47881

| | |
|---|---|
| MATHEW GENES,<br><br>             Plaintiff,<br><br>v.<br><br>PASSIVE SCALING INC<br><br>             Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY<br><br>DOCKET NO.<br><br>Civil Action<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Mathew Genes, by way of Verified Complaint against Passive Scaling, Inc., says:

## BACKGROUND

1.     At all times relevant to this Verified Complaint, Matthew Genes ("Plaintiff") was an adult individual.

2.     Upon information and belief, at  all times relevant to this Verified Complaint, Passive Scaling, Inc. ("Defendant") was a corporation registered to do business in the State of New Jersey.

3.     Plaintiff and Defendant participated in Commercial Arbitration under case and caption Matthew Genes v. Passive Scaling, Inc., Case No. 01-23-000-6460, with the American Arbitration Association ("the Arbitration").

4.     At the conclusion of the Arbitration, an Arbitration Award in the amount of $200,899.66 was entered in favor of Plaintiff and against Defendant on January 5, 2024.  A true and correct copy of the Arbitration Award is attached as Exhibit A.

5.      The Arbitrator sent notice of the Arbitration Award to Defendant's counsel in the Arbitration.  A true and correct copy of the Arbitrator's notice of the award sent to Defendant is attached as Exhibit B.

6.      Prior to filing this Complaint, Plaintiff sent notice to Defendant of the Arbitration Award.  A true and correct copy of Plaintiff's notice of the Arbitration Award to Defendant is attached as Exhibit C.

## COUNT ONE

### CONFIRMATION OF ARBITRATION AWARD AS JUDGMENT PURSUANT TO N.J.S.A. 2A:23B-22

7.      Plaintiff hereby incorporates each of the allegations of the preceding paragraphs as if set forth herein at length.

8.      Pursuant to N.J.S.A. 2A:23B-22, Plaintiff is entitled to confirm the Arbitration Award as a Judgment.

WHEREFORE, Plaintiff demands judgment against Defendant, Passive Scaling Inc., in the amount of $200,899.66 plus court costs, attorney's fees, and any other relief the Court deems just and equitable.

SALDUTTI LAW GROUP

**/s/  Thomas B. O'Connell**

_____
THOMAS B. O'CONNELL, ESQ.

Dated: February 13, 2024

## CERTIFICATION

Pursuant to R. 4:5-1 this controversy is not the subject of any other action pending in any court or any pending arbitration proceeding and no other action or arbitration proceedings are contemplated at this time.

The following parties should be joined in the action:  None.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

## CERTIFICATION PURSUANT TO (R.1:38-7)

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

SALDUTTI LAW GROUP

**/s/  Thomas B. O'Connell**

_____
THOMAS B. O'CONNELL, ESQ.

Dated: February 13, 2024



Southeast Case Management Center
John Bishop
Vice President
2200 Century Parkway
Suite 300
Atlanta, GA 30345
Telephone: (404)325-0101
Fax: (877)395-1388

January 10, 2024

James Radke
Murtha Cullina LLP
33 Arch Street
12th Floor
Boston, MA 02110-2320
Via Email to: jradke@murthalaw.com

Mikhail Usher, Esq.
Usher Law Group P.C.
1022 Avenue P
2nd Floor
Brooklyn, NY, NY 11223
Via Email to: musheresq@gmail.com
Via US and Certified Mail, Tracking #9489 0090 0027 6508 7639 62

Case Number: 01-23-0000-6460

Mathew Genes
-vs-
Passive Scaling, Inc.

Dear Parties:

The American Arbitration Association (the AAA) hereby transmits the enclosed duly executed award in the above-referenced matter. Please direct all further communication to the AAA. The parties will have no further direct communication with the arbitrator.

The AAA has conducted a financial reconciliation, and each party will receive a separate accounting for this matter based on that reconciliation. Any party with an outstanding balance will receive monthly invoices until the balance is paid in full.

Any outstanding balances the parties may owe the AAA for the administrative fees or arbitrator compensation and expenses incurred during the case remain due and payable to the AAA even after the award is issued, regardless of whether the award apportioned these costs between the parties.

The AAA will process any refund due to a party as soon as possible. To ensure the accurate transmission of any refund, please confirm to whom the refund check should be addressed and notify the case administrator prior to January 17, 2024. If confirmation is not timely received, by default the refund will be disbursed to the billing representative listed for the party's account.

Please note that the AAA WebFile® ECF Guidelines will not apply after closing of the case. Therefore, any additional submissions from the parties in this matter should be submitted via email to the AAA, with copies sent to all other parties.

Pursuant to AAA policy, in the normal course of our administration, we may maintain certain electronic case

documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of documents that the AAA maintains indefinitely in our system, the AAA will destroy electronic case documents 18 months after the date of this correspondence.

We appreciate the opportunity to assist you in resolving your dispute. As always, please do not hesitate to contact me if you have any questions.

Sincerely,

*//s/ Christine Anlicker on behalf of*

Paris N Wilkerson
Manager of ADR Services
Direct Dial: (404)320-5133
Email: ParisWilkerson@adr.org
Fax: (877)395-1388

cc:
Alex Susi, Esq.
Neil P. Linden, Esq.

AMERICAN ARBITRATION ASSOCIATION
Commercial Arbitration Tribunal

In the Matter of the Arbitration between

CASE NO. 01-23-0000-6460

Mathew Genes,

      Claimant,

-vs-

Passive Scaling, Inc.,

      Respondent.

**EX-PARTE FINAL AWARD OF ARBITRATOR**

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration provisions of the E-Commerce Consulting Agreement dated October 21, 2021 and entered into by the above-named parties, having been duly sworn and oral hearings having been waived in accordance with the Commercial Arbitration Rules, and having fully reviewed and considered the written documents submitted to me by Claimant, represented by James Radke, Esq. of Murtha Cullina LLP, and Respondent having failed to submit written documents despite due notice being given to its representatives, Mikhail Usher, Esq. and Alex Susi, Esq. of Usher Law Group, hereby AWARD as follows:

<u>FINDINGS</u>

    1.    On February 14, 2023, Claimant Matthew Genes ("Claimant") filed a Demand for Arbitration (the "Original Demand") and initiated this proceeding against Respondent Passive Scaling, Inc ("Respondent").

