UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> THEFBAMACHINE INC. et al., <br><br> Defendants, and <br><br> AMANDA ROZENFELD, <br><br> Relief Defendant. | CIVIL ACTION NO. 24-CV-6635 (JXN) (LDW) <br><br><br> **JOINT DISCOVERY PLAN** |

Counsel for Plaintiff and Defendants met and conferred regarding the joint discovery plan on October 22, 2024, and submit the following:

1. **Factual description of the case**. Plaintiff Federal Trade Commission alleges that Defendants used false and unsubstantiated earnings claims and illegal contract provisions in the marketing and sale of their online e-commerce business opportunities, in violation of the Federal Trade Commission Act, the Business Opportunity Rule, and the Consumer Review Fairness Act.

2. **Settlement discussions**. All parties have indicated a desire to explore settlement. Plaintiff provided a proposed order to Defendants and Relief Defendant on October 24, 2024.

   Plaintiff's offer to Defendants includes a monetary judgment of $18 million and injunctive provisions banning Defendants from offering or promoting business opportunities or business coaching, prohibiting them from making earnings claims unless they comply with the FTC Act and the Business Opportunity Rule, and prohibiting them from using contracts that violate the Consumer Review Fairness Act. To date, no settlement discussions or exchanges have taken place.

   Plaintiff's offer to Relief Defendant includes a monetary judgment of $155,000. Counsel for Plaintiff and Relief Defendant are in the process of negotiating terms.

3. **Initial disclosures**. Plaintiff has provided Defendants and Relief Defendant with its initial disclosures. Defendants have not provided their initial disclosures to Plaintiff.

4. **Discovery other than initial disclosures**. None.

5. **Anticipated dispositive motions before completion of discovery**. Plaintiff anticipates moving for summary judgment before the completion of discovery.

6. **Discovery proposal**:

    a.     **Subjects on which discovery is needed**: Plaintiff requires discovery related to (a) Defendants' earnings claims, (b) Defendants' compliance with and Rozenfeld's knowledge of the Business Opportunity Rule and the Consumer Review Fairness Act, and (c) Rozenfeld's involvement with and knowledge of earnings claims made by him, Corporate Defendants, and third parties, including Optimyze Digital.

    b.     **Conducted in phases?**: The parties do not believe discovery should be conducted in phases.

    c.     **Number of interrogatories per party**: At this time, the parties expect that the presumptive 25 interrogatories, including subparts, permitted by Fed. R. Civ. P. 33(a)(1) will be sufficient. Accordingly, the parties agree that Plaintiff is allowed 25 interrogatories, and Defendants collectively are allowed 25 interrogatories. To the extent any party subsequently determines that additional interrogatories may be necessary, Plaintiff and Defendants will confer and seek to come to an agreement before any party seeks leave of the Court for additional interrogatories.

    d.     **Number of depositions by each party**: At this time, the parties expect that the presumptive 10 depositions permitted by Fed. R. Civ. P. 30 will be sufficient for deposition of fact witnesses. Accordingly, the parties agree that Plaintiff is allowed 10 depositions, and Defendants collectively are allowed 10 depositions. To the extent any party subsequently determines that additional depositions may be necessary, Plaintiff and Defendants will confer and seek to come to an agreement before any party seeks leave of the Court for additional depositions.

    e.     **Deadline for Plaintiff's expert report**: Plaintiff does not intend to offer an expert.

    f.     **Deadline for Defendants' expert report**: Defendants do not intend to offer an expert.

    g.     **Deadline for motions to amend or add parties**: The parties propose that any motions to amend or add parties be filed no later than 60 days before the close of discovery.

    h.     **Dispositive motions served within 30 days of completion of discovery**. The parties request that responses to any dispositive motions be due within 30 days of filing of the dispositive motion and that any reply be due within 14 days of the filing of the response.

    i.     **Deadline for factual discovery**: The parties propose that fact discovery be completed no later than 180 days from the date of the entry of the scheduling order.

  j. **Deadline for expert discovery**: Not applicable, as none of the parties intend to offer expert testimony.

  k. **Requested discovery mechanisms or procedures**: The parties do not request any special discovery mechanisms or procedures.

  l. **Date of pretrial conference**: The parties propose that a pretrial conference may take place 14 days before the trial date.

  m. **Jury or bench trial**: The parties request a bench trial.

  n. **Trial date**: November 3, 2025.

7. **Anticipated discovery problems**: The parties do not anticipate any discovery problems.

8. **Special discovery needs**: The parties do not anticipate any special discovery needs.

9. **Arbitration/mediation/special master**:

This matter is not appropriate for voluntary arbitration, as it is a consumer-protection action brought by a federal agency alleging violations of federal consumer-protection laws.

Because the parties are in the process of exchanging proposed settlement terms and coordinating related discussions, the parties do not believe mediation is appropriate at this time, but the parties agree that mediation may be appropriate if settlement discussions do not advance.

The parties agree that this matter does not require a special master.

10. **Bifurcation**: The parties do not believe this case is appropriate for bifurcation.

11. **We do not consent to the trial being conducted by a Magistrate Judge.**

Respectfully submitted,

s/ Frances L. Kern        s/ Alexander Susi

Frances L. Kern          Alexander Susi
Colleen Robbins          Mikhail Usher
Counsel for Plaintiff         Counsel for Defendants