UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THEFBAMACHINE INC., *et al.*,<br><br>Defendants. | Civil Action No.<br><br>24-6635 (JXN) (LDW)<br><br>**PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on November 7, 2024, and for good cause shown:

**IT IS, on this 7th day of November 2024,**

**ORDERED THAT:**

### I.  DISCLOSURES

1. Fed. R. Civ. P. 26 disclosures are to be exchanged no later than **November 21, 2024**.

### II.  DISCOVERY

2. Fact discovery is to remain open through **May 7, 2025**. No fact discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

3. The parties may, if not already served, serve interrogatories (limited to twenty-five (25) single questions) and requests for production of documents on or before **November 29, 2024**, to be responded to within thirty (30) days of receipt.

4. Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed by **May 7, 2025**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated. Absent stipulation of all parties or leave of Court, each party shall be limited to ten (10) depositions. See Fed. R. Civ. P. 30(a)(2).

5.  Counsel shall confer in a good faith attempt to informally resolve any and all discovery or case management disputes **before** seeking the Court's intervention.  See L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)(1).  Any dispute not resolved shall be brought to the Court's attention by letter or telephone conference after counsel's good faith attempt to resolve the dispute has failed.  Counsel shall advise the Court of the specific efforts that were made to resolve the dispute before contacting the Court.  **No discovery motion shall be made without prior leave of Court.**

### III.  DISCOVERY CONFIDENTIALITY ORDERS

6.  Any proposed Discovery Confidentiality Order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3.  See also Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995); Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994).  Counsel are advised that a sample form of Discovery Confidentiality Order is contained in Appendix S to the Local Civil Rules.

### IV.  FUTURE CONFERENCES

7.  There shall be a telephonic status conference before the undersigned on **February 20, 2025 at 2:00 p.m.**  The parties shall file concise status letters no later than one week in advance of the conference.  Dial-in information for the conference is (973) 437-5535, access code 420 994 606#.

8.  The Court may from time to time schedule further conferences as may be required, either *sua sponte* or at the request of a party.  Counsel should be prepared to discuss settlement at every conference with the Court.

9.  The senior attorney in charge of the case must attend any settlement conferences and client(s) with full settlement authority must attend unless excused by the Court.  In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference. Confidential settlement letters, which shall not exceed ten (10) pages absent leave from the Court, shall be sent to **LDW_orders@njd.uscourts.gov** at least three business days prior to a settlement conference.  Voluminous exhibits to settlement letters (exceeding 20 pages) will not be reviewed by the Court unless submitted in hard copy that is received by Chambers no later than three business days in advance of the settlement conference.

10.  Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties.

11.  A copy of every pleading, document, or written communication with the Court shall be served on all other parties to the action or may be disregarded by the Court.

## V. MOTIONS

12. **No motions are to be filed without prior written permission from this Court, excepting motions in lieu of Answer under Fed. R. Civ. P. 12.** These prerequisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b) and other applicable local and federal rules.

13. Any request for leave to file a motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than **March 7, 2025**. Before seeking Court leave to file a motion to amend a pleading, a party shall circulate the proposed amended pleading among all parties in an effort to obtain consent to the amendment. Any request for leave of the Court to file a motion to amend shall contain a redlined version of the proposed amended pleading as an exhibit.

14. All dispositive motions must first be subject to a dispositive motion pre-hearing. Discovery generally must be completed prior to the filing of a dispositive motion.

## VI. EXPERTS

15. All affirmative expert reports shall be delivered by **a date to be assigned**. Any such report shall comport with the form and content requirements of Fed. R. Civ. P. 26(a)(2)(B).

16. All responding expert reports shall be delivered by **a date to be assigned**. Any such report shall comport with the form and content requirements referenced above.

17. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his or her report.

18. Expert discovery, including the depositions of any expert witnesses, shall be completed on or before **a date to be assigned**.

## VII. FINAL PRETRIAL CONFERENCE

19. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(e) **at a time and date to be assigned.**

20. All counsel are directed to assemble at the office of Plaintiff's counsel not later than ten (10) days before the final pretrial conference to prepare the Final Pretrial Order in compliance with the form and content requirements of the Court. Plaintiff's counsel shall prepare the Final Pretrial Order and shall submit it to all other counsel for approval before submitting it to the Court.

21. The original of the Final Pretrial Order shall be delivered to Chambers in hard copy not later than **three full business days** before the final pretrial conference. All parties are responsible for the timely submission of the Final Pretrial Order.

22. **FAILURE TO FOLLOW THIS ORDER MAY RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

                                                       *s/ Leda Dunn Wettre*
                                                       Hon. Leda Dunn Wettre
                                                       United States Magistrate Judge

Original:    Clerk of the Court
cc:         Hon. Julien Xavier Neals, U.S.D.J.
            All Parties