75 Livingston Avenue, Roseland, NJ 07068 (973) 622-1800

**Michele M. Dudas**
Direct Dial: (973) 721-5021
mdudas@msbnj.com
15292-001

November 27, 2024

<u>Via ECF</u>
Honorable Julien Xavier Neals, U.S.D.J.
United States District Court of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Courtroom 5D
Newark, New Jersey 07102

  Re: **Federal Trade Commission**
     **v. TheFBAMachine, Inc.,** *et al.*
     **Civil Action No. 24-6635 (JXN)(LDW)**

Dear Judge Neals:

  As Your Honor is aware, this firm is counsel to Anthony Sodono, III, Esq., the receiver ("Receiver") appointed in the above-captioned matter. Pursuant to Your Honor's instructions at the November 21, 2024 continued hearing on the emergent Motion for Contempt [ECF 65] filed by Plaintiff Federal Trade Commission ("FTC") against TheFBAMachine Inc., Passive Scaling Inc., Sales.Support New Jersey Inc., 1HR Deliveries Inc., Hourly Relief Inc., 3PL Logistics Automation Inc., FBA Support NJ Corp., Daily Distro LLC, and Closter Green Corp d/b/a Wraith & Co. and Bratislav Rozen a.k.a. Steven Rozenfeld and Steven Rozen ("Mr. Rozenfeld"), individually and as an officer of TheFBAMachine Inc., Passive Scaling Inc., Sales.Support New Jersey Inc., 1HR Deliveries Inc., Hourly Relief Inc., 3PL Logistics Automation Inc., FBA Support NJ Corp., Daily Distro LLC, and Closter Green Corp d/b/a Wraith & Co. (where appropriate, together with Mr. Rozenfeld, collectively, the "Defendants"), below is a summary of information requested by the Receiver which remains outstanding by the Defendants.

  Separate and apart from any reporting required under the Court's initial Temporary Restraining Order [ECF 5] or Stipulated Preliminary Injunction, as corrected ("Stipulated PI") [ECF 54], which was only recently responded to by the Defendants, the Receiver and his Court-retained accountants, Eisner Amper ("Eisner"), requested certain financial information in June 2024, and for which there has been no responsive information provided:[1]

---

[1] The Receiver notes that there have been some instances where information was required to be produced to both the FTC and the Receiver under the Stipulated PI, but neither the Receiver nor his counsel was copied on the submission(s) to the FTC by the Defendants.

Honorable Julien Xavier Neals, U.S.D.J.
November 27, 2024
Page 2

    (a) copies of supporting assumptions, components, calculations and supporting documentation and analyses that support projected revenues and operating expenses;
    (b) copies of general ledgers for each of the Receivership Entities for January 1, 2020, through May 2024; and
    (c) Missing bank statements for March through May 2024 for the Defendants.

In addition to these specific requests for information, since June 2024, through the Receiver, Eisner has requested calls with Mr. Rozenfeld and his professionals to have detailed discussion(s) regarding operations of the various entities, to go through the forecast support, and to understand the sources of the information. Other than one (1) call in October 2024 for Eisner to provide Mr. Rozenfeld's bookkeeper with information relating to QuickBooks, no call has taken place or been scheduled.

Should Your Honor have any questions or require any further information respecting the foregoing summary, the Receiver will supplement this response. We thank the Court for its consideration.

    Respectfully submitted,

    /s/ Michele M. Dudas

    Michele M. Dudas

cc:   Frances Kern, Esq. (via ECF)
      Colleen B. Robbins, Esq. (via ECF)
      Mikhail Usher, Esq. (via ECF)
      Alexander Susi, Esq. (via ECF)
      Mark M. Makhail, Esq. (via ECF)
      Ryan Magee, Esq. (via ECF)
      Anthony Sodono, III, Esq. (via ECF)
      Sari B. Placona, Esq. (via ECF)