UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>            Plaintiff,          )<br>                                 )<br>v.                              )<br>                                 )<br>THEFBAMACHINE INC., et al   )<br>                                 )<br>           Defendants.        ) | Civil Action No. 2:24-6635(JXN)(LDW) |

## **ZOELLER PUMP COMPANY'S MOTION TO INTERVENE**

NOW COMES, Zoeller Pump Company ("Zoeller"), by and through its attorneys, Traub Lieberman Straus & Shrewsberry, LLP, and hereby moves to intervene in the above-entitled action pursuant to Federal Rule of Civil Procedure 24, and in support thereof states as follows:

## **INTRODUCTION**

On June 3, 2024, the Federal Trade Commission ("FTC") filed suit in this Court against a series of Defendants, including but not limited to Daily Distro LLC. (the "FTC Action") (Dkt. 1). The FTC Action arises the Defendants' alleged deception of investors and customers through the use of deceptive earnings claims. (Dkt. 81-1 ¶2). The alleged scheme involved the sale of products through online stores on e-commerce platforms such as Amazon.com and Walmart.com. (*Id.*) Defendants are alleged to have defrauded consumers of at least $15.9 million. (*Id.*).

Some of the products used by Defendants in their scheme are pumps manufactured by Zoeller. Upon information and belief, Daily Distro LLC purchased pumps on credit from Zoeller and then resold said pumps to customers. At the time the Defendant entities were shut down, Daily Distro LLC owed Zoeller approximately $350,000. Accordingly, Zoeller seeks to intervene in this matter to protect its interests as a matter of right. In the alternative, this Court should grant Zoeller's permissive intervention.

## BACKGROUND

Zoeller Pump Company manufactures various types of pumps and accessories relating thereto. On or about July 11, 2022, one of the receivership entities, Daily Distro, submitted a Credit Application to Zoeller in order to be able to purchase Zoeller products on credit. Daily Distro, LLC's application, which included a personal guarantee by Steven Rozen, was approved. Thereafter, Daily Distro, began purchasing various Zoeller products on credit.

From January 9, 2023 through March 20, 2024, Daily Distro placed 21 different orders totaling over $1.788 million. Of this amount, Daily Distro paid all but only approximately $12,400. In light of the Daily Distro's prior ability to pay, Zoeller was not on notice of future inability of Daily Distro to pay and, therefore, permitted Daily Distro to continue to purchase products on credit.

From March 26, 2024 through June 4, 2024, Daily Distro placed an additional 8 orders totaling $330,226.58. (True and correct copies of said invoices are attached as Group **Exhibit 1** to the Declaration of Laura Faustino, Esq.).[1] These orders were all delivered to Daily Distro at its facility located in North Bergen, New Jersey. As of the date of this motion, Zoeller has not received payment for any product reflected in Group Exhibit 1.

Attempts made from April to July 16, 2024, to contact Daily Distro to receive payment on the outstanding invoices were unsuccessful. On July 16, 2024, counsel for Zoeller attempted contact with Daily Distro via email, telephone, and U.S. Mail, in an attempt to obtain payment. (*See* correspondence dated July 16, 2024, to Daily Distro attached as **Exhibit 2**). Eventually counsel received a call from an unknown individual identifying himself as a former employee of Daily Distro advising that Daily Distro was under investigation by the FTC and was shut down.

Prior to July 16, 2024, Zoeller did not know of the instant FTC action and had no knowledge of why Daily Distro was not making payment for the products received. Counsel for Zoeller then emailed the receiver to advise him of the outstanding balance owed by Daily Distro. (*See* email from Jessica Burtnett, Esq. to Anthony Sodono and Michelle Dudas attached hereto as **Exhibit 3**). Counsel also advised the receiver that, upon information and belief, Zoeller pumps which had not

---

[1] Hereafter all references to "Exhibits" shall refer to exhibits annexed to the Declaration of Faura Faustino, Esq.

