Mikhail Usher
Alexander Susi
Usher Law Group PC
1022 Avenue P
Brooklyn, NY 11223
(718) 484-7510
*Attorneys for Steven Rozenfeld and the Corporate Defendants*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

FEDERAL TRADE COMMISSION

        Plaintiff,        Docket No: 24-6635 (JXN) (LDW)

        **ANSWER**

    vs.

THE FBA MACHINE INC., a corporation;
PASSIVE SCALING INC., a corporation;
SALES.SUPPORT NEW JERSEY INC., a corporation;
1 HR DELIVERIES INC., a corporation;
HOURLY RELIEF INC., a corporation;
3PL LOGISTIC AUTOMATION INC, a corporation;
FBA SUPPORT NJ CORP., a corporation;
DAILY DISTRO LLC, a limited liability company;
CLOSTER GREEN CORP., doing business as
WRAITH & CO., a corporation; and
BRATISLAV ROZENFELD, also known
As Steven Rozenfeld and Steven Rozen,
Individually and as an officer or owner of
THE FBA MACHINE INC., PASSIVE SCALING INC.,
SALES.SUPPORT NEW JERSEY INC.;
1 HR DELIVERIES INC.,
HOURLY RELIEF INC.,
3PL LOGISTIC AUTOMATION INC,
FBA SUPPORT NJ CORP.
DAILY DISTRO LLC,
CLOSTER GREEN CORP., doing business as
WRAITH & CO., a corporation and
AMANDA ROZENFELD, also known as
Amanda Peremen and Amanada Peremen, individually,

        Defendants

---

Defendants STEVEN ROZENFELD, THE FBA MACHINE INC., PASSIVE SCALING INC., SALES.SUPPORT NEW JERSEY INC., 1 HR DELIVERIES INC., HOURLY RELIEF INC., 3PL LOGISTIC AUTOMATION INC, FBA SUPPORT NJ CORP., DAILY DISTRO LLC, CLOSTER GREEN CORP., and WRAITH & CO., (hereinafter "Defendants"), hereby files its Answer and Affirmative Defenses to the Verified Second Amended Complaint (hereinafter the "Complaint") filed by the FEDERAL TRADE COMMISSION (hereinafter "Plaintiff") and alleges:

## ANSWER

1. Defendants deny the allegations contained in Paragraph 1 of the complaint and deny that the Plaintiff is entitled to relief in this action. Without waiving said objections, Defendants have stipulated to the entry of a preliminary injunction in this matter.

### Answering "SUMMARY OF THE CASE"

2. Defendants deny the allegations contained in Paragraph 2 of the complaint.

3. Defendants deny the allegations contained in Paragraph 3 of the complaint.

4. Defendants deny the allegations contained in Paragraph 4 of the complaint.

### Answering "JURISDICTION AND VENUE"

5. Defendants admit the allegations contained in Paragraph 5 of the complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the complaint.

### Answering "PLAINTIFF"

7. Defendants deny sufficient knowledge to either admit or deny the allegations contained in Paragraph 7 of the complaint.

### Answering "DEFENDANTS"

8. Defendants deny the allegations contained in Paragraph 8 of the complaint.

*Corporate Defendants*

9. Defendants admit that TheFBAMachine Inc. is a New Jersey and Delaware corporation with its principal place of business at 78 John Miller Way, Suite 2111, Kearny, New Jersey 07032, that has transacted business in this District and throughout the United States. Defendants deny the remaining allegations contained in Paragraph 9 of the complaint.

10. Defendants admit that Passive Scaling Inc. was a New Jersey corporation with its principal place of business at 78 John Miller Way, Suite 2111, Kearny, New Jersey 07032, that has transacted business in this District and throughout the United States. Defendants deny the remaining allegations contained in Paragraph 10 of the complaint.

