UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>   Plaintiff,<br><br>   v.<br><br>THEFBAMACHINE INC., a corporation;<br><br>PASSIVE SCALING INC., a corporation;<br><br>SALES.SUPPORT NEW JERSEY INC., a corporation;<br><br>1HR DELIVERIES INC., a corporation;<br><br>HOURLY RELIEF INC., a corporation;<br><br>3PL LOGISTIC AUTOMATION INC., a corporation;<br><br>FBA SUPPORT NJ CORP., a corporation;<br><br>DAILY DISTRO LLC, a limited liability company;<br><br>CLOSTER GREEN CORP., doing business as WRAITH & CO., a corporation; and<br><br>BRATISLAV ROZENFELD, also known as Steven Rozenfeld and Steven Rozen, individually and as an officer or owner of THEFBAMACHINE INC.; PASSIVE SCALING INC.; SALES.SUPPORT NEW JERSEY INC.; 1HR DELIVERIES INC.; HOURLY RELIEF INC.; 3PL LOGISTIC AUTOMATION INC.; FBA SUPPORT NJ CORP.; DAILY DISTRO LLC; and CLOSTER GREEN CORP., doing business as WRAITH & CO.,<br><br>   Defendants, and<br><br>AMANDA ROZENFELD, also known as Amanda Peremen and Amanada Peremen, individually,<br><br>   Relief Defendant. | Case No.24-CV-6635 (JXN) (LDW)<br><br>**STIPULATED ORDER FOR MONETARY JUDGMENT AS TO RELIEF DEFENDANT** |

1

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Judgment, and Other Relief, subsequently amended as Second Amended Complaint for Permanent Injunction, Monetary Judgment, and Other Relief ("Complaint"), for a permanent injunction, monetary relief, and other relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) & 57b; the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" ("Business Opportunity Rule"), 16 C.F.R. Part 437, as amended; and the Consumer Review Fairness Act of 2016 ("CRFA"), 15 U.S.C. § 45b. The Commission and Relief Defendant stipulate to the entry of this Stipulated Order for Monetary Judgment as to Relief Defendant ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Relief Defendant received assets from defendants traceable to defendants' purchasers through defendants' deceptive and unfair acts and practices and would be unjustly enriched if not required to disgorge the funds she received.

3. Relief Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Relief Defendant admits the facts necessary to establish jurisdiction.

4. Relief Defendant waives any claim that she may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear her own costs and attorney fees.

5.  Relief Defendant waives all rights to appeal or otherwise challenge or contest the validity of this Order.

6.  Relief Defendant stipulates that she does not reside, nor has she ever resided, at certain real property owned by defendant Bratislav Rozenfeld with the street address 3210 Dover Road in Pompano Beach, Florida, 33062, namely Lot 6, Block 16, of Hillsboro Shores, Section B, according to the Plat thereof, as recorded in Plat Book 22, Page 39, of the Public Records of Broward County, Florida ("Pompano Beach Property"). Furthermore, Relief Defendant stipulates that she does not have any intention to reside at the Pompano Beach Property.

## DEFINITION

For the purpose of this Order, the following definition applies:

A.  **"Relief Defendant"** means Amanda Rozenfeld, also known as Amanda Peremen and Amanada Peremen.

## ORDER

## I. MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A.  Judgment in the amount of Eighty Thousand Dollars ($80,000.00) is entered in favor of the Commission against Relief Defendant as monetary relief.

B.  Relief Defendant is ordered to pay to the Commission $80,000, which, as Relief Defendant stipulates, her undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

## II. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.  Relief Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.  Relief Defendant acknowledges that Relief Defendant's Social Security Number or other Taxpayer Identification Number ("TIN"), including all TINs that Relief Defendant previously provided, may be used by the Commission for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order in accordance with 31 U.S.C. § 7701.

E.  All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to the practices alleged in the Complaint. Any money not

used for relief is to be deposited to the U.S. Treasury. Relief Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

### III. ORDER ACKNOWLEDGMENT

IT IS FURTHER ORDERED that Relief Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

### IV. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Relief Defendant's compliance with this Order, including any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, Relief Defendant must: submit requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with Relief Defendant upon notice to Relief Defendant's undersigned counsel. Relief Defendant must permit representatives of the Commission to interview any person affiliated with Relief Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Relief Defendant or any individual or entity affiliated with Relief Defendant, without the necessity of identification

or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Relief Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## V. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED** this 12 day of May, 202 5.

Hon. Julien Xavier Neals
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**

_____          Date: 5/9/2025
Frances L. Kern
Colleen Robbins
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2391; fkern@ftc.gov (Kern)
(202) 326-2548; crobbins@ftc.gov (Robbins)
(202) 326-3395 (Fax)

Attorneys for Plaintiff
Federal Trade Commission


**FOR RELIEF DEFENDANT:**

_____          Date: 2/1ᵃ/25
Mark M. Makhail
Ryan Magee
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
mmakhail@mccarter.com
rmagee@mccarter.com

**RELIEF DEFENDANT:**

_____          Date: 2/19/25
Amanda Rozenfeld, aka Amanda Peremen
and Amanada Peremen

7