# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

THEFBAMACHINE INC., a corporation;

PASSIVE SCALING INC., a corporation;

SALES.SUPPORT NEW JERSEY INC., a corporation;

1HR DELIVERIES INC., a corporation;

HOURLY RELIEF INC., a corporation;

3PL LOGISTIC AUTOMATION INC., a corporation;

FBA SUPPORT NJ CORP., a corporation;

DAILY DISTRO LLC, a limited liability company;

CLOSTER GREEN CORP., doing business as WRAITH & CO., a corporation; and

BRATISLAV ROZENFELD, also known as Steven Rozenfeld and Steven Rozen, individually and as an officer or owner of THEFBAMACHINE INC.; PASSIVE SCALING INC.; SALES.SUPPORT NEW JERSEY INC.; 1HR DELIVERIES INC.; HOURLY RELIEF INC.; 3PL LOGISTIC AUTOMATION INC.; FBA SUPPORT NJ CORP.; DAILY DISTRO LLC; and CLOSTER GREEN CORP., doing business as WRAITH & CO.,

    Defendants, and

AMANDA ROZENFELD, also known as Amanda Peremen and Amanada Peremen, individually,

    Relief Defendant.

Case No.24-CV-6635 (JXN) (LDW)

**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF AS TO DEFENDANTS THEFBAMACHINE INC.; PASSIVE SCALING INC.; SALES.SUPPORT NEW JERSEY INC.; 1HR DELIVERIES INC.; HOURLY RELIEF INC.; 3PL LOGISTIC AUTOMATION INC.; FBA SUPPORT NJ CORP.; DAILY DISTRO LLC; CLOSTER GREEN CORP., DBA WRAITH & CO.; AND BRATISLAV ROZENFELD, AKA STEVEN ROZENFELD AND STEVEN ROZEN**

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Judgment, and Other Relief, subsequently amended as Second Amended Complaint for Permanent Injunction, Monetary Judgment, and Other Relief ("Complaint"), for a permanent injunction, monetary relief, and other relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) & 57b; the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" ("Business Opportunity Rule"), 16 C.F.R. Part 437, as amended; and the Consumer Review Fairness Act of 2016 ("CRFA"), 15 U.S.C. § 45b. The Commission and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.     This Court has jurisdiction over this matter.

2.     The Complaint charges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45; the Business Opportunity Rule; and the CRFA in the marketing and promotion of their online e-commerce store business opportunities.

3.     Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.     Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order,

and agree to bear their own costs and attorney fees.

5.      Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      "**Assisting Others**" includes the following:

    1.   Performing customer service functions, including receiving or responding to consumer complaints;

    2.   Formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

    3.   Formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

    4.   Providing names of, or assisting in the generation of, potential customers;

    5.   Performing marketing, billing, payment processing, or payment services of any kind; or

    6.   Acting or serving as an owner, officer, director, manager, or principal of any entity.

B.      "**Business Opportunity**" means a commercial arrangement in which:

    1.   A seller solicits a prospective purchaser to enter into a new business; and

2. The prospective purchaser makes a required payment; and

3. The seller, expressly or by implication, orally or in writing, represents that the seller or one or more designated persons will:

    i. Provide locations for the use or operation of equipment, displays, vending machines, or similar devices owned, leased, controlled, or paid for by the purchaser; or

    ii. Provide outlets, accounts, or customers, including Internet outlets, accounts, or customers, for the purchaser's goods or services; or

    iii. Buy back any or all of the goods or services that the purchaser makes, produces, fabricates, grows, breeds, modifies, or provides, including providing payment for such services as, for example, stuffing envelopes from the purchaser's home.

C.    "**Covered Communication**" means a written, oral, or pictorial review, performance assessment, or other similar analysis, including by electronic means, of goods, services, or conduct.

D.    "**Defendants**" means all of the Corporate Defendants and the Individual Defendant, individually, collectively, or in any combination.

    1.    "**Corporate Defendants**" means TheFBAMachine Inc.; Passive Scaling Inc.; Sales.Support NJ Inc.; 1HR Deliveries Inc.; Hourly Relief Inc.; 3PL Logistic Automation Inc.; FBA Support NJ Corp.; Daily Distro LLC; and Closter Green Corp., doing business as Wraith & Co.; and their successors and assigns.

    2.    "**Individual Defendant**" means Bratislav Rozenfeld, also known as Steven Rozenfeld and Steven Rozen.

