**MS&B** McMANIMON • SCOTLAND • BAUMANN    75 Livingston Avenue, Roseland, NJ 07068 (973) 622-1800

**Michele M. Dudas**
**Direct Dial: (973) 721-5021**
**mdudas@msbnj.com**
29562-001

August 15, 2025

**Via ECF**
Honorable Julien Xavier Neals, U.S.D.J.
United States District Court of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Courtroom 5D
Newark, New Jersey 07102

    Re:    **Federal Trade Commission**
              **v. TheFBAMachine, Inc.,** *et al.*
              **Civil Action No. 24-6635 (JXN)**
              **Response to Text Order Regarding Outstanding Matters**

Dear Judge Neals:

This firm is counsel to Anthony Sodono, III, Esq., the receiver ("Receiver") appointed in the above-captioned litigation filed by the Federal Trade Commission ("FTC") against Defendant Bratislav (Steven) Rozenfeld ("Rozenfeld"), and various entities owned by Rozenfeld (collectively, the "Defendants"). In response to this Court's Text Order issued on August 11, 2025 [ECF 163], please accept this submission as a response to the actions still required to be taken in this matter.

1. **Pompano Beach Property**

On May 30, 2025, Your Honor entered a *Stipulated Order Regarding Pompano Beach Property* ("Stipulated Property Order"). ECF 148. The Stipulated Property Order provides, in part, that Rozenfeld consented to the Receiver's sale of the subject property and would cooperate with those efforts. Specifically, Paragraph 3 of the Stipulated Property Order provides that Defendants would "maintain the [Property] in habitable condition and not take any action, or cause any action to be taken, that would impair its value."

Honorable Julien Xavier Neals, U.S.D.J.
August 15, 2025
Page 2

On June 13, 2025, the Receiver filed his Application to retain Trustee Realty Inc. ("Broker") to market and sell the Property, which was granted by Order entered June 24, 2025. ECF 155. The Broker's commission is fixed at the rate of six (6%) percent of the total sale price.

On July 2, 2025, the Receiver wrote to the Court to advise of the troubling behavior of Rozenfeld regarding the unauthorized continued short-term rental of the Property and harassment of his "manager" and renters at the Property. ECF 157. Rozenfeld's counsel represented the issue was resolved [ECF 158] and in response to the Court's July 7, 2025 Text Order [ECF 159], the Receiver advised further Court intervention would not be necessary based upon this representation. ECF 160.

Unfortunately, when the Broker went to show the Property in late-July 2025, it learned that Rozenfeld caused the gas and electric to be turned off, which was problematic with the Florida heat. The Receiver made demand that the issue be rectified so as to comply with Paragraph 3 of the Stipulated Property Order, but Rozenfeld took no such action.

Despite this issue (which also caused the pool to turn green), after receiving significantly lower offers, on or about August 9, 2025, the Receiver entered into a Contract of Sale for the Property for $1,300,000, which is in the process of being finalized. Due to comparable recent sales and to the condition of the Property (unrelated to issues caused by Rozenfeld by allowing the gas and electric to be turned off and the pool to turn green), including the condition of the roof, the condition of the interior based upon wear and tear for continued short-term rentals, and the like, the Broker opined that the offer was fair and reasonable and a higher offer should *not* be expected.

Honorable Julien Xavier Neals, U.S.D.J.
August 15, 2025
Page 3

Even more of a concern, when the intended purchaser went to the Property with the Broker to conduct his inspections on August 12, 2025, it was discovered that Rozenfeld had sold the entire contents of the Property (which he may have been entitled to do if it was his personal property), but also improperly sold fixtures of the Property, such as cabinets and ceiling fans. It is unclear whether the proposed purchaser will proceed with the sale or at a minimum, seek a substantial credit, but this is clearly another example of a blatant intentional violation of the Stipulated Property Order. The Receiver submits that Rozenfeld should be made to turn over the proceeds equivalent to the replacement value of any fixtures sold. On this basis alone, the Receiver submits that the civil case should not be terminated at this time because it is clear that action may need to be taken to compel Rozenfeld to comply with the Stipulated Property Order (and/or be found in contempt of the Stipulated Property Order).

So as to preserve judicial economy and since the Broker's commission is set a fixed rate (6%), the Receiver respectfully requests that the Broker be paid at closing, without further order of this Court.[1] The Stipulated Property Order also provides that any valid secured claims may be paid from the closing proceeds, as well as customary closing costs and fees incurred by the Receiver in connection with the sale. ECF 148, Paragraph 5.

2. **Global Settlement Between FTC and Rozenfeld**

On July 31, 2025, a Stipulated Order between the FTC and Rozenfeld was entered resolving the majority of the claims in the litigation ("Global Stipulation"). ECF 162. Immediately after entry of the Global Stipulation, the civil case was terminated by the Court.

---

[1] The Broker Order provides for payment of commissions after appropriate application to the Court pursuant to L. Civ. R. 66.1(h) of the Local Civil Rules of the United States District Court for the District of New Jersey.

4905-7755-4271, v. 2

Honorable Julien Xavier Neals, U.S.D.J.
August 15, 2025
Page 4

Upon information and belief, the Global Stipulation did not dispose of the FTC's pending Emergent Application for Contempt ("Application"). ECF 64. The Receiver was not a movant on that issue, but a participant in the proceedings. One of the issues remaining in connection with that Application were the amount of counsel fees incurred by the Receiver in attempting to obtain Rozenfeld's compliance with his obligations and responsibilities to the Receiver under the Temporary Restraining Order [ECF 5] and Stipulated Preliminary Injunction, as corrected. ECF 53. The Receiver does not intend to prosecute the Application,[2] but respectfully requests that separate fees be awarded against Rozenfeld for the time incurred obtaining his compliance with the Receiver's demands.

**3. Receiver's Professionals' Fee Applications**

As retained professionals of this Court, fee applications are required to be filed by the Receiver and his professionals, which the Receiver intended to file after all matters are completed (carving out the time associated with the sale of the Property, and separating the contempt-related fees incurred). The Receiver is prepared to file such Applications for his professionals immediately upon conclusion of the matter, or sooner if so required by the Court.

---

[2] This decision is based upon several factors, including separate contempt-issues of the FTC and the Receiver, the expected significant time and expense, including use of valuable judicial resources, the limited funds on hand in the receivership estate and the anticipated refusal and/or inability of Rozenfeld to pay for any sanctions awarded.

4905-7755-4271, v. 2

Honorable Julien Xavier Neals, U.S.D.J.
August 15, 2025
Page 5

## Conclusion

The Receiver respectfully requests that the civil case remain open until these matters are completed. The Receiver will work diligently to complete any outstanding issues so the case may be closed. We thank the Court for its time and consideration of this matter.

                                Respectfully submitted,

                                /s/ Michele M. Dudas

                                Michele M. Dudas

cc:    Miry Kim, Esq. (via ECF)
        Mikhail Usher, Esq. (via ECF)
        Alexander Susi, Esq. (via ECF)
        Anthony Sodono, III, Esq. (via ECF)
        Sari B. Placona, Esq. (via ECF)