    2.    On February 28, 2023, Respondent filed an "Answering Statement" responding to Claimant's Original Demand.

1

**PX20**

**001403**

3.      On May 25, 2023, Claimant filed an Amended Demand for Arbitration (the "Amended Demand") in which he amended Count Four of his Original Demand and his Prayer for Relief (the Amended Demand, collectively with the remaining portions of the Original Demand, shall be referred to as the "Demand").

4.      On November 17, 2023, I issued an order titled "Findings and Order" in which I ordered that the Final Hearing in this matter would be determined on the submission of sworn statements and documents in lieu of live testimony to which the Claimant agreed and for which the Respondent did not object or respond.  I ordered Claimant to file his final submission of evidence by November 28, 2023 and for Respondent to file its evidence on December 1, 2023, subject to the limitations contained therein.

5.      In addition, in my November 17, 2023 "Findings and Order," I ordered that:

> Respondent shall pay to Claimant a monetary sanction in the amount of SIX THOUSAND NINE HUNDRED SEVENTY-SIX dollars ($6,976.00) to compensate Claimant for the attorneys' fees he incurred in addressing Respondent's failures to comply with its discovery obligations and my discovery orders.

6.      On November 28, 2023, I received Claimant's submission of evidence, which consisted of:

   a.  Direct Testimony of Matthew Genes, and numerous Exhibits thereto; and
   b.  Affidavit of Asante Monadjemi.

7.      Despite providing notice to Respondent and receipt of notice by its counsel, I did not receive any submission of evidence from the Respondent.

8.      I have reviewed and considered the sworn testimony set forth in the Direct Testimony of Matthew Genes and the evidence submitted therewith. I credit the Claimant's testimony.

001404

9.       I have also reviewed and considered the sworn testimony set forth in the Affidavit of Asante Monadjemi. I credit the sworn statements set forth in Mr. Monadjemi's Affidavit.

10.      I have applied the conflicts of law principles of the forum state, the State of Florida, to determine which state's laws apply to the common law claims raised in Claimant's Demand. Florida has adopted the "significant relationship test" with respect to tort claims as enunciated in *Bishop v. Fla. Specialty Paint Co.,* 389 So.2d 999 (Fla.1980). Applying that test, I find that the Commonwealth of Massachusetts is the state with the most significant relationship to the legal issues raised by the tort claims in this case, which include Count One of the Claimant's Demand for Fraud. Here, the Respondent is alleged to have committed fraud in the solicitation of investment from a Massachusetts resident, and the harm caused by the alleged fraud was incurred in Massachusetts. Thus, I have applied Massachusetts law to Count One of the Demand.

11.      Applying Massachusetts law to Count One, I find that Claimant has not met his burden to prove that Respondent acted with fraudulent intent when it induced Claimant to enter the parties' E-Commerce Consulting Agreement. Accordingly, I find in favor of Respondent on Count One.

12.      In making these findings on Count One, I am mindful that Claimant requested information from Respondent in discovery that would bear on Claimant's fraud claim and that Respondent failed to respond to such discovery requests. On November 2, 2023, I issued an Order requiring Respondent to submit a sworn Affidavit concerning its efforts to comply with Claimant's discovery requests. Respondent did not comply with my November 2, 2023 Order. As a result of this discovery misconduct, I issued an award of sanctions against Respondent, as

3

001405

noted above. Thus, I recognize that Respondent's discovery misconduct may have hindered Claimant's efforts to meet his burden of proof with respect to his fraud claim in Count One.

13.     Florida's conflicts of laws principles require me to apply the rule of *lex loci contractus* to the Claimant's contract claims, as enunciated in *Lumbermens Mut. Cas. Co. v. Aug.,* 530 So. 2d 293, 296 (Fla. 1988). This rule requires me to apply the law of the state where the contract was executed. Applying this test to the present case, I find that the parties' E-Commerce Consulting Agreement was executed in Massachusetts, where Claimant executed the form contract proposed to him by Respondent and paid the initial Consulting Fee called for under the Agreement. Accordingly, I will apply the law of the Commonwealth of Massachusetts to those claims of Claimant's Demand sounding in contract, including Count Two (Breach of Contract), and Count Three (Breach of the Implied Covenant of Good Faith and Fair Dealing). Further, I find that the laws of all states that could possibly be applied in this case, which include New Jersey, Massachusetts, and Florida, do not differ in material respects with respect to the contract claims raised in this case.

14.     With respect to Count Two of Claimant's Demand alleging Breach of Contract, I find that Claimant has proven that Respondent breached the parties' E-Commerce Agreement in material respects, as detailed in the Direct Testimony and exhibits of Mr. Genes, and in the Affidavit of Mr. Monadjemi. Accordingly, I find in favor of Claimant on Count Two.

15.     I find that Respondent's breach of contract caused Claimant to suffer financial damages in the amount of Seventy-One Thousand Seven-Hundred Twenty dollars and Eighty-Three cents ($71,720.83), as detailed in the Direct Testimony of Mr. Genes.

16.     With respect to Count Three of Claimant's Demand alleging Breach of the Implied Covenant of Good Faith and Fair Dealing, I find that Claimant has proven that

001406

Respondent breached implied covenant as detailed in the Direct Testimony and exhibits of Mr. Genes, and in the Affidavit of Mr. Monadjemi. Accordingly, I find in favor of Claimant on Count Three.

17.     I find that the damages caused by Respondent's Breach of the Implied Covenant are indistinguishable from those caused by Respondent's breach of contract, and total Seventy-One Thousand Seven-Hundred Twenty dollars and Eighty-Three cents ($71,720.83). Given the overlap between the damages awarded in Count Two, this amount may only be recovered once.