3

yet been paid for by Daily Distro were still at the North Bergen facility. On July 25, 2024, Zoeller filed a UCC-1 lien on the products not yet paid for by Daily Distro. (*See* UCC Financing Statement attached hereto as **Exhibit 4**).

Through discussions between counsel for Zoeller and the receiver representatives, an agreement was reached wherein Zoeller was permitted to retrieve *some* product from the North Bergen facility. This product consisted of some new products as well as some returned products. Zoeller obtained possession of these products on August 9, 2024 and August 12, 2024 (the "reclaimed product"). However, Zoeller has been unable to retrieve additional products from the receiver despite the fact that, upon on information and belief, additional Zoeller product was at the North Bergen facility after July 16, 2024, but was shipped to a different location.

Based upon filings with this Court, the temporary receiver has been unable to make a determination regarding the Defendants' true financial condition, including where potentially millions of dollars obtained by the Defendants went. Further, upon information and belief the parties are discussing settlement. (Dkt. 89 ¶2). Therefore, Zoeller must intervene to protect its rights to its property and lien.

## LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) governs intervention as a matter of right, requiring same when the applicant "claims an interest relating to the property

4

of the transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FRCP 24(a)(2). Additionally, Rule 24(b) allows permissive intervention when an applicant's claim or defense and the main action share a common question of law or fact. FRCP24(b)(1)(B). Whether to grant intervention is within the discretion of the Court. *First American Bank Co. v. Sjp Group*, Civil Action No. 17-3778 (MAS)(DEA), 2018 U.S. Dist. LEXIS 242672, at *3 (D.N.J. Feb. 9, 2018); *See Brody v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992) (noting that a district court's ruling on a motion for permissive intervention is a "highly discretionary decision" into which the Circuit is "reluctant to intrude").

## ARGUMENT

### II. <u>Zoeller Should Be Granted Intervention as of Right</u>

Under Rule 24(a)(2), a party is entitled to intervene as a matter of right if the party seeking intervention demonstrates, on timely application for leave to intervene, (1) "a sufficient interest in the litigation," (2) "a threat that the interest will be impaired or affected . . . by the disposition of the action," and (4) "inadequate representation of the prospective intervenor's interest by existing parties to the litigation." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998) (citations omitted) (finding intervention as of right appropriate in order to allow private parties

5

to protect their economic interests in certain agreements). While "[t]he proposed intervenor carries the burden of establishing the presence of all three elements required for intervention as a matter of right…, [w]hen an applicant satisfies these elements, however, the right to intervene is absolute and the motion to intervene may not be denied." *Id.*

### A.   Zoeller Has an Interest in the Subject Matter of this Litigation.

In order to intervene under Rule 24(a)(2), a non-party must assert an interest relating to the property or transaction which is the subject of the action. *Id.* A proposed intervenor's interest need not be a legal interest, provided that he or she "'will be practically disadvantaged by the disposition of the action.'" *Id.* at 98 (quoting *Kleissler*, 157 F.3d at 970). "However, rather than merely showing some impact, 'the applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene.'" *Id.* (quoting *Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir. 1987)).

Furthermore, proposed intervenors need not possess an interest in each and every aspect of the litigation. *See*, e.g*., Mt. Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 368 (3d Cir. 1995)(reversing district court denial of the motion to intervene because the appellants claimed an interest in the very property that was the subject matter of the suit).  Instead, "[t]hey are entitled to intervene as to specific issues so long as their interest in those issues is

significantly protectable." *Id*. (citations omitted). As such, Courts have recognized that "it is appropriate in certain cases to conduct a two-step examination, separately evaluating whether the applicant has a right to intervene at the merits stage and whether he or she may intervene to participate in devising the remedy." *Brody v. Spang*, 957 F.2d 1108, 1115-16 (3d Cir. 1992)(citing *Harris*, 820 F.2d at 599).