11. Defendants admit that Sales.Support New Jersey Inc. is a New Jersey corporation with its principal place of business at 78 John Miller Way, Suite 2111, Kearny, New Jersey 07032, that has transacted business in this District and throughout the United States. Defendants deny the remaining allegations contained in Paragraph 11 of the complaint.

12. Defendants admit that 1HR Deliveries Inc. is a New Jersey corporation with its principal place of business at 78 John Miller Way, Suite 2111, Kearny, New Jersey 07032, that has transacted business in this District and throughout the United States. Defendants deny the remaining allegations contained in Paragraph 12 of the complaint.

13. Defendants admit that Hourly Relief Inc. is a New Jersey corporation with its principal place of business at Edgewater, New Jersey 07020, that has transacted business in this District and throughout the United States. Defendants deny the remaining allegations contained in Paragraph 13 of the complaint.

14. Defendants admit that 3PL Logistic Automation Inc. is a New Jersey corporation with its principal place of business at 78 John Miller Way, Suite 2111, Kearny, New Jersey 07032, that has transacted business in this District and throughout the United States. Defendants deny the remaining allegations contained in Paragraph 14 of the complaint.

15. Defendants admit that FBA Support NJ Corp. is a New Jersey corporation with its principal place of business at 78 John Miller Way, Suite 2111, Kearny, New Jersey 07032, that has transacted business in this District and throughout the United States. Defendants deny the remaining allegations contained in Paragraph 15 of the complaint.

16. Defendants admit that Daily Distro LLC is a New York corporation with its principal place of business at 78 John Miller Way, Suite 2111, Kearny, New Jersey 07032, that has transacted business in this District and throughout the United States. Defendants deny the remaining allegations contained in Paragraph 16 of the complaint.

17. Defendants admit that Closter Green Corp., doing business as Wraith & Co. is a New York corporation with its principal place of business at 3616 29th Street, Long Island City, New York 11106, that has transacted business in this District and throughout the United States. Defendants deny the remaining allegations contained in Paragraph 14 of the complaint.

***Individual Defendants***

18. Defendants admit that Steven Rozenfeld is the owner of FBA Machine; president of Passive Scaling, Sales Support, 1HR, 3PL, and FBA Support NJ; director of Hourly Relief; sole member of Daily Distro; and majority owner of Wraith. Defendants deny the remaining allegations contained in Paragraph 18 of the complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the complaint.

### Relief Defendant

20. Defendants admit that Amanda Rozenfeld received a salary from Daily Distro. Defendants deny the remaining allegations contained in Paragraph 20 of the complaint.

### Answering "COMMON ENTERPRISE"

21. Defendants deny the allegations contained in Paragraph 21 of the complaint.

22. Defendants admit the allegations contained in Paragraph 22 of the complaint.

### Answering "COMMERCE"

23. Defendants deny the allegations contained in Paragraph 23 of the complaint.

### Answering "DEFENDANTS' BUSINESS ACTIVITIES"

24. Defendants admit that Steven Rozenfeld operated Daily Distro. Defendants deny the remaining allegations contained in Paragraph 24 of the complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the complaint.

26. Defendants admit the allegations contained in Paragraph 26 of the complaint. FBA Support denies any allegations of wrongdoing and notes that the referenced matter was settled.

27. Defendants admit the allegations contained in Paragraph 27 of the complaint.

28. Defendants admit the allegations contained in Paragraph 28 of the complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the complaint.

30. Defendants admit the allegations contained in Paragraph 30 of the complaint.

31. Defendants admit the allegations contained in Paragraph 31 of the complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the complaint.

35. Passive Scaling admits that it partnered with Optimyze Digital. Defendants deny sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 35 of the complaint.

36. Defendants deny sufficient knowledge to either admit or deny the allegations contained in Paragraph 36 of the complaint.

37. Defendants deny sufficient knowledge to either admit or deny the allegations contained in Paragraph 38 of the complaint.

38. Defendants deny sufficient knowledge to either admit or deny the allegations contained in Paragraph 38 of the complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the complaint.