E.    **"Earnings Claim"** means any oral, written, or visual representation to a consumer or prospective purchaser that conveys, expressly or by implication, a specific level or range of actual or potential sales, or gross or net income or profits, revenues, financial gains, percentage gains, or return on investment. An Earnings Claim includes, but is not limited to: (1) any chart, table, or mathematical calculation that demonstrates possible results based upon a combination of variables; (2) any statements from which a consumer or prospective purchaser can reasonably infer that he or she will earn a minimum level of income (e.g., "earn enough money to buy a Porsche," "earn a six-figure income," or "earn your investment back within one year"); (3) references to quitting one's job, not having to work, or living off income from online sales; (4) references to increased purchases or savings, including a home, cars, boats, vacations, or travel; (5) any statements, claims, success stories, endorsements, or testimonials about the performance or profitability of representatives, endorsers, instructors, or customers; and (6) any representation, even hypothetical, of how much money a consumer could or would earn.

F.    **"Prohibited Contract Provision"** means a standard contract provision, used in the course of selling or leasing goods or services, that:

1.  Prohibits or restricts the ability of a person who is a party to the contract to engage in a Covered Communication;

2.  Imposes a penalty or fee against any person who is a party to the contract for engaging in a Covered Communication; or

3.  Transfers, or requires a person who is a party to the contract to transfer, to any other person any intellectual property rights in a Covered Communication, with the exception of a non-exclusive license to lawfully use a Covered Communication about a Defendant's goods, services, or conduct.

G.      "**Provide locations, outlets, accounts, or customers**" means furnishing the

prospective purchaser with existing or potential locations, outlets, accounts, or customers;

requiring, recommending, or suggesting one or more locators or lead-generating companies;

providing a list of locator or lead-generating companies; collecting a fee on behalf of one or

more locators or lead-generating companies; offering to furnish a list of locations; or otherwise

assisting the prospective purchaser in obtaining his or her own locations, outlets, accounts, or

customers.

## ORDER

## I.      BUSINESS OPPORTUNITY BAN

IT IS FURTHER ORDERED that Defendants are permanently restrained and enjoined

from advertising, marketing, distributing, promoting, or offering for sale, or Assisting Others in

the advertising, marketing, distributing, promoting, or offering for sale of, any Business

Opportunity.

## II. PROHIBITED BUSINESS ACTIVITIES

IT IS FURTHER ORDERED that Defendants; Defendants' officers, agents, employees,

and attorneys; and all other persons in active concert or participation with any of them, who

receive actual notice of this Order, whether acting directly or indirectly, in connection with the

advertising, marketing, promoting, or offering for sale of any goods or services, are permanently

restrained and enjoined from:

A.      Making any Earnings Claim or Assisting Others in making any Earnings Claim,

unless the Earnings Claim is non-misleading and, at the time the Earnings Claim

is made, Defendants (1) have a reasonable basis for the claim; (2) have in their

possession written materials that substantiate the claimed earnings and that the

claimed earnings are typical for consumers similarly situated to those to whom the claim is made; and (3) make the written substantiation for the Earnings Claim available upon request to the consumer, potential purchaser, and the FTC;

B.    Misrepresenting or Assisting Others in misrepresenting, expressly or by implication, that Defendants' goods or services:

    1.    Will allow purchasers to earn a specific level or range of actual or potential sales, or gross or net income or profits, revenues, financial gains, percentage gains, or return on investment with little to no effort on their part; and

    2.    Will use artificial intelligence (AI) machine-learning to maximize revenues or otherwise enhance the profitability or effectiveness of the good or service;

C.    Misrepresenting or Assisting Others in misrepresenting, expressly or by implication, any other material fact concerning Defendants' goods or services, such as: the total costs; the amount of time necessary to achieve the represented results; any material restrictions, limitations, or conditions; any material aspect of its performance, efficacy, nature, or central characteristics; or any material aspect of the nature or terms of the refund, cancellation, exchange, repurchase, or remedy policies; and

D.    Prohibiting or restricting any consumer or potential purchaser from communicating reviews, performance assessments, and similar analyses about Defendants' goods or services or the conduct of Defendants related thereto; or imposing a penalty or fee against any consumer or potential consumer who

engages in such communications.