18.     With respect to Count Four of Claimant's Demand alleging violations of Massachusetts General Laws chapter 93A, §§ 2 and 11, I find that the Massachusetts unfair business practices statute may be applied to Respondent's conduct in this case. I find that Respondent's alleged unfair and deceptive acts took place in substantial part in Massachusetts, given that Respondent solicited investment from a Massachusetts resident using financial forecasts that Respondent admits were false and that Respondent's false and misleading information and communications were received in Massachusetts. Further, Claimant was located in Massachusetts when he relied on Respondent's unfair and deceptive conduct and the financial harm caused by Respondent's actions was incurred in Massachusetts.

19.     In addition, I find that Claimant's claim under M.G.L. c. 93A involves elements of both tort and contract, and therefore may be adjudicated as part of the parties' agreement to arbitrate claims arising from the E-Commerce Consulting Agreement. See *H1 Lincoln, Inc. v. S. Washington St.,* LLC, 489 Mass. 1, 4, (2022) ("c. 93A claim is difficult to pigeonhole into discrete tort or contract categories, as c. 93A violations tend to involve elements of both tort and breach of contract, blurring the lines between the two"); *Kattar v. Demoulas*, 433 Mass. 1, 12 (2000) ("[t]he relief available under c. 93A is 'sui generis,' being neither wholly tortious nor

001407

wholly contractual in nature. Hence, a cause of action under c. 93A is 'not dependent on

traditional tort or contract law concepts for its definition'").

20.     I find that Claimant has proven that Respondent violated M.G.L. c. 93A, §§ 2 and

11. As detailed in the Direct Testimony of Mr. Genes and in the Affidavit of Mr. Monadjemi, I

find that Respondent engaged in "unfair or deceptive acts or practices in the conduct of any trade

or commerce" that are:

> within "at least the penumbra of some common-law, statutory, or
> other established concept of unfairness; (2) is immoral, unethical,
> oppressive, or unscrupulous; [and] (3) caused substantial injury to
> consumers or other businesses.

*H1 Lincoln, Inc., supra* 489 Mass. at 14.

21.     Specifically, I find that Respondent used a financial forecast that it has admitted

was false to solicit Claimant's investment in Respondent's business and to secure his execution

of the E-Commerce Consulting Agreement and payment of amounts due thereunder.

22.     In addition, Respondent engaged in a pattern of "stringing along" Claimant for its

own benefit, a form of commercial extortion recognized by the Supreme Judicial Court of

Massachusetts (the "SJC") as a violation of M.G.L. c. 93A. See *H1 Lincoln, Inc., supra*, 489

Mass. at 16, and the cases cited therein. As described by the Massachusetts SJC, "[s]tringing

along tactics involve the use of a protracted 'pattern of conduct ... calculated to misrepresent the

true situation' to the target business and thereby induce detrimental reliance on the target's part."

Id. With the target's bargaining position weakened by its prolonged reliance on the perpetrator's

misrepresentations, the target becomes vulnerable to the coercive pressures that are then applied.

*Id.*, quoting *Spectrum Software, Inc. v. Forte Automation Sys., Inc.*, 858 F.3d 666, 674 (1st Cir.

2017) (describing how defendant had "strung [plaintiff] along" so as to "take advantage of [the

plaintiff's] financial exposure" to impose new and adverse contract terms).

**001408**

23.     In this case, after Claimant had paid a $50,000 Consulting Fee to Respondent and in addition paid thousands of dollars towards the purchase of inventory chosen by Respondent, he claims he was in a vulnerable position and desperate to recoup the money he had invested. On multiple occasions, the parties agreed that Respondent would not initiate further purchase orders of inventory until it could locate, reconcile, and sell the inventory it had already purchased but had ostensibly "lost" or, perhaps, used for its other purposes. Despite the parties' agreements to cease further purchases, Respondent continued to order more inventory at Claimant's expense, in some instances from vendors controlled by Respondent's owner. This inventory was to be delivered to Respondent's warehouse, yet Respondent told Claimant it was unable to locate the inventory. Respondent never sold any of the additional inventory through Claimant's e-commerce stores, never obtained credits on Claimant's behalf from the selling vendors, and never refunded any of the money to Claimant. By continuing to string Claimant along through promises that it would reconcile and sell his existing inventory to recoup the funds he had already expended, Respondent was able to avoid having Claimant terminate the parties' E-Commerce Consulting Agreement (as he had threatened to do) while it continued to charge Claimant monthly fees and ordered additional products using Claimant's funds, which products were delivered to Respondent and never applied to Claimant's accounts or sold in his e-commerce stores.

24.     Further, even after Claimant terminated the parties' contract and explicitly directed Respondent to discontinue charging any fees to his credit card, Respondent continued to charge fees until Claimant cancelled his credit card.

25.     I find that these actions, when viewed in totality with the other conduct detailed in the Direct Testimony and exhibits of Mr. Genes and the Affidavit of Mr. Monadjemi, constitute

7

**PX20**

unfair and deceptive acts, or practices declared unlawful by M.G.L. c. 93A, §§ 2 and 11, and the case law interpreting the statute. See *H1 Lincoln, supra*, 489 Mass. at 16; *Full Spectrum Software, supra*, 858 F.3d at 674 ("one business's stringing along of another to the other's detriment can satisfy" standard for unfair conduct under G. L. c. 93A, § 11); *Greenstein v. Flatley*, 19 Mass. App. Ct. 351, 356 (1985) (stringing along tactics involve the use of a protracted "pattern of conduct ... calculated to misrepresent the true situation" to the target business and thereby induce detrimental reliance on the target's part).

26.     I further find that Respondent engaged in these unlawful actions knowingly and willfully. Among other things, as detailed in Exhibit HH to the Direct Testimony of Mr. Genes, Respondent's employee Toneane Stamps admitted that she lied on Respondent's behalf to shield the truth about its unsuccessful business, which demonstrates that Respondent's conduct was both knowing and willful.

27.     Pursuant to M.G.L. c. 93A, § 11, where a finding is made for the Claimant, "recovery *shall* be in the amount of actual damages; *or up to three, but not less than two, times such amount* if the court finds that the use or employment of the method of competition or the act or practice was a *willful or knowing violation of said section two*" (emphasis added).