The Third Circuit routinely finds property interest sufficient to support an applicant's intervention of right. *ACR Energy Partners, LLC v. Polo N. Country Club, Inc*., 309 F.R.D. 191, 192 (D.N.J. 2015) (granting motion to intervene where bank's security interest in all of the claimed property disputed in the litigation supported the bank's entitlement to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)). Here, Zoeller's interest in this litigation is derived from its interest in its own property which has not been paid for and is believed to be in the possession of Defendants. The whereabouts of said property may be revealed by the FTC's and/or the receiver's efforts to locate Defendants' assets in connection with this litigation. Alternatively, if Zoeller's product was sold by the Defendants and/or receiver, Zoeller has an interest in the proceeds from those sales given the debt owed by Daily Distro and Rozen to Zoeller (approximately $350,000).

**B.    Zoeller's Rights May Be Impaired or Impeded as a Result of This Litigation.**

In order to meet the requirements of Rule 24(a)(2), proposed intervenors must also demonstrate that their interest might become affected or impaired, as a practical

7

matter, by the disposition of the action in their absence. *Mt. Top Condo. Ass'n.*, 72 F.3d at 368. In this case, Zoeller's rights might be affected or impaired a result of this litigation if it is not permitted to intervene because the receiver currently has control over Zoeller's property. With this control, the receiver has the ability use Zoeller's property to satisfy claims by other victims. Specifically, the receiver has the ability to sell or otherwise dispose of Zoeller's property and disburse funds obtained from such sales to individuals and/or entities other than Zoeller. Once sold, Zoeller's property will be lost forever, and once proceeds are disbursed to others, Zoeller will not have an ability to recoup those funds.

    **C.    Zoeller's Rights Are Not Adequately Protected by the Existing Parties to This Litigation**

The final requirement under Rule 24(a)(2) is that the cognizable interest is inadequately protected by the existing parties to the litigation. In general, "the burden of making that showing should be treated as minimal.'" *Benjamin v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 958 (3d Cir. 2012) (vacating district court's order denying intervention because the district court abused its discretion by denying intervention as of right pursuant to Fed. R. Civ. P. 24(a)(2)). Here, Zoeller's rights are not adequately protected by the FTC or the receiver. Zoeller has an interest in obtaining possession of its own property and/or all funds obtained from the sale of its property. The FTC and receiver are balancing the interests of many, and perhaps dozens of victims. As such, they are more interested in obtaining as much money as

possible to compensate victims without necessarily giving consideration to whether Zoeller still owns some of the property previously stored at Daily Distro. (*See* email dated July 24, 2024 from Michele Dudas attached hereto as **Exhibit 5** (without attachment)("As I am sure you [are] aware, if the pumps are owned by Daily Distro (or any defendant), they could be auctioned off for the benefit of all creditors and victims.") Thus, the FTC's and receiver's interests are in conflict with Zoeller's interests, making the FTC and receiver unable to adequately protect Zoeller's rights. It goes without saying that none of the Defendants are properly protecting Zoeller's rights given that the Defendants' actions are what placed Zoeller in this position.

### D.  Zoeller's Application is Timely

In exercising its discretion, the court must also consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. In making this determination, Court have relied upon the following three factors as a "useful framework" for assessing timeliness: (1) "[h]ow far the proceedings have gone when the movant seeks to intervene," (2) "prejudice which resultant delay might cause to other parties," and (3) "the reason for the delay." *Pennsylvania v. Rizzo*, 530 F.2d 501, 506 (3d Cir. 1976).  With respect to the third factor, the delay refers to any delay in seeking intervention, which "should be measured from the time the proposed intervenor knows or should have known of the alleged risks" to his rights. *Benjamin ex rel. Yock*, 701 F.3d at 950 (citation omitted).

### 1. *The Proceedings Are at Their Initial Stages*

The critical inquiry is what proceedings of substance on the merits have occurred. *Mt. Top Condo. Ass'n.*, 72 F.3d at 369. Here, the initial complaint was filed on June 3, 2024 (Dkt. 1) – approximately 5 months ago. Further, Plaintiff filed its Amended Complaint just one month ago (Dkt. 83), on October 15, 2024, and the Court just entered a Pretrial Scheduling Order on November 7, 2024. (Dkt. 90). As such, the matter is still in its initial stages.