45. Defendants admit the allegations contained in Paragraph 45 of the complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the complaint except to state that the contracts speak for themselves.

47. Defendants deny the allegations contained in Paragraph 47 of the complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the complaint.

49. Defendants admit the allegations contained in Paragraph 49 of the complaint and state that the contracts speak for themselves.

50. Defendants deny the allegations contained in Paragraph 50 of the complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the complaint.

52. Defendants admit that Steven Rozenfeld and FBA Support were sued in 2021 and that Passive Scaling was sued on multiple occasions. Defendants deny the remaining allegations contained in Paragraph 52 of the complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the complaint

57. Defendants deny the allegations contained in Paragraph 57 of the complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the complaint.

63. Defendants admit that the Corporations in this matter are separate entities. Defendants deny the remaining allegations contained in Paragraph 63 of the complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the complaint.

68. Defendants admit the allegations contained in Paragraph 68 of the complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the complaint except to say that Passive Scaling was making efforts to settle any request for refund.

76. Defendants deny the allegations contained in Paragraph 76 of the complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the complaint.

78. Defendants admit that some clients received refunds. Defendants deny the remaining allegations contained in Paragraph 78 of the complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the complaint.

80. Passive Scaling admits that it was sued multiple times between August 2022 and March 2024. Defendants deny the allegations contained in Paragraph 80 of the complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the complaint.

85. Defendants admit the allegations contained in Paragraph 85 of the complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the complaint.

94. Defendants deny the allegations contained in Paragraph 94 of the complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the complaint.

97. Defendants deny the allegations contained in Paragraph 97 of the complaint.

98. Defendants deny the allegations contained in Paragraph 98 of the complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the complaint.

100. Defendants deny the allegations contained in Paragraph 100 of the complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the complaint.

102. Defendants deny the allegations contained in Paragraph 102 of the complaint.

103. Defendants deny the allegations contained in Paragraph 103 of the complaint.

104. Defendants deny the allegations contained in Paragraph 104 of the complaint.

105. Defendants deny the allegations contained in Paragraph 105 of the complaint.

106. Defendants deny the allegations contained in Paragraph 106 of the complaint.

107. Defendants deny the allegations contained in Paragraph 107 of the complaint.

108. Defendants deny the allegations contained in Paragraph 108 of the complaint except as to say that the contracts speak for themselves.

109. Defendants deny the allegations contained in Paragraph 109 of the complaint except as to say that the contracts speak for themselves.

110. Defendants deny the allegations contained in Paragraph 110 of the complaint.

111. Defendants deny the allegations contained in Paragraph 111 of the complaint.

112. Defendants deny the allegations contained in Paragraph 112 of the complaint.

113. Defendants deny the allegations contained in Paragraph 113 of the complaint.

114. Defendants deny the allegations contained in Paragraph 114 of the complaint.

115. Defendants deny the allegations contained in Paragraph 115 of the complaint.

116. Defendants deny the allegations contained in Paragraph 116 of the complaint.

117. Defendants deny the allegations contained in Paragraph 117 of the complaint.

118. Defendants deny the allegations contained in Paragraph 118 of the complaint.

### Answering "VIOLATIONS OF THE FTC ACT"

119. Defendants admit the quoted portion of the FTC Act and deny all other allegations contained in Paragraph 119 of the Complaint.