## III. INJUNCTION AGAINST SUPPRESSING COVERED COMMUNICATIONS THROUGH PROHIBITED CONTRACT PROVISIONS

IT IS FURTHER ORDERED that Defendants; Defendants' officers, agents, employees, and attorneys; and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from offering, attempting to enforce, or asserting the validity of any Prohibited Contract Provision. Nothing in this Section shall affect any other legal duty of a party to a contract or affect any cause of action arising from the breach of such duty.

## IV. MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A.    Judgment in the amount of Fifteen Million Seven Hundred Sixty-Eight Thousand Seven Hundred Two Dollars and Forty-One Cents ($15,768,702.41) is entered in favor of the Commission against Individual Defendant and Corporate Defendants, jointly and severally, as monetary relief.

B.    Wells Fargo Bank, N.A.; JP Morgan Chase Bank, N.A.; Northwestern Mutual Life Insurance Company; Robinhood Markets, Inc.; Coinbase Global, Inc.; and PayPal Holdings, Inc. are ordered to transfer to the Commission the frozen funds that they hold in accounts pursuant to the Asset Freeze in the Court's Temporary Restraining Order (ECF No. 5) and superseded by the Court's Stipulated Preliminary Injunction (ECF No. 54) within seven (7) days after entry of this Order.

C.    Individual Defendant relinquishes dominion and all legal and equitable right, title, and interest in certain real property owned by Individual Defendant with the street address ▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

████████████████████████████████████████████████ ████████

████████████████████████ ("Pompano Beach Property"). The Receiver has the rights,

powers, and privileges of an equity receiver and is authorized to sell the Pompano Beach

Property. The costs and expenses of the Receiver's sale of the Pompano Beach Property,

including reasonable compensation for the Receiver and personnel retained by the Receiver, will

be paid solely from the proceeds of the Pompano Beach Property. Any proceeds after payment of

outstanding liens, costs of sale, and the Receiver's fees shall be paid to the Commission.

D.      Upon the completion of all payments and transfers specified in Sections B and C

above, the remainder of the judgment is suspended, subject to the Subsections below.

E.      The Commission's agreement to the suspension of part of the judgment is

expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn

financial statements and related documents (collectively, "financial representations") submitted

to the Commission, namely:

1.  the Financial Statement of Individual Defendant Bratislav Rozenfeld
    signed on June 11, 2024;

2.  the Financial Statement of Corporate Defendant TheFBAMachine Inc.
    signed by Bratislav Rozenfeld, its CEO, on June 18, 2024;

3.  the Financial Statement of Corporate Defendant Sales.Support New Jersey
    Inc. signed by Bratislav Rozenfeld, its CEO, on June 18, 2024;

4.  the Financial Statement of Corporate Defendant HHR Deliveries Inc.
    signed by Bratislav Rozenfeld, its CEO, on June 17, 2024;

5.  the Financial Statement of Corporate Defendant Hourly Relief Inc. signed
    by Bratislav Rozenfeld, its CEO, on June 18, 2024;

6. the Financial Statement of Corporate Defendant 3PL Logistic Automation Inc. signed by Bratislav Rozenfeld, its CEO, on June 15, 2024, including the attachments;

7. the Financial Statement of Corporate Defendant FBA Support NJ Corp. signed by Bratislav Rozenfeld, its CEO, on June 18, 2024;

8. the Financial Statement of Corporate Defendant Daily Distro signed by Bratislav Rozenfeld, its CEO, on June 13, 2024;

9. the twenty mortgage billing statements provided to Commission Counsel Frances Kern and Colleen Robbins via email by Mikhail Usher on September 13, 2024;

10. the Declaration of Steven Rozenfeld provided to Commission Counsel Frances Kern and Colleen Robbins via email by Mikhail Usher on September 13, 2024;

11. the Declaration of Steven Rozenfeld provided to Commission Counsel Frances Kern and Colleen Robbins via email by Mikhail Usher on September 17, 2024;

12. the Financial Statement of Individual Defendant Steven Rozenfeld signed on September 25, 2025; and

13. the Court-ordered Deposition of Individual Defendant Steven Rozenfeld held on February 12, 13, and 14.

F.    The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission

in the financial representations identified above.

G.    If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## V. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.    Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.    The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.    Defendants acknowledge that Defendants' Employer Identification Number, Social Security Number, or other Taxpayer Identification Number ("TIN"), including all TINs that Defendants previously provided, may be used by the Commission for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order in accordance with 31 U.S.C. § 7701.