28.     I further find that the contractual limitation of liability for consequential damages and punitive damages found in the E-Commerce Consulting Agreement does not bar the award of multiple damages under M.G.L. c. 93A, § 11 as a matter of law. See *H1 Lincoln, supra*, 489 Mass. at 4, 25-26 (contractual limitation of liability provision provides no protection in an action under M.G.L. c. 93A, § 11, where the statutory violation was done willfully or knowingly).

29.     I find that Respondent's knowing and willful violations of M.G.L. c. 93A, §§ 2 and 11 caused Claimant to incur single damages in the amount of Seventy-One Thousand Seven

001410

Hundred Twenty dollars and Eighty-Three cents ($71,720.83), as set forth in the Direct Testimony of Mr. Genes. This single damage amount is indistinguishable from the damages caused by Respondent's breach of contract and may only be recovered once.

30.     In addition, pursuant to M.G.L. c. 93A, § 11, I award multiple damages (i.e. two times) to Claimant for a total of One-Hundred Forty-Three Thousand Four-Hundred Forty-One dollars and Sixty-Six cents ($143,441.66).

31.     M.G.L. c. 93A, § 11 provides: "If the court finds in any action commenced hereunder, that *there has been a violation of section two, the petitioner shall,* in addition to other relief provided for by this section and irrespective of the amount in controversy, *be awarded reasonable attorneys' fees and costs* incurred in said action" (emphasis added).

32.     I find that the Claimant has incurred attorneys' fees in the amount of Fifty-One Thousand Three-Hundred Thirty-Five dollars and Fifty cents ($51,335.50), in accordance with the Affidavit of James F. Radke. This total amount includes the $6,976.00 that I previously awarded as a sanction for Respondent's discovery violations, which I ordered Respondent to pay as a monetary sanction. Therefore, the discovery sanction shall not be awarded separately from and is included in the overall award of attorneys' fees.

33.     The administrative fees of the American Arbitration Association totaling $925.00 shall be borne by Respondent Passive Scaling, and the compensation of the Arbitrator totaling $10,395.00 shall be borne by Respondent Passive Scaling. Therefore, Respondent Passive Scaling shall reimburse the sum of $6,122.50 to Claimant Mathew Genes, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimant Mathew Genes.

9

PX20

001411

34.    Claimant has indicated that he will not pursue any recovery under Count Five of his demand alleging Violations of the New Jersey Consumer Fraud Act, N.J. Stat. §56:8-2 et seq. Accordingly, I refrain from making any finding on Count Five.

35.    This Award is in full settlement of all claims, defenses, and counterclaims asserted, or which could have been asserted and submitted to this Arbitration. All claims not granted expressly herein are hereby denied.

## AWARD

Based on the record submitted and my Findings as recited above, the Respondent shall pay to Claimant the following:

| | |
|---|---|
| Single damages are included in the multiple damages in Court Four (Counts Two, Three, Four) | |
| Multiple damages (Count Four) | $143,441.66 |
| Attorneys' Fees | $51,335.50 |
| AAA Administration Fees paid by Claimant | $925.00 |
| Arbitrator's Compensation paid by Claimant | $5197.50 |
| TOTAL | $200,899.66 |

SO ORDERED,

Neil P. Linden, Esq.
AAA Arbitrator

DATED: January ___, 2024

I, Neil P. Linden, Esq., do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Final Award.

Neil P. Linden, Esq.
AAA Arbitrator

DATED: January 5, 2024

**PX20**                    **001412**



SALDUTTI
L A W   G R O U P

1040 North Kings Highway • Suite 100 • Cherry Hill, NJ 08034
Tel: 856-779-0300 • Fax:856-281-3778

Thomas B. O'Connell, Esquire
Direct: 856-437-4015
email: toconnell@slgcollect.com

February 6, 2024

**VIA REGULAR AND CERTIFIED MAIL**

Passive Scaling, Inc.
c/o Bratislav Rozenfeld, Registered Agent
757A Undercliff Ave.
Edgewater, NJ 07020

RE:    Matthew Genes v. Passive Scaling, Inc.
       **Notice of Arbitration Award pursuant to N.J.S.A. 2A:23B-22**
       Our File No. 47881

Dear Mr. Rozenfeld:

    Enclosed, please find a copy of the Arbitrator's Award Mathew Genes v. Passive Scaling, Inc., American Arbitration Association Case No. 01-23-0000-6460.

    Please note that the Arbitrator previously provided a copy of the Arbitrator's Award was previously to your counsel in that matter, who are copied here.

                        Very truly yours,
                        SALDUTTI LAW GROUP

                        **/s/  Thomas B. O'Connell**
                        _____
                        THOMAS B. O'CONNELL, ESQUIRE

TBO/

cc:    Mikhail Usher, Esq., via email:  musheresq@gmail.com
       Alex@usherlegal.com

**SALDUTTI LAW GROUP**
Thomas B. O'Connell, Esquire - 031102008
Robert L. Saldutti, Esquire – 006871992
1040 N. Kings Highway, Suite 100
Cherry Hill, NJ 08034
(856) 779-0300
Attorneys for Plaintiff/47881

| | |
|---|---|
| MATHEW GENES, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY |
| Plaintiff, | |
| v. | DOCKET NO. L-465-24 |
| PASSIVE SCALING INC | Civil Action |
| Defendant. | **FINAL JUDGMENT BY DEFAULT<br>AND TAXING OF COSTS** |

THIS MATTER coming before the court by Thomas B. O'Connell, Esquire, from the Saldutti Law Group, appearing on behalf of the Plaintiff and it appearing that a Complaint was filed in this matter and that the Defendant was served with the Summons and Complaint and it further appearing that no Answer or appearance has been entered on behalf of the Defendant and that the time within which to file a responsive pleading having past and default having been entered and proper notice having been given pursuant to R.4:43-2(d) and other good cause having been shown;

IT IS on ____14____ day of ____Mej____, 2024 that judgment be and hereby is entered against the Defendant, PASSIVE SCALING INC, and in favor of the Plaintiff, MATHEW GENES, in the amount of **$200,899.66**, and attorney allowance for **$40.00**, for a total of **$200,939.66**.