Further, and more importantly, the Parties recently began discussing settlement. (*Id.*). If the parties are able to reach a settlement, Plaintiff will presumably be responsible for collecting and potentially distributing all of the Defendants' available assets. Zoeller must intervene to protect its property rights and to ensure it is adequately compensated for the debt owed by Daily Distro and Rozen. *Mt. Top Condo. Ass'n.*, 72 F.3d at 365)(reversing district court denial of the motion to intervene where appellants sought intervention when potential settlement could deplete funds). As such, Zoeller should be afforded the opportunity to contest damages in this matter.

### 2. *Neither Party will be Prejudiced by Zoeller's Intervention*

There will be virtually no delay in the proceedings given that proceedings are at their initial stages. *Michaels Stores v. Castle Ridge Plaza Assocs.,* 6 F. Supp. 2d 360, 364 (D.N.J. 1998) (opining that because the motion for intervention was filed

at such an early stage in the litigation, the original parties to the action cannot have suffered any prejudice at all). Further, outside of authentication of the personal guarantee signed by Rozen, the vast majority of evidence to be relied upon by Zoeller in proving its claims against Daily Distro and Rozen will most likely be developed by Plaintiff. The minimal amount of additional discovery Zoeller may need to partake in will not cause delay to the proceedings.

> 3. *Zoeller was Unaware of the Daily Distro's Shut Down*

In this matter, Zoeller did not delay in bringing its motion to intervene. The parties did not disclose the possibility of settlement until November 4, 2024 (Dkt. 89). It was at this point that Zoeller's property rights were placed at risk through sale or disbursement. This motion is being filed shortly thereafter. Therefore, Zoeller's petition is timely.

Accordingly, for the reasons set forth above, Zoeller is entitled to intervention as of right in this matter.

**III.    In the Alternative, Zoeller Should Be Granted a Permissive Intervention**

As stated above, Zoeller is entitled to intervention as of right in this matter. However, if this Court does not find that Zoeller is entitled to intervention as of right, then this Court should grant Zoeller permissive intervention. The Federal Rule of Civil Procedure 24(b)(1)(B) grants the Court discretion to allow intervention on timely motion where the movants have a claim or defense that shares with the main

11

action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B). The decision of whether to grant or deny permissive intervention lies within the Court's discretion. *Conforti v. Hanlon*, 2023 U.S. Dist. LEXIS 56359, at *13 (D.N.J. Mar. 31, 2023).

Courts also consider various factors, including whether the proposed interventors will add anything to the litigation and whether the proposed intervenors' interests are already represented in the litigation. *Id*. Additionally, when considering whether to exercise its discretion and allow intervention under Rule 24(b), "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Here, Zoeller's intervention in this lawsuit would involve a narrow common question of law and fact with those being adjudicated between the parties as it relates to Zoeller's property; specifically, the Court will need to determine what was owned by the Defendants in order to determine what can be recovered and used to compensate victims. Further, for the reasons stated above, Zoeller's interests are not currently being adequately represented and Zoeller's intervention will not delay the matter because it is in its preliminary stages.

Thus, in the alternative to its request for an order granting intervention as of right, Zoeller should be granted permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).

## CONCLUSION

For the reasons set forth above, the requirements of Federal Rule of Civil Procedure 24 (a)(2) and 24(b)(1)(B) have been met, and, therefore, Zoeller respectfully requests that this Honorable Court grant Zoeller's Motion to Intervene. A copy of the proposed Complaint in Intervention is attached hereto as **Exhibit 6**.

WHEREFORE, Zoeller respectfully requests that this Honorable Court grant its Motion to Intervene; that it be granted leave to file its Appearance; that it be granted leave to file all necessary pleadings to contest Daily Distro; and for any further relief that this Court deems just.

Dated:     December 6, 2024            Respectfully submitted,

**TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP**
Attorneys for Zoeller Pump Company


By:   */s/ Laura M. Faustino*
         Laura M. Faustino