120. Defendants deny the allegations contained in Paragraph 120 of the complaint.

121. Defendants deny the allegations contained in Paragraph 121 of the complaint.

### Answering "COUNT I"

122. Defendants deny the allegations contained in Paragraph 122 of the complaint.

123. Defendants deny the allegations contained in Paragraph 123 of the complaint.

124. Defendants deny the allegations contained in Paragraph 124 of the complaint.

### Answering "COUNT II"

125. Defendants deny the allegations contained in Paragraph 125 of the complaint.

126. Defendants deny the allegations contained in Paragraph 126 of the complaint.

127. Defendants deny the allegations contained in Paragraph 127 of the complaint.

### Answering "VIOLATIONS OF THE BUSINESS OPPORTUNITY RULE"

128. Defendants deny the allegations contained in Paragraph 128 of the complaint.

129. Defendants deny the allegations contained in Paragraph 129 of the complaint.

130. Defendants deny the allegations contained in Paragraph 130 of the complaint.

131. Defendants deny the allegations contained in Paragraph 131 of the complaint.

132. Defendants deny the allegations contained in Paragraph 132 of the complaint.

133. Defendants deny the allegations contained in Paragraph 133 of the complaint.

134. Defendants deny the allegations contained in Paragraph 134 of the complaint.

135. Defendants deny the allegations contained in Paragraph 135 of the complaint.

136. Defendants deny the allegations contained in Paragraph 136 of the complaint.

137. Defendants deny the allegations contained in Paragraph 137 of the complaint.

### Answering "COUNT III"

138. Defendants deny the allegations contained in Paragraph 138 of the complaint.

139. Defendants deny the allegations contained in Paragraph 139 of the complaint.

### Answering "COUNT IV"

140. Defendants deny the allegations contained in Paragraph 140 of the complaint.

141. Defendants deny the allegations contained in Paragraph 141 of the complaint.

### Answering "COUNT V"

142. Defendants deny the allegations contained in Paragraph 142 of the complaint.

143. Defendants deny the allegations contained in Paragraph 143 of the complaint.

### Answering "COUNT VI"

144. Defendants deny the allegations contained in Paragraph 144 of the complaint.

145. Defendants deny the allegations contained in Paragraph 145 of the complaint.

### Answering "COUNT VII"

146. Defendants deny the allegations contained in Paragraph 146 of the complaint.

147. Defendants deny the allegations contained in Paragraph 147 of the complaint.

### Answering "VIOLATIONS OF THE CONSUMER REVIEW FAIRNESS ACT"

148. Defendants deny the allegations contained in Paragraph 148 of the complaint.

149. Defendants deny the allegations contained in Paragraph 149 of the complaint.

150. Defendants deny the allegations contained in Paragraph 150 of the complaint.

151. Defendants deny the allegations contained in Paragraph 151 of the complaint.

152. Defendants deny the allegations contained in Paragraph 152 of the complaint.

153. Defendants deny the allegations contained in Paragraph 153 of the complaint.

### Answering "COUNT VIII"

154. Defendants deny the allegations contained in Paragraph 154 of the complaint.

155. Defendants deny the allegations contained in Paragraph 155 of the complaint.

### Answering "COUNT IX"

156. Defendants deny the allegations contained in Paragraph 156 of the complaint.

157. Defendants deny the allegations contained in Paragraph 157 of the complaint.

158. Defendants deny the allegations contained in Paragraph 158 of the complaint.

### Answering "CONSUMER INJURY"

159. Defendants deny the allegations contained in Paragraph 159 of the complaint.

### Answering "PRAYER FOR RELIEF"

160. Defendants deny that Plaintiff is entitled to relief in this action.

### AFFIRMATIVE DEFENSES

### AND AS FOR A FIRST AFFIRMATIVE DEFENSE

161. Plaintiff fails to state a claim upon which relief can be granted.

**WHEREFORE,** the Defendants herein respectfully requests: (i) Judgment in favor of the Defendants; and for any further relief this Honorable Court deems just, proper and equitable.

| | |
|---|---|
| Dated: Brooklyn, New York<br>January 7, 2025 | Respectfully Submitted,<br><br>__*/s/ Mikhail Usher*__<br>Mikhail Usher, Esq.<br>USHER LAW GROUP, P.C.<br>1022 Ave P, 2nd Floor<br>Brooklyn, New York 11223<br>(718) 484-7510<br>(718) 865-8566 |