E.    All money received by the Commission pursuant to this Order may be deposited

into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

      F.     The asset freeze authorized by the Corrected Stipulated Preliminary Injunction (Docket No. 53) is modified to permit the payments identified in the Section titled Monetary Judgment. Upon completion of those payments, the asset freeze is dissolved. Defendants must fully cooperate with the Commission and the Receiver as to the asset freeze and the receivership. If requested to execute appropriate documents, such as to liquidate, transfer, or assign any frozen asset, Defendants must execute such documents within 3 days of a written request from a representative of the Commission or the Receiver.

## VI. CUSTOMER INFORMATION

      IT IS FURTHER ORDERED that Defendants; Defendants' officers, agents, employees, and attorneys; and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

      A.     failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in

writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B.       disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, Social Security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the sale of business opportunities; and

C.       failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VII. RECEIVERSHIP TERMINATION

IT IS FURTHER ORDERED that the Receiver must complete all duties within 120 days after entry of this Order, but any party or the Receiver may request that the Court extend that Receiver's term for good cause.

## VIII. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.       Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.       For 20 years after entry of this Order, Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or

controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.      One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.      Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered and the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if they know or should know due to their own involvement); (d) describe in detail whether and

14

how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.      Additionally, Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email, and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services, whether as an employee or otherwise, and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.      Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services, whether as an employee or otherwise, and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet

15

address of the business or entity.

C.      Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. TheFBAMachine, No. X240032.

## X. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, each Corporate Defendant and Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      accounting records showing the revenues from all goods or services sold;

B.      personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position;

dates of service; and (if applicable) the reason for termination;

C.      records of all consumer complaints concerning the subject matter of the Order and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.      all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.      a copy of each unique advertisement or other marketing material.

## XI. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant or Relief Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior

notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

    D.    Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## XII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this **31st** day of _____**JULY**_____, 202**5**.

_____
JULIEN XAVIER NEALS
United States District Judge

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**


_____     Date: _____

Frances L. Kern
Colleen Robbins
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2391; fkern@ftc.gov (Kern)
(202) 326-2548; crobbins@ftc.gov (Robbins)
(202) 326-3395 (Fax)

Attorneys for Plaintiff
Federal Trade Commission


**FOR DEFENDANTS:**

_____     Date: _5/29/202__

Mikhail Usher
Alexander Susi
Usher Law Group
1022 Ave. P
Second Floor
Brooklyn, NY 11223
(718) 484-7510
(719) 865-8566
mushersequ@gmail.com
alexanderesq35@gmail.com

Attorneys for Defendants TheFBAMachine Inc.; Passive
Scaling Inc.; Sales.Support New Jersey Inc.; 1HR Deliveries
Inc.; Hourly Relief Inc.; 3PL Logistic Automation Inc.; FBA
Support NJ Corp.; Daily Distro LLC; Closter Green Corp.,
dba Wraith & Co.; and Bratislav Rozenfeld, aka Steven
Rozenfeld and Steven Rozen

19

**DEFENDANTS:**

_____
Bratislav Rozenfeld, aka Steven Rozenfeld and
Steven Rozen, individually and as an officer or
owner of TheFBAMachine Inc.; Passive Scaling
Inc.; Sales.Support New Jersey Inc.; 1HR
Deliveries Inc.; Hourly Relief Inc.; 3PL Logistic
Automation Inc.; FBASupport NJ Corp.; Daily
Distro LLC; and Closter Green Corp., dba
Wraith & Co.

Date: _____    5/29/2025

SO STIPULATED AND AGREED:

FOR PLAINTIFF:

FEDERAL TRADE COMMISSION

Date: 7/30/25

Miry Kim
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-3622; mkim@ftc.gov
(202) 326-3395 (Fax)

Attorney for Plaintiff
Federal Trade Commission


FOR DEFENDANTS:

Date: _____

Mikhail Usher
Alexander Susi
Usher Law Group
1022 Ave. P
Second Floor
Brooklyn, NY 11223
(718) 484-7510
(719) 865-8566
mushersequ@gmail.com
alexanderesq35@gmail.com

Attorneys for Defendants TheFBAMachine Inc.; Passive
Scaling Inc.; Sales.Support New Jersey Inc.; 1HR Deliveries
Inc.; Hourly Relief Inc.; 3PL Logistic Automation Inc.; FBA
Support NJ Corp.; Daily Distro LLC; Closter Green Corp.,
dba Wraith & Co.; and Bratislav Rozenfeld, aka Steven
Rozenfeld and Steven Rozen