_Based on submittals by O'Connell Esq 5/7/24_

_____

**Michael J. Kassel, J.S.C.**

**PX20**                                                      **001414**

AMERICAN ARBITRATION ASSOCIATION
COMMERCIAL ARBITRATION TRIBUNAL

JAMES MONAGHAN, an individual                           Case Number: 01-23-0002-8196

            Claimant,

    Vs.

PASSIVE SCALING, INC., a New Jersey Corporation

            Respondent.

---

### EX- PARTE AWARD OF ARBITRATOR

I, ELAINE E. FELDMAN, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties on October 12, 2021 and having been duly sworn, and having heard and considered the proofs and testimony of the Claimant, commenced a Final Hearing on November 29, 2023 via Zoom videoconference. The Claimant was represented by Oscar A. Gomez, Esq. of EPGD Attorneys of Law, P.A. and the Respondent represented by Mikhail Usher, Esq. of Usher Law group P.C. failed to appear at the Final Hearing after due notice in accordance with the Rules of the American Arbitration Association. The Arbitrator hereby AWARDS as follows:

The Claimant's Claim for breach of contract is GRANTED. Claimant is hereby Awarded against the Respondent the sum of ($30,000.00) THIRTY THOUSAND DOLLARS. The sum shall be paid within 30 days of the signed Award.

The Claimant's Claim for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") is DENIED.

The administrative fees and expenses of the American Arbitration Association totaling $1,772.50 and the compensation of the arbitrator totaling $1,350.00 shall be borne equally by both parties. Therefore, Respondent shall reimburse Claimant the sum of $1,561.25, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by the Claimant.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

December 12, 2023                    _Elaine E. Feldman_
Date                                 Elaine E. Feldman, Arbitrator

Exhibit "C"



AMERICAN | INTERNATIONAL CENTRE
ARBITRATION | FOR DISPUTE RESOLUTION®
ASSOCIATION®

Southeast Case Management Center
John Bishop
Vice President
2200 Century Parkway
Suite 300 ·
Atlanta, GA 30345
Telephone: (404)325-0101
Fax: (877)395-1388

December 13, 2023

Oscar A. Gomez, Esq.
EPGD Attorneys at Law, PA
777 SW 37th Avenue
Suite 510
Miami, FL 33135
Via Email to: oscar@epgdlaw.com

Mikhail Usher, Esq.
Usher Law Group P.C.
1022 Avenue P
2nd Floor
Brooklyn, NY, NY 11223
Via US and Certified Mail and Email to: musheresq@gmail.com
9489009000276508765430

Case Number: 01-23-0002-8196

James Monaghan, an individual
-vs-
Passive Scaling Inc., a New Jersey Corporation,

Dear Parties:

The American Arbitration Association (the AAA) hereby transmits the enclosed duly executed award in the above-referenced matter. Please direct all further communication to the AAA. The parties will have no further direct communication with the arbitrator(s).

The AAA has conducted a financial reconciliation, and each party will receive a separate accounting for this matter based on that reconciliation. Any party with an outstanding balance will receive monthly invoices until the balance is paid in full.

Any outstanding balances the parties may owe the AAA for the administrative fees or arbitrator compensation and expenses incurred during the case remain due and payable to the AAA even after the award is issued, regardless of whether the award apportioned these costs between the parties.

Please note that the AAA WebFile® ECF Guidelines will not apply after closing of the case. Therefore, any additional submissions from the parties in this matter should be submitted via email to the AAA, with copies sent to all other parties.

Pursuant to AAA policy, in the normal course of our administration, we may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of documents that the AAA maintains indefinitely in our system, the AAA will destroy electronic case documents 18 months after the date of this correspondence.

We appreciate the opportunity to assist you in resolving your dispute. As always, please do not hesitate to contact

me if you have any questions.

Sincerely,

*//s/ Paris Wilkerson*

Paris N Wilkerson
Manager of ADR Services
Direct Dial: (404)320-5133
Email: ParisWilkerson@adr.org
Fax: (877)395-1388

cc:
Alex Susi, Esq.
Juan Andrade Duenas
Elaine E. Feldman, Esq.

**PX20**                                                                **001434**

*Prepared by the Court*

**Hon. Michael N. Beukas, J.S.C.**
Superior Court of New Jersey
Bergen County Justice Center
10 Main Street, Rotunda Chambers 253
Hackensack, New Jersey 07601
(201) 221-0700 ext. 25745

| | |
|---|---|
| JAMES MONAGHAN,          : | SUPERIOR COURT OF NEW JERSEY |
|                     : | LAW DIVISION:  BERGEN COUNTY |
|       Plaintiff,     : | |
|                     : | DOCKET NO.: BER-L-1486-24 |
| vs.                   : | |
|                     : | Civil Action |
| PASSIVE SCALING, INC.    : | |
|                     : | **ORDER TO SHOW CAUSE** |
|                     : | **SUMMARY ACTION** |
|       Defendants.   : | |
|                     : | |

      **THIS MATTER** being brought before the court by Dennis J. Drasco, Esq. of Lum, Drasco

& Positan, LLC, attorneys for plaintiff, James Monaghan, seeking relief by way of summary action

pursuant to R. 4:67-1(a), based upon the facts set forth in the verified complaint filed herewith in

the form of the entry of an order confirming the arbitration award; and the court having determined

that this matter may be commenced by order to show cause as a summary proceeding, pursuant to

N.J.S.A. 2A:23B-22, R. 4:67-1 and R. 4:67-2, and for good cause having been shown;

      **IT IS** on this **19th day** of **March, 2024;**

**PX20**                                                                          **001435**

**ORDERED** that **defendant, Passive Scaling, Inc., <u>appear with designated legal</u> <u>counsel,</u>** pursuant to <u>R.</u> 1:21-1(c), and show cause on **Friday, May 3, 2024, at 9:00 a.m., <u>in</u> <u>person</u>,** before the Hon. Michael N. Beukas, J.S.C., Superior Court of New Jersey, Bergen County Justice Center, 10 Main Street, Rotunda Chambers 253, Hackensack, New Jersey 07601, or as soon thereafter as counsel can be heard, why judgment should not be entered for:

A.   **An order confirming the final arbitration award made by Elaine E. Feldman, Esq., entered on December 12, 2023; and**

B.   **Granting such other relief as the court deems equitable and just; and it is further**

**ORDERED** that:

1.    A copy of this order to show cause, verified complaint and all supporting affidavits or certifications, and legal briefs submitted in support of this application shall be served upon defendant, Passive Scaling, Inc., upon its registered agent, **<u>personally</u>, and <u>by certified mail,</u> <u>return receipt requested</u>, and <u>by first class regular mail</u>,** postage prepaid, within **ten (10) days** of the date hereof, in accordance with <u>R.</u> 4:4-3 and <u>R.</u> 4:4-4, this being original process.

2.    Plaintiff, James Monaghan, shall file with the court his proof of service of the pleadings on defendant, Passive Scaling, Inc., no later than **three (3) days** before the return date.

3.    Defendant, Passive Scaling, Inc., by and through designated legal counsel pursuant to <u>R.</u> 1:21-1(c), shall file and serve a written answer, an answering affidavit or a motion returnable on the return date to this order to show cause, and the relief requested in the verified complaint, and proof of service of the same, by **April 19, 2024.** The answer, answering affidavit or a motion, as the case may be, must be filed with the Clerk of the Superior Court of New Jersey in the county listed above and a copy of the papers must be sent directly to the Hon. Michael N. Beukas, J.S.C., 10 Main Street, Rotunda Chambers 253, Hackensack, New Jersey 07601.

4.      Plaintiff, James Monaghan, must file and serve any written reply to defendant's order to show cause opposition by **April 26, 2024**. The reply papers must be filed with the Clerk of the Superior Court in the county listed above and a copy of the reply papers must be sent directly to the chambers of the Hon. Michael N. Beukas, J.S.C., 10 Main Street, Rotunda Chambers 253, Hackensack, New Jersey 07601.

5.      If defendant, Passive Scaling, Inc. does not file and serve opposition to this order to show cause, the application will be decided on the papers on the return date and relief may be granted by default, provided that the plaintiff files a proof of service and a proposed form of order at least **three (3) days** prior to the return date.

6.      If the plaintiff has not already done so, a proposed form of order addressing the relief sought on the return date (along with a self-addressed return envelope with return address and postage) must be submitted to the court no later than **three (3) days** before the return date.

7.      Defendant, Passive Scaling, Inc. take notice that the plaintiff has filed a lawsuit against you in the Superior Court of New Jersey, Law Division. The verified complaint attached to this order to show cause states the basis of the lawsuit. If you dispute this complaint, your attorney, must file a written answer, an answering affidavit or a motion returnable on the return date to the order to show cause and proof of service before the return date of the order to show cause.

These documents must be filed with the Clerk of the Superior Court in the county listed above. A list of these offices is provided. Include a $ 175.00 filing fee payable to the "Treasurer State of New Jersey." You must also send a copy of your answer, answering affidavit or motion to the plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve your answer, answering affidavit or motion (with the fee) or judgment may be entered against you by default.

**PX20**           **001437**

8.     If you cannot afford an attorney, you may call the Legal Services office in the county in which you live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

9.     The court will entertain argument, but not testimony, on the return date of the order to show cause, unless the court and parties are advised to the contrary no later than **three (3) days** before the return date.

_____

Hon. Michael N. Beukas, J.S.C.

*Lynn Rojas vs. Passive Scaling, Inc.*

Docket No.: ESX-L-004500-22

Memorandum of Agreement

This matter having been the subject of a mediation session conducted on July 25, 2023 by the Court-Appointed Mediator, Lisa A. Freed, Esq. in the presence of: (i) Plaintiff(s), Lynn Rojas ("Rojas"), and (ii) Defendant(s), Passive Scaling, Inc. ("Passive"), and his/her counsel, Mikhail Usher, Esq. (The Usher Law Group, P.C.).

The parties have agreed that all matters in issue in this litigation are settled and resolved on the following terms:

1. Defendants, jointly and severally, shall:

   a. Wire transfer the sum of $4,000.00 to Plaintiff by 5:00 p.m. on July 25, 2023.

   b. Wire transfer $1,000.00 per month on the 25th of each month, commencing August 25, 2023, for the next 14 months for a total of $14,000.00.

2. Plaintiff, jointly and severally, shall:

   a. Notify Defendant and their counsel of any missed payments on or before the 26th of each month, providing Defendant with a five (5) day cure period. If Defendant does not provide the payment within the cure period, then Plaintiff will Enter Judgment for the full amount owed under this Settlement Agreement.

3. Upon completion of the matters as stated under paragraphs 1 and 2 above, counsel shall execute and file Stipulations of Dismissal with Prejudice and Without Costs as to both the Complaint and the Counterclaim in this matter. The Court shall retain jurisdiction to enforce the provisions of this settlement.

**Attachment Q**

**PX13**                                              **000760**

ESX-L-004500-22   2023-10-05 11:41:39.044   Pg 2 of 2   Trans ID: LCV20233050829

4. The parties have had the full opportunity to consult with counsel and have stated to the Mediator that each party is acting without any coercion or duress and are entering into this settlement of their own free will and accord.

5. Each party understands and agrees that no settlement may be forced upon them by the Mediator and that they are entering into this settlement freely and without reservation.

6. Each party represents that he or she or they have the ability to consummate and complete the terms of the settlement.

7. Each party has specifically stated that they have had ample opportunity to consult with their counsel and have engaged in such consultations.

8. Each party has specifically stated that they are satisfied with the quality of the legal services provided by their respective counsel.

9. Each party specifically stated that they have no further questions for the Mediator.

10.     The parties and counsel will work diligently and expeditiously to execute and deliver a fully integrated Settlement Agreement which shall be drafted by Plaintiff's counsel and shall include the above terms.

It is the intention of the parties that this Memorandum of Agreement shall satisfy the requirements set forth by the New Jersey Supreme Court in <u>Willingboro Mall, LTD v. 240/242 Franklin Avenue LLC</u>, 215 <u>N.J.</u> 242 (2013) which confirms the requirement for settlement agreements reached as the result of a mediation to be reduced to a writing and a copy provided to each party. See, also, <u>R</u>. 1:40-4(i).

By: _____
       Lynn Rojas, Plaintiff

By: _____
       Passive Scaling, Inc., Defendant

By: _____
       Mikhail Usher, Esq., Attorney for Defendant

**Attachment Q**

**PX13**                                                    **000761**

 **SIGNATURE BANK®**

## Wire Approval Confirmation

**The requests below have been transmitted successfully.**

Transmitted:                        07/25/2023 04:54:59 PM (ET)

Transmitted By:                     BROSENFELD

## Approved Wires

The requests below have been approved by you.

| Account | Template | Recipient | Amount | Currency | Effective | Confirmation Number | Approval Status |
|---|---|---|---|---|---|---|---|
| PASSIVE SCALING INC - ▮ | CLIENT - LYNN NEW - DO NOT USE! | Lynn Rojas | 4,000.00 | USD | 07/25/2023 | 2767440123 | 1 of 1 |
| | | Total : 1 items for | 4,000.00 | USD | | | |

**Attachment Q**

**PX13**                                                              **000754**

**September 25, 2023**

**RE:**          **Lynn Rojas vs. Passive Scaling Inc.**

**Docket No.:**     **ESX-L-004500-22**

**Memorandum of Agreement**

**To:**          **Passive Scaling, Inc. / Steven Rozenfeld**

               **Ushler Law Group**

        **This is formal notice under section 2a of the above referenced Memorandum of Agreement that you failed to make the required payment of $1,000.00 to me that was due on September 25, 2023.**

        **If this payment is not made in full by September 30, 2023, I will enter judgement for the full amount owed under the settlement agreement per the terms of the Memorandum of Agreement.**

**Sincerely,**

**Lynn Rojas**

## Lynn Scafidi

| | |
|---|---|
| **From:** | Lynn Rojas ▓▓▓▓▓▓ |
| **Sent:** | Thursday, October 5, 2023 11:14 AM |
| **To:** | Lynn Scafidi |
| **Subject:** | FW: Non Payment |
| **Attachments:** | Non payment 09-25-2023.docx |

**From:** Lynn Rojas
**Sent:** Monday, September 25, 2023 7:57 PM
**To:** 'STEVEN' <sales@passivescaling.com>; 'Jerdonna P' <jerdonna@passivescaling.com>
**Cc:** 'musheresq@gmail.com' <musheresq@gmail.com>
**Subject:** RE: Non Payment

All,

Please see attached.


Thank you,
Lynn Rojas
▓▓▓▓▓▓


**From:** Lynn Rojas
**Sent:** Friday, August 25, 2023 5:19 PM
**To:** STEVEN <sales@passivescaling.com>; Jerdonna P <jerdonna@passivescaling.com>
**Cc:** musheresq@gmail.com
**Subject:** Non Payment
**Importance:** High

All,

Please see attached.


Thank you,
Lynn Rojas
▓▓▓▓▓▓

1

**Attachment Q**

**PX13**                                                      **000757**

## Lynn Scafidi

| | |
|---|---|
| **From:** | Microsoft Outlook <MicrosoftExchange329e71ec88ae4615bbc36ab6ce41109e@sct-15-20-4755-11-msonline-outlook-cd57b.templateTenant> |
| **To:** | 'STEVEN'; 'Jerdonna P' |
| **Sent:** | Monday, September 25, 2023 7:57 PM |
| **Subject:** | Relayed: RE: Non Payment |

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

'STEVEN' (sales@passivescaling.com)

'Jerdonna P' (jerdonna@passivescaling.com)

Subject: RE: Non Payment

1

**Attachment Q**

**PX13**                                        **000758**

**Lynn Scafidi**

| | |
|---|---|
| **From:** | Microsoft Outlook <MicrosoftExchange329e71ec88ae4615bbc36ab6ce41109e@sct-15-20-4755-11-msonline-outlook-cd57b.templateTenant> |
| **To:** | 'musheresq@gmail.com' |
| **Sent:** | Monday, September 25, 2023 7:57 PM |
| **Subject:** | Relayed: RE: Non Payment |

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

'musheresq@gmail.com' (musheresq@gmail.com)

Subject: RE: Non Payment

1

**Attachment Q**

**PX13**                                                          **000759**

October 5, 2023

RE:        Rojas vs. Passive Scaling

Docket#:   ESX L 004500 22

To:    Essex County – Civil Division

       Superior Court of New Jersey

       465 Martin Luther King Jr Blvd

       Newark, NJ 07102

Honorable Robert H. Gardner:

I am respectfully requesting a Judgement be entered against Passive Scaling Inc. for nonpayment of Memorandum of Agreement signed on July 25, 2023.

Passive Scaling Inc made their initial payment on July 25, 2023, of $4,000.00 and 1 subsequent payment on September 1, 2023, of $1,000.00.

I contacted both the defendant and representing counsel on September 25, 2023, with no response from either defendant or counsel.

At this time, I am requesting a Judgement be entered for the balance due to me of $13,000.00.

If you have any questions, please contact me at your earliest convenience.

Respectfully,

Lynn Rojas

**Attachment Q**

**PX13**                                        **000755**

## Form C

**FILED**

*11:10 am, Jan 05, 2024*

**Plaintiff or Filing Attorney Information:**

Name  Lynn Rojas

NJ Attorney ID Number

Address  █████████████

Email Address  ███████████

Telephone Number ██████████

Superior Court of New Jersey
Law Division

Essex _____ County

Docket Number  ESX L 004500 22

Lynn Rojas _____,

                  Plaintiff,

        v.

Passive Scaling Inc _____,

             Defendant(s).

Civil Action

**Order**

This matter having been brought before the Court on Motion of ■ plaintiff /□ defendant for an Order (describe relief requested):

Plaintiff requests entry of Judgment against Defendant in the amount of $13,000.00 for failure to make full and timely payments per amounts owed to Plaintiff pursuant to the MOA signed July 25, 2023.

and the Court having considered the matter and for good cause appearing,

On this ___5th___day of ___January___, 20_24_, it is **ORDERED** as follows:

Defendant is hereby ordered to pay Plaintiff the sum of $13,000.00 and it is further

ORDERED that Judgment be entered in the amount of $13,000 plus cost against the Defendant, and it is further

ORDERED that a copy of this order shall be served upon all parties/counsel of record, within seven (7) days of the date hereof, per the Rules of Court.

□ **Opposed**    ☒ **Unopposed**

                          Hon.ROBERT H. GARDNER,  J.S.C.

Revised 08/15/2022, CN 10555

                              page 14 of 14

**Attachment Q**

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

BA ENTERPRISE LLC, a Florida
Limited Liability Company

              Plaintiff,                       GENERAL JURISDICTION DIVISION

                                                 CASE NO: [2023-137620-CC-23]

PASSIVE SCALING, INC. a New
Jersey Corporation and STEVEN
ROZENFELD a/k/a BRATISLAV
ROZENFELD, an Individual,

              Defendants

_____/

       Defendants PASSIVE SCALING INC and STEVEN ROZENFELD, by and through their

attorneys, USHER LAW GROUP, P.C., for their answer to the complaint herein, states upon

information and belief as follows:

<u>**Answering "Jurisdiction, Venue and The Parties"**</u>

1. Defendants deny sufficient knowledge to either admit or deny the allegations contained in
   Paragraph 1 of the complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the complaint.

3. Defendants deny sufficient knowledge to either admit or deny the allegations contained in
   Paragraph 3 of the complaint.

4. Defendants admit the allegations contained in Paragraph 4 of the complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the complaint.

6. Defendants deny the allegations contained in Paragraph 6 of the complaint.

7. Defendants deny sufficient knowledge to either admit or deny the allegations contained in

Paragraph 7 of the complaint.

## Answering "Background Allegations"

8.  Defendants admit the allegations contained in Paragraph 8 of the complaint.

9.  Defendants deny the allegations contained in Paragraph 9 of the complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the complaint.

## Answering "Count I - Breach of Contract against Passive Scaling"

11. Defendants admit the allegations contained in Paragraph 11 of the complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the complaint. Defendants further deny Plaintiff's request for judgment.

## Answering "Count II - Fraudulent Misrepresentation/Inducement against all Defendants"

14. Defendants deny the allegations contained in Paragraph 14 of the complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the complaint.

17. Defendants deny sufficient knowledge to either admit or deny the allegations contained in Paragraph 17 of the complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the complaint. Defendants further deny Plaintiff's request for judgment.

## Answering "Count III - Unjust Enrichment & Promissory Estoppel & Equitable Estoppel Against Passive Scaling"

20. Defendants deny the allegations contained in Paragraph 20 of the complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the complaint. Defendants further deny Plaintiff's request for judgment.

**Answering "Count IV - Conversion Against Passive Scaling"**

25. Defendants deny the allegations contained in Paragraph 25 of the complaint except as to state that Passive Scaling entered into an agreement with Plaintiff.

26. Defendants deny the allegations contained in Paragraph 26 of the complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the complaint. Defendants further deny Plaintiff's request for judgment.

**Answering "Count V - Violation of Florida Unfair and Deceptive Practices Act against all Defendants"**

29. Defendants deny the allegations contained in Paragraph 29 of the complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the complaint. Defendants further deny Plaintiff's request for judgment.

**AFFIRMATIVE DEFENSES**

## AND AS FOR A FIRST AFFIRMATIVE DEFENSE

36. Ambiguity, Plaintiff did not clearly state the amount and issues in this case.

## AND AS FOR A SECOND AFFIRMATIVE DEFENSE

37. Plaintiff being granted the relief requested would result in Unjust Enrichment on the part

of the Plaintiff.

## AND AS FOR A THIRD AFFIRMATIVE DEFENSE

38. Plaintiff violated the duty of good faith and fair dealing.

## AND AS FOR A FOURTH AFFIRMATIVE DEFENSE

39. Plaintiff is suing for the wrong amount.

## AND AS FOR A FIFTH AFFIRMATIVE DEFENSE

40. Plaintiff failed to mitigate damages.

## AND AS FOR A SIXTH AFFIRMATIVE DEFENSE

41. Plaintiff failed timely and properly to exhaust all necessary administrative, statutory,

and/or jurisdictional prerequisites to commence this action.

## AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE

42.  Plaintiff failed to comply with its obligations under the agreement.

## AND AS FOR A EIGHTH AFFIRMATIVE DEFENSE

43. Plaintiff fails to state a claim upon which relief can be granted.

## AND AS FOR A NINTH AFFIRMATIVE DEFENSE

44. Plaintiff lacks standing.

## AND AS FOR A TENTH AFFIRMATIVE DEFENSE

45. There is a lack of damages in this matter, or that the damages are inconsequential and *de

minimis*.

**WHEREFORE**, the Defendants herein respectfully requests: (i) Judgment in favor of

the Defendants; (ii) Disbursements and attorney's fees incurred by Defendant in this proceeding,

and for any further relief this Honorable Court deems just, proper and equitable.


Dated:  Brooklyn, New York
       March 19, 2024

                                  Respectfully submitted,


                                  _____*/s/Mikhail Usher*_____

                                  Mikhail Usher, Esq.
                                  **USHER LAW GROUP P.C.**
                                  1022 Avenue P 2nd Floor
                                  Brooklyn, New York 11223
                                  Phone: (718) 484-7510
                                  Fax: (718) 865-8566
                                  musheresq@gmail.com


<u>**CERTIFICATE OF SERVICE**</u>

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically served to all parties via the Florida Courts e-filing Portal on this 19th day of March, 2024.


**E-service recipients selected for service:**

| Name | Email Address |
|---|---|
| Daniel Wagner, Esq. | daniel@danielwagnerlaw.com |